UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

      Plaintiff,

                          Case No. 2:22-cv-10060
                          HON. GERSHWIN A. DRAIN

vs.


SIRENNA LANDFAIR, *et al*.,

      Defendants.

_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#27], GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT [#22], AND OVERRULING PLAINTIFF'S OBJECTION [#28]

## I.    INTRODUCTION

This matter is before the Court on Defendants Sirenna Landfair's, Brian Stricklin's, and the Michigan Department of Corrections' (MDOC) Motion for Summary Judgment. *See* ECF No. 22. The matter was referred to Magistrate Judge Kimberly G. Altman, who issued a Report and Recommendation on August 22, 2022, recommending that the Court grant in part and deny in part Defendants' Motion for Summary Judgment. Plaintiff filed his objection to the Report and Recommendation on September 6, 2022. Defendants have failed to file a

Response to the Plaintiff's objection, and the time for doing so has expired. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d).

For the reasons discussed below, the Court will overrule Plaintiff's objection, accept and adopt Magistrate Judge Altman's Report and Recommendation, and grant in part and deny in part the Defendants' Motion for Summary Judgment.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 636 sets forth the standard of review used by the Court when examining a report and recommendation. The Court, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court has the power to, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The district court may affirm, modify or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Under § 405(g), the courts have limited power regarding the Commissioner's decision, "the findings of the commissioner of social security as to any fact if supported by substantial evidence, shall be conclusive." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McClanahan*

*v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1976).

## III.   ANALYSIS

In her report and recommendation, Magistrate Judge Altman concluded that questions of material fact remain as to whether Plaintiff exhausted his claim against Defendant Landfair by attempting an informal resolution prior to filing his Step I grievance.  Magistrate Judge Altman further found that Defendant Stricklin should be granted summary judgment and dismissed without prejudice because Plaintiff does not allege that he attempted to informally resolve his grievance with Defendant Stricklin.  She also concluded the record is devoid of evidence that Defendant Florek has authorized the assistant attorney general to make arguments on her behalf, thus the assistant attorney general's argument that Defendant Florek should be entitled to summary judgment for the same reasons as the other named individual defendants is not well taken. Finally, Magistrate Judge Altman concluded that failure to exhaust administrative remedies is not a viable defense that may be relied upon by the MDOC.  *See Annabel v. Mich. Dep't of Corr.*, No. 1:18-CV-914, 2020 WL 919700, at *1 (W.D. Mich. Feb. 26, 2020) (concluding the MDOC grievance policy does not require the prisoner to name the MDOC in the grievance).

In his sole objection, Plaintiff asserts the Defendant Alinda Florek is still employed at the MDOC.  He objects to the Assistant Attorney General's claim that Defendant Florek is no longer employed by the MDOC.  Plaintiff's objection fails to address any specific aspect of Magistrate Judge Altman's recommendation, rather Plaintiff's objection is directed at the arguments advanced by the assistant attorney general in his summary judgment motion. Because Plaintiff fails to object to any specific portion of the report and recommendation, his objection will be overruled. *See Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) ("[A] general or non-specific objection to a report and recommendation is tantamount to no objection at all.").

## IV.   CONCLUSION

Accordingly, the Plaintiff's objection [#28] is OVERRULED.  The Court hereby ACCEPTS AND ADOPTS Magistrate Judge Kimberly G. Altman's August 22, 2022 Report and Recommendation [#27], and GRANTS IN PART AND DENIES IN PART Defendants' Motion for Summary Judgment [#22].

Defendant Stricklin is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated:  December 16, 2022                    /s/Gershwin A. Drain
                                             GERSHWIN A. DRAIN
                                             United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 16, 2022, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Deputy Clerk