# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Scott Sedore, #210661

    Plaintiff,

v.

Landfair et al

    Defendants,

Case No.: 2:22-cv-10060
District Judge: Gershwin A. Drain
Magistrate Judge: Anthony P. Patti

---

LAW OFFICES OF GABRIEL VELIZ
Gabriel Veliz (P82368)
*Attorney for Plaintiff*
2663 Airport Pulling Rd. S., Suite D108
Naples, FL 34112
(239) 784-5514
gveliz60@gmail.com

MICHIGAN DEPT. OF ATTORNEY GENERAL
Scott R. Rothermel (P70711)
*Attorney for the MDOC Defendants*
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
rothermels@michigan.gov

CHAPMAN LAW GROUP
Devlin K. Scarber (P64532)
Jeffrey L. Bomber (P85407)
*Attorney for Corizon Health, Inc.
and Victoria Hallet, D.O.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

---

**SUGGESTION OF BANKRUPTCY AND NOTICE OF AUTOMATIC STAY**

    Tehum Care Services, Inc. d/b/a Corizon Health, Inc. ("TCS" or the "Debtor"), the Employer and insurance carrier of the named Corizon Defendants herein, files this Suggestion of Bankruptcy and Notice of Automatic Stay and would respectfully show as follows:

On February 13, 2023 (the "Petition Date"), TCS filed a voluntary petition pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The case is pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, under Case No. 23-90086 (CML) (the "Chapter 11 Case").

As a result of the commencement of the Chapter 11 Case, section 362 of the Bankruptcy Code operates as a stay, applicable to all entities, of (i) commencement or continuation of a judicial, administrative or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the Chapter 11 Case, or to recover a claim against the Debtor that arose before the commencement of the Chapter 11 Case; (ii) the enforcement, against the Debtor or against the property of their bankruptcy estates, of a judgment obtained before the commencement of the Chapter 11 Case; (iii) any act to obtain possession of property of the estate or of property from the estates or to exercise control over property of the Debtor's estate; and (iv) any act to create, perfect, or enforce a lien against property of the Debtors' estate.

The stay set forth in 11 U.S.C. § 362(a) became effective automatically upon the commencement of the Chapter 11 Case. If any party violates the stay, the Debtor may seek to have such actions deemed void, move for sanctions in the Bankruptcy

Court and recover actual damages, including costs and attorneys' fees, arising from the violation of the stay.

                                          Respectfully submitted,
                                          CHAPMAN LAW GROUP

Dated: February 22, 2023         */s/ Devlin Scarber*
                                          Devlin K. Scarber (P64532)
                                          Jeffrey L. Bomber (P85407)
                                          Attorneys for Corizon Defendants
                                          1441 W. Long Lake Rd., Suite 310
                                          Troy, MI 48098
                                          (248) 644-6326
                                          dscarber@chapmanlawgroup.com
                                          jbomber@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on February 22, 2023, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein.

                                          */s/ Devlin Scarber*
                                          Devlin K. Scarber (P64532)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| TEHUM CARE SERVICES, INC.,[1] ) | Case No. 23-90086 (CML) |
| ) | |
| Debtor. ) | |
| ) | |

## ORDER GRANTING COMPLEX CASE TREATMENT

This case was filed on February 13, 2023. A *Notice of Designation as Complex Chapter 11 Bankruptcy Case* was filed. Based on its review of the initial pleadings, the Court concludes that the complex case designation is appropriate. Accordingly, the Court orders:

1. The Procedures for Complex Cases in the Southern District of Texas apply to this case. The procedures are posted on the Court's website. Compliance with the procedures is required.

2. The Debtor must give notice of this Order to all parties in interest within seven days. If a party-in-interest objects to the provisions of this Order, that party may file an appropriate motion within 14 days after service of the Order.

3. The Bankruptcy Local Rules apply to this case, subject to the following modifications:

    a. Bankruptcy Local Rule 1001-1(b) does not apply.
    b. Local District Court Civil Rule 83.1 applies.
    c. Appendix A to the Local Rules of the District Court applies.
    d. If a conflict exists between the Bankruptcy Local Rules and the Procedures for Complex Cases in the Southern District of Texas, the Procedures for Complex Cases in the Southern District of Texas govern.

Signed: February 16, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

4863-5893-1537