UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

        Plaintiff,

v.

SIRENNA LANDFAIR, ALINDA
FLORECK, VICTORIA HALLETTS,
MDOC, and CORIZON HEALTH, INC.,

        Defendants.

_____/

Case No. 2:22-cv-10060
District Judge Gershwin A. Drain
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION
TO DENY WITHOUT PREJUDICE AS PREMATURE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF Nos. 36, 37)**[1]

I.      Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983, Title II of the

Americans with Disabilities Act (ADA), and § 504 of the Rehabilitation Act.

Plaintiff Scott Sedore (Sedore) is suing defendants[2] Sirenna Landfair (Landfair),

_____

[1] ECF Nos. 36 and 37 are identical filings of the motion for summary judgment. Additionally, upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Defendants' names will be spelled as they are in their various filings during the pendency of this case.

1

Alinda Florek (Florek), the Michigan Department of Corrections (MDOC), Corizon Health, Inc. (Corizon),[3] and Victoria Hallet (Hallet),[4] claiming that they retaliated against him after he complained about the healthcare he received while incarcerated. *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 24).

Before the Court is Sedore's motion for summary judgment. (ECF Nos. 36, 37). The MDOC defendants (Florek, Landfair, and the MDOC) have filed a response,[5] (ECF No. 64), and Sedore has filed a reply, (ECF No. 65). Neither Corizon nor Hallet have filed responses because the case is currently stayed as to them. Nonetheless, the undersigned has determined that the motion can be decided based on the briefing currently before the Court. For the reasons set forth below, it is RECOMMENDED that Sedore's motion be DENIED WITHOUT PREJUDICE because it was prematurely filed.

---

[3] Proceedings have been stayed against Corizon due to its active bankruptcy case. (ECF No. 55).

[4] Proceedings against Hallet have been stayed until June 22, 2023, in light of both Corizon's bankruptcy case and the withdrawal of her attorney. (ECF No. 61).

[5] In their response, defendants argue that Sedore's motion is premature and also attempt to address Sedore's substantive arguments based on the evidence currently available to them. Because the motion should be denied as premature, the undersigned declines to address defendants' substantive arguments at this time.

II.    Background

A.    Procedural History

The procedural history relevant to the instant motion was recently

summarized in the Court's April 5, 2023 order.  (ECF No. 63).  In that order, the

Court wrote:

> On December 16, 2022, the district court granted in part and denied in
> part a motion for summary judgment by the MDOC, Landfair, and
> Stricklin, dismissing Stricklin without prejudice, and leaving his claims
> against Landfair and the MDOC.  (ECF No. 34).  In the following
> weeks, Sedore filed a motion for summary judgment, (ECF Nos. 36,
> 37), as well as a motion for the appointment of counsel, (ECF No. 38),
> which was Sedore's third request for counsel in this case.  The Court
> conditionally granted Sedore's motion for the appointment of counsel
> because his case had "survived an initial summary judgment motion"
> and he set forth compelling reasons for the appointment of counsel in
> his motion papers.  (ECF No. 39, PageID.294).
>
> On January 27, 2023, about a month after the Court conditionally
> granted Sedore's motion, attorney Gabriel Veliz (Veliz) was assigned
> as counsel to Sedore.  (ECF No. 50).  A couple of weeks later, the
> undersigned held a telephonic conference with Veliz and defense
> counsel to discuss the scheduling order and Sedore's pending motion
> for summary judgment.  Veliz later chose to withdraw Sedore's motion
> for summary judgment on February 25, 2023.  (ECF No. 54).
>
> On March 7, 2023, Sedore filed the instant motion requesting that the
> Court dismiss Veliz primarily because of his difficulty communicating
> with Veliz about the case.  (ECF No. 56, PageID.353-354).  Sedore also
> asks for (1) the appointment of new counsel, (2) an up-to-date copy of
> the docket, (3) a copy of all papers filed since Veliz was appointed, and
> (4) the reinstatement of his motion for summary judgment.  (*Id*.,
> PageID.355).  On March 29, 2023, Veliz filed a response in which he
> stated that he did not object to Sedore's request for his dismissal.  (ECF
> No. 62).

3

(*Id*., PageID.383-384) (internal footnote omitted).

The April 5, 2023 order granted in part and denied in part Sedore's motion for dismissal of his court appointed attorney. The relevant relief included dismissing Sedore's court appointed attorney, reinstating Sedore's motion for summary judgment, and directing the MDOC defendants to file a response to Sedore's motion for summary judgment by May 5, 2023. (*Id*., PageID.385-386). The MDOC defendants filed their response on May 4, 2023, (ECF No. 64), and Sedore filed a reply on May 11, 2023, (ECF No. 65).

## B.    Overview

In the August 22, 2022 Report and Recommendation on the MDOC defendants' motion for summary judgment on the grounds of exhaustion,[6] the undersigned summarized the facts from the complaint as follows:

> The individual defendants are all health care professionals employed by either the MDOC or Corizon who work at the G. Robert Cotton Correctional Facility (JCF). Landfair is the Health Unit Manager, Stricklin is a nursing supervisor, Florek is a registered nurse, and [Hallet] is a medical doctor.

> Sedore says that he has a long history of grieving medical care received while incarcerated [by] the MDOC and that [d]efendants were "all well aware of [his] past fight to protect [his] 8th Amendment civil rights regarding [his] 'ongoing' 'deliberate indifference' claims. . . ."

