UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

    Plaintiff,

v.

SIRENNA LANDFAIR, ALINDA
FLORECK, VICTORIA HALLETTS,
MDOC, and CORIZON HEALTH INC.,

    Defendants.
_____/

Case No. 2:22-cv-10060
District Judge Gershwin A. Drain
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION
TO GRANT PLAINTIFF'S MOTION TO
DISMISS CORIZON HEALTH INC. (ECF No. 67)**[1]

**I.**

This is a prisoner civil rights case under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), and § 504 of the Rehabilitation Act. Plaintiff Scott Sedore (Sedore) is suing defendants[2] Sirenna Landfair (Landfair), Alinda Florek (Florek), the Michigan Department of Corrections (MDOC),

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

[2] Defendants' names will be spelled as they are in their various filings during the pendency of this case.

1

Corizon Health Inc. (Corizon), and Victoria Hallet (Hallet), claiming that they retaliated against him after he complained about the healthcare he received while incarcerated. *See* ECF No. 1. During the relevant period, Landfair and Florek were MDOC employees and Hallet was a Corizon employee. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 24).

Before the Court is Sedore's motion to dismiss Corizon. (ECF No. 67). Proceedings were stayed as to Corizon on March 6, 2023, after Corizon informed the Court that it had filed a petition for bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Southern District of Texas (Case No. 23-90086 (CML)). (ECF No. 55). For the reasons stated below, the undersigned RECOMMENDS that Sedore's motion be GRANTED and that Corizon be DISMISSED as a defendant.

## II.

In his motion, Sedore asks to voluntarily dismiss Corizon as a defendant in this case. "A party's decision to withdraw a claim renders it moot." *Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (citing *Webster v. Reproductive Health Serv.*, 492 U.S. 490, 512 (1989)). Thus, Sedore has rendered his claims against Corizon moot.

Even though there is currently an automatic stay in place as to Corizon due

to its ongoing bankruptcy proceedings, the Court can nonetheless dismiss Corizon as a defendant under Federal Rule of Civil Procedure 41(a)(2).[3] The Eighth Circuit has explained that "[t]he bankruptcy court does not have the power to preclude another court from dismissing a case on its docket or to affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay." *Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988). The Ninth Circuit, agreeing with the Eighth Circuit's approach, has explained that dismissal of an action against a debtor is permissible so long as the dismissal is "consistent with the purpose of the statute." *Indep. Union of Flight Attendants*, 966 F.2d at 459; *see also Zelaskowski v. Johns–Manville Corp.*, 578 F. Supp. 11, 17 (D.N.J. 1983) (determining that dismissal of debtor-defendant permitted where dismissal "will not contravene the purpose of the stay provision").

The purpose of the statutorily mandated automatic stay is to protect both debtors and creditors while the bankruptcy court considers a debtor's bankruptcy petition. *See Indep. Union of Flight Attendants*, 966 F.2d at 459; *see also Fidelity Mortg. Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 55 (2nd Cir. 1976) (explaining that the automatic stay "is designed to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated

---

[3] Fed. R. Civ. P. 41(a)(2) provides, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

proceedings in different courts"). Keeping Corizon as a defendant in this case when Sedore asks to dismiss it does not serve the purpose of the statute. As such, Corizon can be dismissed as a defendant without violating the automatic stay.

### III.

For the reasons stated above, the undersigned RECOMMENDS that Sedore's motion to dismiss Corizon, (ECF No. 67), be GRANTED. Accordingly, Corizon should be DISMISSED as a defendant.

Finally, if the district court adopts the undersigned's May 23, 2023 Report and Recommendation, (ECF No. 66), recommending that Sedore's motion for summary judgment be denied without prejudice, the undersigned will issue a scheduling order at that time for the remaining defendants: Landfair, Florek, Hallet, and the MDOC.

Dated: June 27, 2023  　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan  　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

4

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 27, 2023.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager
