UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

                                                        CASE NO. 2:22-cv-10060
                Plaintiff,        HON. GERSHWIN A. DRAIN

v.


SIRENNA LANDFAIR, *et al.*,

        Defendants.

_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#110], AND DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF [#103, 106]

**I. INTRODUCTION**

Presently before the Court is Magistrate Judge Kimberly G. Altman's March 27, 2024 Report and Recommendation recommending that the Court deny Plaintiff Scott Sedore's Motions for Injunctive Relief. On April 5, 2024, Plaintiff filed an Objection to the Magistrate Judge's Report and Recommendation, and the Defendants filed their Response to his Objection on April 11, 2024. In his objection, Plaintiff complains that the Magistrate Judge should have granted him injunctive relief by reinstating prisoner Khalil Chahine as Plaintiff's long term aide.

1

## II. ANALYSIS

### A. Standard of Review

Title 28 U.S.C. § 636 sets forth the standard of review used by the Court when examining a report and recommendation. The Court, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court has the power to, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### B. Objection

Plaintiff objects to the Magistrate Judge's failure to reinstate Plaintiff's long-term aide who assisted Plaintiff due to Plaintiff's chronic medical conditions. Contrary to Plaintiff's objection, the Magistrate Judge reached the correct conclusion, namely that none of the preliminary injunction factors weigh in favor of granting an injunction.[1] The MDOC has come forward with evidence demonstrating that the decision to remove Chahine was in order to make room for an influx of prisoners who needed to be housed in Level II cells. The MDOC also

---

[1] Plaintiff is also not entitled to relief because his motions rest on factual allegations that are not present in the underlying complaint. As such, Plaintiff "cannot seek an injunction because there is no claim upon which to base injunctive relief." *Smith v. Thompson*, 638 F. Supp.2d 754, 756 (E.D. Ky. 2009). "Put simply, the Court cannot grant relief, such as an injunction, until a [pleading] is filed which asserts a substantive claim that supports the relief he seeks." *Id.* at 756-57. Plaintiff's Motions for Injunctive Relief can be denied on this basis alone.

2

provided evidence that Plaintiff has been assigned a new aide. Thus, Plaintiff cannot demonstrate a likelihood of success on the merits of his retaliation argument because he cannot show causation. *See Coleman v. Mohlman*, No. 2:19-cv-13494, 2020 WL 5648352, at *6 (E.D. Mich. Aug. 24, 2020)("[T]o prove causation, it is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured[,]" rather "[t]he retaliatory motive must be a 'but-for' cause to the adverse action."). Additionally, the Magistrate Judge did not err in finding that because the MDOC has assigned a new aide to Plaintiff, he cannot show irreparable harm. Moreover, the Magistrate Judge correctly held that the other interests that must be considered in determining whether to grant injunctive relief do no support Plaintiff's position. *See Theriot v. Woods*, No. 2:18-CV-92, 2019 WL 409507, at *11 (W.D. Mich. Feb. 1, 2019)("The public welfare therefore militates against the issuance of extraordinary relief [of injunctive action] in the prison context, absent a sufficient showing of a violation of constitutional rights."

In Plaintiff's objection, he provides no legal authority that permits this Court to intervene and order the MDOC to reassign Chahine as Plaintiff's aide. Nothing Plaintiff presents in his objection reveal any errors in the Magistrate Judge's recommendation to deny his multiple requests for an injunction. As correctly found by the Magistrate Judge, "the need to open up Level II beds for incoming Level II prisoners is precisely the kind of decision on which federal courts defer to

3

the expertise of prison officials." (ECF No. 110, PageID.1416.) When a decision is a custody issue, the courts "must be 'especially deferential to prison authorities' in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Rhodes v. Chapman*, 452 U.S. 337, 361-62 (1981) (citations omitted). Here, the Magistrate Judge did not err in concluding that none of the injunctive relief factors favor granting Plaintiff's requests for an injunction. Plaintiff's objection is overruled.

## III. CONCLUSION

Accordingly, the Court hereby ACCEPTS AND ADOPTS Magistrate Judge Kimberly G. Altman's Report and Recommendation [#110] and DENIES Plaintiff's Motions for Injunctive Relief [#103, #106]. Plaintiff's objection [#111] is OVERRULED.

SO ORDERED.

Dated: April 24, 2024  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 24, 2024, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

4