UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

        Plaintiff,

v.

        Case No.: 22-cv-10060
        Hon. Gershwin A. Drain

SIRENNA LANDFAIR,
ALINDA FLORECK,
VICTORIA HALLETTS, and
MDOC,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL [#114], GRANTING PLAINTIFF'S MOTIONS TO ISSUE SCHEDULING ORDER [#115, #116], GRANTING PLAINTIFF'S MOTIONS FOR CLARIFICATION [#118, #119], AND FINDING PLAINTIFF'S MOTION TO COMPEL RESPONSE FROM U.S. DISTRICT COURT [#121] MOOT**

**I.    INTRODUCTION**

Plaintiff Scott Sedore filed this prisoner civil rights case under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), and § 504 of the Rehabilitation Act. The Court referred all pretrial proceedings to Magistrate Judge Kimberly G. Altman on July 15, 2022. ECF No. 24. Following dispositive motion practice, Plaintiff's First Amendment retaliation claims against Defendants Sirenna Landfair and Alinda Florek and his ADA and Rehabilitation Act claims against the

MDOC survived and these claims are ready for trial. Additionally, neither Plaintiff nor Defendant Victoria Halletts filed any dispositive motions, thus Plaintiff's First Amendment retaliation claim against Defendant Halletts is also ready for trial. On May 16, 2024, Magistrate Judge Altman certified that all pretrial proceedings have been completed. ECF No. 117.

Presently before the Court are various motions filed by Plaintiff. Specifically, Plaintiff filed a Renewed Motion for the Appointment of Counsel, two identical Motions to Issue Scheduling Order for Pre-Trial Matters, two identical Motions for Clarification, and a Motion to Compel a Response from the Honorable U.S. District Court.

## II. LAW & ANALYSIS

### A. Motion for the Appointment of Counsel

Plaintiff has renewed his Motion for the Appointment of Counsel. On January 3, 2023, Magistrate Judge Altman conditionally granted Plaintiff's Third Motion for the Appointment of Counsel because Plaintiff had survived an initial summary judgment motion. ECF No. 39, PageID.294. However, on April 5, 2023, Magistrate Judge Altman granted in part and denied in part Plaintiff's Motion for the Dismissal of Court Appointed Attorney. ECF No. 63. Magistrate Altman dismissed pro bono counsel due to Plaintiff's difficulty communicating with his appointed counsel about this case. *Id.*, PageID.384. However, Magistrate Judge

Altman denied Plaintiff's request for the appointment of new counsel. *Id.*, PageID.385.

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Levado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

Here, the Court finds that appointment of counsel at this stage of the proceedings is warranted in light of the fact Plaintiff has survived multiple rounds of dispositive motion practice, and his First Amendment, ADA and Rehabilitation Act claims have survived as to some of the Defendants. This case is ready to proceed to trial. Accordingly, the Court will refer this matter to the Court's pro bono program for the appointment of counsel. However, if counsel cannot be obtained, Plaintiff will be required to proceed pro se.

### B. Motion to Issue Scheduling Order for Pre-Trial Matters

In his next motion, Plaintiff requests that the Court either issue a Case Management Order, or schedule a scheduling conference. In light of the fact this matter is ready to proceed to trial, the Court will issue the following dates that shall govern in this matter:

Motions in Limine due: March 4, 2025

3

Final Pretrial Order due:  March 4, 2025

Final Pretrial Conference:  March 12, 2025 at 2:00 p.m.

Trial:  March 18, 2025 at 9:00 a.m.

### C.  Motion for Clarification

Plaintiff seeks clarification concerning Magistrate Judge Altman's May 16, 2024 Certification that all pretrial proceedings have been completed.  Specifically, Plaintiff relies on the Magistrate Judge's finding that his First Amendment claim against Defendant Halletts remains and is ready for trial.  Plaintiff asserts that he also alleged ADA and Rehabilitation Act claims against Defendant Halletts in her individual and official capacities.

