UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE #210661,

       Plaintiff,

v

SIRENNA LANDFAIR, *et al.*,

       Defendants.

NO. 2:22-cv-10060

HON. GERSHWIN A. DRAIN

Joshua S. Goodrich (P83197)
Lighthouse Litigation PLLC
Attorney for Plaintiff
5208 W. Saginaw Hwy.
Lansing, MI  48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

Connor A. McLaughlin (P83229)
Thomas G. Hackney (P81283)
Hackney Odlum & Dardas
Attorneys for Def. Hallett
10850 E. Traverse Hwy., Ste. 4440
Traverse City, MI  49686
(231) 642-5026
cmclaughlin@hodlawyers.com
thackney@hodlawyers.com

O.G. Reasons (P80463)
Assistant Attorneys General
Michigan Dept. of Attorney General
Attorney for Defs. Florek, Landfair
  & MDOC
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

                                              /

## DEFENDANTS' MOTION IN LIMINE REGARDING RULE 609 IMPEACHMENT

MDOC Defendants, Landfair, Florek, and MDOC, by counsel,

move, pursuant to Fed. R. Evid. 609, to introduce evidence of Plaintiff's

felony convictions and crimes involving dishonest acts at the upcoming

March 18, 2025, trial in this matter, as explained in detail in the

accompanying brief.  Concurrence in this motion was sought from

Plaintiff's counsel, where the legal basis of the motion was discussed.

Plaintiff's counsel did not concur in the relief sought.

Respectfully submitted,

*/s/ O.G. Reasons*
O.G. Reasons (P80463)
Assistant Attorney General
Attorney for MDOC Defendants
Michigan Dept. of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
reasonso@michigan.gov

Dated:  March 4, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE #210661,

                            NO. 2:22-cv-10060

     Plaintiff,

v                         HON. GERSHWIN A. DRAIN

SIRENNA LANDFAIR, *et al.*,

     Defendants.

| | |
|---|---|
| Joshua S. Goodrich (P83197) | O.G. Reasons (P80463) |
| Lighthouse Litigation PLLC | Assistant Attorneys General |
| Attorney for Plaintiff | Michigan Dept. of Attorney General |
| 5208 W. Saginaw Hwy. | Attorney for Defs. Florek, Landfair |
| Lansing, MI 48917 |   & MDOC |
| (269) 312-7435 | Corrections Division |
| jsgoodrich@lighthouse-litigation.com | P.O. Box 30217 |
| | Lansing, MI 48909 |
| Connor A. McLaughlin (P83229) | (517) 335-3055 |
| Thomas G. Hackney (P81283) | reasonso@michigan.gov |
| Hackney Odlum & Dardas | |
| Attorneys for Def. Hallett | |
| 10850 E. Traverse Hwy., Ste. 4440 | |
| Traverse City, MI 49686 | |
| (231) 642-5026 | |
| cmclaughlin@hodlawyers.com | |
| thackney@hodlawyers.com | |

                                                                   /

**BRIEF IN SUPPORT OF MDOC DEFENDANTS' MOTION IN
LIMINE REGARDING RULE 609 IMPEACHMENT**

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Credibility will be a central issue in this case at trial, therefore, credibility impeachment evidence is highly probative.  Should Defendants be able to impeach the credibility of Plaintiff with his felony and dishonest act convictions pursuant to Rule 609.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Federal Rule of Evidence 609

## STATEMENT OF FACTS

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Plaintiff Scott Sedore, a prisoner confined with the Michigan Department of Corrections (MDOC).  The individual MDOC Defendants are RN Sirenna Landfair and RN Alinda Florek, who are employed at G. Robert Cotton Correctional Facility (JCF) in Jackson, MI.  Sedore alleges that Defendants retaliated against him in June 2021, by doing a mental health referral because of his grievances. (Compl., ECF No. 1.)  The parties have competing versions of facts, where Defendants deny retaliating against Sedore and where Sedore makes other factual allegations that Defendants deny, including words allegedly spoken by the parties to one another.  The credibility of Sedore and Defendants will be the primary factor in this case.

A jury trial is scheduled to start March 18, 2025.  Sedore intends to testify at trial regarding his allegations against Defendants.  Sedore has several convictions that are either felonies or crimes of dishonesty. Pursuant to Federal Rule of Evidence 609, Defendants intent to impeach Plaintiff with these convictions.

Defendants intend to impeach Plaintiff Sedore with evidence of Eight convictions which either constitute felonies or crimes of dishonest acts.  Those convictions are:

1.  MCL 257.6254: Felony Operating While Intoxicated Causing Death (Date of Conviction: 05/18/2011) (Sentence:15 to 40 years imprisonment) (Sedore is currently serving this sentence)

2.  MCL 257.6254(A): Felony Operating While Intoxicated Causing Serious Injury (Date of Conviction: 05/18/2011) (Sentence:15 to 40 years imprisonment) (Sedore is currently serving this sentence)

3.  MCL 750.356(C): Felony Retail Fraud – First Degree (Date of Conviction: 03/05/1996)

4.  MCL 750.356(C): Felony Retail Fraud – First Degree (Date of Conviction: 02/23/1996)

5.  MCL 750.356(C): Misdemeanor Retail Fraud – Second Degree (Date of Conviction: 02/17/1994)

6.  MCL 750.356(C): Felony Retail Fraud – First Degree (Date of Offense: 05/05/1993)

7.  MCL 750.360: Felony Larceny in a Building (Date of Conviction: 07/25/1990)

8.  MCL 750.174(B): Attempted Felony Embezzlement – Agent or Trustee over $100 (Date of Conviction: 11/05/1987)

## ARGUMENT

In relevant part, Fed. R. Evid. 609 states:

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pursuant to Rule 609, any conviction for a crime punishable by imprisonment for more than one year in which more than 10 years has not passed since the prisoner's release from confinement, "must be admitted" "in a civil case," subject to Rule 403. Rule 609 uses very strict language, clearly indicating the intent of the Rule is that these types of convictions are admitted into evidence. This applies to convictions (1) and (2) above, as Sedore is currently serving his sentence for these convictions. Furthermore, Sedore's claims in this case relate to these convictions. Sedore claims that he is in a wheelchair as a result of the underlying vehicle crash for which he was convicted of Operating While Intoxicated Causing Death. These convictions are intertwined with his claims in this case.

The Sixth Circuit has stated that as to Rule 609 impeachment, the "nature of the crime [is] admissible." *Meirs v. Ottawa Cnty.*, 821 Fed. Appx 445, 465 (6th Cir. 2020). In *Hammond v. Cnty. of Oakland*, No. 17-13051, 2022 WL 3573856

(E.D. Mich. August 19, 2022), another Michigan Eastern District

court recently ruled on a motion in limine in a prisoner civil rights

case where the plaintiff sought to exclude evidence regarding his

criminal convictions.  The convictions the plaintiff sought to

exclude were convictions for criminal sexual conduct and unlawful

imprisonment.  (*Id.*, at *2.)  The plaintiff made the argument that

revealing the nature of the convictions would not be probative of

his credibility and that it would be unfairly prejudicial.  (*Id.*)  The

court denied plaintiff's motion, emphasizing the strict language of

Rule 609 and stating that the convictions were relevant to the

plaintiff's credibility.  (*Id.*)  The court stated that:

> Here, Plaintiff's credibility will undoubtedly be a central
> issue at trial because the jury will be required to weigh
> Plaintiff's claim that Defendant Cadotte ordered Odin to
> bite him once handcuffed, so the fact that Plaintiff has
> amassed serious felony convictions is relevant. *See
> Hammond*, 825 F. App'x at 347. "Rule 609(a)(1) presumes
> that all felonies are at least somewhat probative of a
> witness's propensity to testify truthfully," *United States v.
> Estrada*, 430 F.3d 606, 617 (2d Cir. 2005), and reflects the
> "proposition that one who has transgressed society's norms
> by committing a felony is less likely than most to be
> deterred from lying under oath," *Cummings v. Malone*, 995
> F.2d 817, 826 (8th Cir. 1993). Plaintiff's 2016 felony
> convictions are less than ten years old, so Rule 609(a)(1)
> mandates that the court admit evidence of Plaintiff's 2016
> convictions unless the probative value of this evidence "is

substantially outweighed by a danger of ... unfair prejudice." *See* Fed. R. Evid. 403.

Again, Plaintiff concedes that "the jury can be informed that [he] is serving a prison term for a felony conviction and the date of [the 2016] conviction," but he argues that the jury should not be informed that one of the crimes at issue is criminal sexual conduct. (*See* ECF No. 85, PageID.2085.) The Wright & Miller treatise indicates that, "[m]ost courts and commentators favor limiting admissibility to so-called 'essential facts' of the conviction," which generally "include the number of convictions, *the nature of each underlying crime*, the time and place of each conviction, and the punishment." 28 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Evid.* § 6134 (2d ed.) (emphasis added). However, the treatise also notes that a number of precedents grant the district court discretion, under "Rule 403 balancing," to determine the admissibility of "each detail about the crime." *Id.* The Sixth Circuit has previously indicated that it is "inclined to believe" that Rule 609(a) usually "require[s] admission ... [of] the nature of the crime, the number of counts, and the date of the disposition." *Doe v. Sullivan Cnty., Tenn.*, 956 F.2d 545, 551 (6th Cir. 1992); *see also Meirs v. Ottawa Cnty.*, 821 F. App'x 445, 464 (6th Cir. 2020) (rejecting the proposition "that the precise nature of [the witness's past] crime should have been excluded" under Rule 609(a)(1) and finding that the district court acted within its discretion when it "correctly held that the nature of the crime [criminal sexual conduct] was admissible").

(*Id.*, at 2-3.)

And in another recent Michigan federal civil rights case,

*Smith v. Nevins*, No. 1:21-CV-30, 2023 WL 11885732, at *1 (W.D.

Mich. October 16, 2023), in the same vein the court stated:

11

Even though Plaintiff's felonies—which include first-degree murder, first-degree home invasion, unlawful imprisonment, assault with intent to rob while armed, and first-degree criminal sexual conduct—are not inherently dishonest, Congress "has declared, by enacting Rule 609(a), that [all] prior felony convictions can be used to attack credibility." *Donald v. Wilson*, 847 F.2d 1191, 1197–98 (6th Cir. 1988), *abrogated on other grounds by Green v. Bock Laundry Mach. Co.*, 490 U.S. 504 (1989); *see also Doe v. Sullivan Cnty., Tenn.*, 956 F.2d 545, 551 (6th Cir. 1992) (explaining that the nature of the crime is typically admissible under Rule 609(a)). Because witness credibility, and particularly Plaintiff's credibility, is central to this case, the Court agrees that Defendants should be able to use these convictions in some form to impeach Plaintiff. *See, e.g.*, *Lynch v. Barker*, No. 9:21-cv-895, 2022 WL 17093420, at *2 (N.D.N.Y. Nov. 21, 2022) (admitting under Rule 609 the names and sentences imposed for plaintiff's convictions for murder, criminal possession of a weapon, and gang assault in Eighth Amendment prisoner civil rights case).

*Id.*, at *1. Accordingly, impeachment with convictions (1) and (2) should be allowed.

Convictions 3 through 8 are all crimes involving dishonest acts, with five of the six also being felonies. It has been more than 10 years since Sedore's release from confinement as to these convictions, therefore, Rule 609(b) states that evidence of these convictions is admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; … and the proponent gives an adverse party

12

reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."

Credibility will be a central issue in this case. Therefore, credibility impeachment evidence is highly probative and would substantially outweighs any prejudicial effect in this case. Evidence that Sedore has repeatedly engaged in acts of dishonesty should be admitted as such facts are highly probative into the credibility determinations the jury will have to make, which will be the most important issue in this case. Again, this case will involve *he said/she said* testimony where the jury must decide who is being truthful. As such, Defendants should be able to impeach the credibility of Plaintiff with convictions 3 through 8.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Defendants respectfully request that the Court allow Defendants to impeach Plaintiff with the nature of each of the convictions outlined above.

Respectfully submitted,

*/s/ O.G. Reasons*
O.G. Reasons (P80463)
Assistant Attorney General
Attorney for MDOC Defendants

Mich. Dept. of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
reasonso@michigan.gov

Dated:  March 4, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel

*/s/ O.G. Reasons*
O.G. Reasons (P80463)
Assistant Attorney General
Attorney for MDOC Defendants

14