---

[6] In the August 22, 2022 Report and Recommendation, it was recommended that Sedore's claims against Stricklin be dismissed for failure to exhaust, but that his claims against Landfair and the MDOC survive. (ECF No. 27). The district court adopted the Report and Recommendation on December 16, 2022. (ECF No. 34).

This lawsuit arises out of an incident that happened on June 16, 2021. On that date, Landfair along with the other named defendants placed Sedore in segregation after they alleged Sedore was harming himself. Sedore says that the injury Landfair observed (a laceration on his heel) was caused when he cut himself on his wheelchair.  When Sedore learned he would be placed in segregation, he begged and pleaded with Landfair to change her mind.

When he was first placed in segregation, [d]efendants failed to ensure that Sedore's assigned "cage" was large enough to accommodate his wheelchair.  Squeezing into the tight space and being confined in his wheelchair "caused [Sedore] debilitating pain."  After several hours in the "cage," Sedore was evaluated by a mental health professional, Dr. Jones, who determined that Sedore could be safely returned to his normal housing unit.

The following day, Sedore spoke to Dr. Jones about the incident.  Dr. Jones told Sedore that placing him in segregation because of a scabbed over scrape on his heel was "ridiculous."  Dr. Jones also told Sedore that his treatment appeared retaliatory.

As a result of being placed in segregation, Sedore missed his law library appointment time.  Landfair was aware Sedore had an appointment when she decided to place him in segregation.  Missing his appointment caused Sedore a week-long delay in his ability to file a lawsuit in district court.

(ECF No. 27, PageID.224-226) (internal record citations omitted).

Defendants have submitted several exhibits with their response, namely affidavits from Landfair and Florek, (ECF Nos. 64-3, 64-4), and Sedore's medical records, (ECF No. 64-4, 422-679).  Given the undersigned's decision to recommend denying Sedore's motion as premature, as will be explained below, these exhibits will not be considered at this time.

5

III.    Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion").  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' "  *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Sedore is *pro se* does not reduce his obligations under Rule 56.  Rather, "liberal treatment of pro se pleadings does not require lenient treatment of

6

substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

## IV.    Discussion

Sedore moves for summary judgment on his claims of retaliation under the First Amendment, deliberate indifference under the Eighth Amendment, and violation of the ADA and/or Rehabilitation Act.  Sedore's motion was filed on December 22, 2022, approximately five days after the district court adopted the August 22, 2022 Report and Recommendation and two days after the undersigned issued an amended scheduling order setting a discovery deadline of June 20, 2023, and a dispositive motion cut-off date of July 21, 2023.

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995); *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) ("[A] motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's . . .

7

affidavit and request or on the court's own initiative without an explicit request from the opposing party."). This principle has been upheld by numerous judges in this district. Defendants cite a couple of these cases in their response. (ECF No. 64, PageID.392-393). For example, in *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011), the court denied without prejudice the defendants' motion for summary judgment when it was filed less than a month after the complaint and before any discovery had taken place.

Moreover, under Federal Rule of Civil Procedure 56(d)(1), a court may deny a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" "To establish the need for discovery material to respond to a summary judgment motion, the non-moving party must do more than make vague allegations or conclusory statements regarding the need for such discovery." *Hayes Lemmerz Int'l, Inc. v. Epilogics Grp.*, No. 03-CV-70181-DT, 2007 WL 2983999, at *1 (E.D. Mich. Oct. 12, 2007) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003)).

Defendants have submitted a declaration satisfying the requirements of Rule 56(d). Exhibit A to defendants' response is the declaration of Scott R. Rothermel (Rothermel), the attorney representing defendants in this matter. (ECF No. 64-2). Rothermel says that no discovery has been conducted and that defendants plan to,

at the very least, depose Sedore. (*Id*., PageID.410-411).

Sedore objects to defendants' suggestion that his motion is premature, arguing that defendants have had sufficient time to conduct discovery. (ECF No. 65, PageID.680). He notes that he filed the complaint on January 11, 2022, and that there have been three scheduling orders entered in this matter. However, as has been explained by the undersigned, the second scheduling order was necessary because "[t]hree defendants filed a joint motion for summary judgment on the basis of exhaustion before the first scheduling order was entered" and "by the time the motion for summary judgment was resolved, the discovery deadline had passed, and the dispositive motion cut-off date was less than two weeks away." (ECF No. 43, PageID.309).

The third scheduling order was entered because the matter was stayed for 60 days to give the Court time to find Sedore an attorney after his motion for the appointment of counsel was conditionally granted. *See* ECF No. 39. Thus, any delay has been unavoidable. While the Court understands Sedore's concerns, Rothermel's declaration provides "specified reasons" explaining why defendants are currently unable to fully address the merits of Sedore's motion for summary judgment before the close of discovery. Therefore, it is recommended that Sedore's motion be denied as premature. Sedore can file a renewed motion for summary judgment after the close of discovery if he chooses.

9

## V.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that the

Sedore's motion for summary judgment, (ECF Nos. 36, 37), be DENIED

WITHOUT PREJUDICE as premature.

Dated: May 23, 2023                      s/Kimberly G. Altman
Detroit, Michigan                        KIMBERLY G. ALTMAN
                                         United States Magistrate Judge


## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and

Recommendation.  Any objections must be filed within 14 days of service, as

provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

Failure to file specific objections constitutes a waiver of any further right of

appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc.  If the court determines that any objections are without

merit, it may rule without awaiting the response.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 23, 2023.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager

11