As Magistrate Judge Altman accurately concluded in a previous decision, a plaintiff "may not maintain an action under the ADA against individual defendants in their individual capacities." ECF No. 95, PageID.1168 (quoting *Sebestyen v. Gardner*, 2:17-cv-550, 2021 WL 1909696, at *3 (S.D. Ohio May 12, 2021), *report and recommendation adopted*, 2021 WL 2562240 (S.D. Ohio Jun. 23, 2021)).  Magistrate Altman also correctly held that a plaintiff may not maintain a Rehabilitation Act claim against a defendant in his or her individual capacity.  ECF No. 95, PageID.1168 (citing *Middlebrooks v. Helton*, No. 3:23-cv-00054, 2023 WL 4002470, at *10 (M.D. Tenn. Jun. 14, 2023)); *see also Carter v. Washington*, No. 23-1760, 2024 U.S. App. LEXIS 15333, at *15 (6th Cir. Jun. 24, 2024)

4

("[C]laims under Title II of the ADA and the Rehabilitation Act cannot be brought against public officials acting in their individual capacities).

Thus, Plaintiff's claim against Defendant Halletts is really a claim against her employer, Corizon Health, Inc., a private contractor which provides healthcare services for Michigan's prison population. While the Sixth Circuit Court of Appeals has never addressed whether, as a private contractor, Corizon Health is subject to claims under Title II of the ADA and the Rehabilitation Act, *see Carter*, 2024 U.S. App. LEXIS 15333, at *15 n.2, courts in this district and in other circuits have concluded that private contractors are not public entities under the ADA simply because they contract with a government entity to provide services. *See Cox v. Jackson*, 579 F.Supp.2d 831, 852 (E.D. Mich. 2008) ("[a] private contractor does not become a public entity under Title II merely b[y] contracting with a governmental entity to provide governmental services.") (internal quotation marks omitted); *Juide v. Mich. Dep't of Corr.*, No. 2:16-cv-13806, 2017 U.S. Dist. LEXIS 147363, at *9 (E.D. Mich. May 31, 2017) (dismissing ADA claim against wheelchair lift contractor in prisoner civil rights action); *Burley v. Prairie*, No. 2:22-cv-10748, 2023 U.S. Dist. LEXIS 133418, at *7-8 (E.D. Mich. Apr. 18, 2023)("Wellpath is not governed by the ADA because it is not a public entity and "did not become [one] by contracting with the State government to provide health services to prison inmates.");*Matthews v. Penn. Dep't of Corr.*, 613 F. App'x 163,

5

170 (3d Cir. 2015) ("we agree with the Court of Appeals for the Eleventh Circuit that 'a private corporation is not a public entity merely because it contracts with a public entity to provide some service.'") (quoting *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010)). .

Courts have also concluded that private contractors which do not receive federal funding, such as Corizon, are not subject to suit under the Rehabilitation Act. *See Watson v. Michigan*, No. 18-cv-10518, 2018 U.S. Dist. LEXIS 80575, at (E.D. Mich. May 14, 2018) (concluding that "[b]ecause there is no evidence to conclude that Corizon is a recipient of federal funds the [RA] claim alleged against it is dismissed as a matter of law.") (internal quotation marks and citation omitted); *Matthews*, 613 F. App'x at 170 (finding Corizon Health is not subject to suit under the Rehabilitation Act).

Accordingly, for all of these reasons, Magistrate Judge Altman correctly found that Plaintiff's sole claim against Defendant Halletts is his First Amendment retaliation claim.

### D. Motion to Compel Response from the U.S. District Court

In his final motion, Plaintiff asks that the court issue rulings on his pending motions, as well as requests the issuance of a scheduling order, including a trial date for the instant matter. Because the Court has resolved all of Plaintiff's

pending motions in this Order, as well as scheduled a trial date in this matter, this motion is moot.

## III. CONCLUSION

Accordingly, Plaintiff's Renewed Motion for the Appointment of Counsel [#114] is GRANTED.

This matter is referred to the Court's pro bono program for the appointment of counsel.

This matter is STAYED for a period of 60 days, while the Court attempts to obtain pro bono counsel for Plaintiff. If pro bono counsel cannot be obtained within 60 days, the stay will be lifted and Plaintiff will proceed pro se.

Plaintiff's identical Motions for Clarification [#118 and #119] are GRANTED.

Plaintiff's identical Motions to Issue Scheduling Order [#115 and #116] is GRANTED.

Motions in Limine due: March 4, 2025

Final Pretrial Order due: March 4, 2025

Final Pretrial Conference: March 12, 2025 at 2:00 p.m.

Trial: March 18, 2025 at 9:00 a.m.

Plaintiff's Motion to Compel Response from the U.S. District Court [#121] is MOOT.

7

SO ORDERED.

Dated: October 17, 2024 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 17, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager