UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SEDORE, #210661,<br><br>  Plaintiff,<br><br>v.<br><br>Landfair, et al.,<br><br>  Defendant. | Case No. 2:22-CV-10060<br><br>Honorable Gershwin A. Drain<br>United States District Judge |

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

**PLAINTIFF SCOTT SEDORE'S
MOTION IN LIMINE NO. 1
TO EXCLUDE TESTIMONY & EVIDENCE AT TRIAL**

  Pursuant to the Federal Rules of Evidence 104(a), 402, 403, 404, and 609,

Plaintiff, Scott Sedore, moves this Honorable Court to enter an Order in Limine

precluding the Defendant, and his counsel, from referencing and presenting any evidence or testimony regarding:

1. Any dismissed parties and claims; and

2. Mr. Sedore's prior arrests and conviction, which are more than ten years old.

Plaintiff conferred in good faith with Defendants in seeking concurrence for the relief sought in this motion, we spoke via video conference on March 4, 2025, as well as several other evidentiary matters that were agreed upon and resolved. The above issues remain in controversy. Plaintiff relies upon his accompanying Brief in Support of his Motion in Limine to Exclude Testimony and Evidence at Trial.

Dated: March 4, 2025

Respectfully Submitted,

By:/S/Joshua S. Goodrich
Joshua S. Goodrich, J.D., LL.M. (P83197)
LIGHTHOUSE LITIGATION, PLLC
Attorneys for Plaintiff
5208 W. Saginaw Hwy.
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SCOTT SEDORE, #210661,

    Plaintiff,

v.

Landfair, et al.,

    Defendant.

Case No. 2:22-CV-10060

Honorable Gershwin A. Drain
United States District Judge

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

## PLAINTIFF SCOTT SEDORE'S
## MOTION IN LIMINE NO. 1
## TO EXCLUDE TESTIMONY & EVIDENCE AT TRIAL

i

# Table of Contents

## Contents

**Table of Authorities** .................................................................................................................. iii
**Statement of Issues Presented** ................................................................................................... iv
**Introduction** ................................................................................................................................. 1
**Relevant Facts** ............................................................................................................................. 2
**Standard of Review** ..................................................................................................................... 4
**Argument** ..................................................................................................................................... 5
**Conclusion** ................................................................................................................................. 13

# Table of Authorities

**Cases**

Bourgeois v. Strawn, 452 F. Supp. 2d 696 (E.D. Mich. 2006) ................................................. 9, 10
Doe v. Claiborne County, 103 F.3d 495, 515 (6th Cir. 1996) ........................................................ 4
L'Etoile v. New England Finish Systems, Inc., 575 F. Supp. 2d, 340 (D.N.H. 2008) .................. 7
Moore v. Bannon, 2012 U.S. Dist. LEXIS 81740 (W.D. Mich. Jun. 13, 2012) ........................ 6, 7
Sprint/United Management Co. v. Mendelsohn, 552 U.S. 379, 384 (2008) ................................. 5
Sutkiewicz v. Monroe County Sheriff, 110 F.3d 352, 357 (6th Cir. 2007) ................................ 4, 5
United States v. Asher, 910 F.3d 854, 860 (6th Cir. 2018) ............................................................ 4
United States v. Clemis, 11 F.3d 597, 600 (6th Cir. 1993) ............................................................ 9
United States v. Feinman, 930 F.2d 495, 499 (6th Cir. 1991) ....................................................... 5
United States v. Mack, 258 F.3d 548, 552-53 (6th Cir. 2001) ....................................................... 9
United States v. Peatross, 377 F. App'x 477, 480 (6th Cir. 2010) .............................................. 11
United States v. Ramer, 883 F.3rd 659, 669 (6th Cir. 2018) ........................................................ 9
United States v. Thompson, 690 F. App'x 302, 307 (6th Cir. 2017) ............................................. 9

**Statutes**

42 U.S.C. § 1983 ............................................................................................................................ 3

**Rules**

Fed. R. Civ. P. 8(d)(2) ................................................................................................................... 7
Fed. R. Evid. 402 ........................................................................................................................... 4
Fed. R. Evid. 403 ....................................................................................................................... 4, 9
Fed. R. Evid. 404(b)(1) ................................................................................................................. 8
Fed. R. Evid. 404(b)(2) ................................................................................................................. 9

**Constitutional Provisions**

U.S. Const. amd. I ................................................................................................................. 2, 3, 8
U.S. Const. amd. VIII ................................................................................................................... 3

## **Statement of Issues Presented**

Should this Court exclude any and all evidence, testimony, and argument relating to any dismissed parties and claims?

Plaintiff answers:                                                                                  Yes.

Should this Court exclude any and all evidence, testimony, and argument relating to Mr. Sedores's arrests and convictions, which are more than ten years old?

This Court should answer:                                                              Yes.

## Introduction

Plaintiff, Scott Sedore, an inmate with the Michigan Department of Corrections, sent a kite for medical treatment where he was worried about a medically prescribed drug he was taking causing his lower platelet count and might have caused excessive bleeding on small cuts and scrapes. Instead of getting the answer to his question Defendant Dr. Hallett placed grievance information in his medical file which was read by other medical staff. Defendant Landfair used that information as a pretext to place Mr. Sedore in "segregation" claiming that he was engaged in self-harm. Dr. Jones evaluated Mr. Sedore after he was placed in segregation and found that he had no risk of self-harm. The segregation cell/cage was only big enough to fit Mr. Sedore's wheelchair and had his feet pushed up against the cell door, with the wheels pressed up against the bench in the back of the segregation cage. The claim that Mr. Sedore made a statement of self-harm in his kite was false. But Defendant Landfair and Defendant Floreck was nevertheless able to keep Sedore in a segregation cage unable to move for several hours or take care of human bodily functions. In addition, this action caused Mr. Sedore to miss the law library callout which was very limited because of COVID-19. Sedore pleaded and begged Defendants Landfair and Floreck not place him in the segregation cage.

With this action, Sedore seeks to hold the Defendants liable for violating his

1

rights to engage in First Amendment Protected activity without retaliation. For this trial to be fair, the jury must be able to see Sedore in person.

Now, Plaintiff seeks an Order in Limine precluding the Defendants, and their counsel, from referencing and presenting any evidence or testimony regarding:

1. Any dismissed parties and claims;
2. Mr. Sedore's arrest and convictions, which include his most recent conviction of May 18, 2011.

## **Relevant Facts**

Scott Sedore is a prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (*Verified Complaint,* ECF No. 1. PageID.2). On June 16, 2021, Sedore was placed in a segregation cage by Defendant Landfair and Defendant Floreck on claim of self-injurious behavior. (*Id.* at PageID.26). Mr. Sedore was left in the segregation cage for several hours where he "suffered in agonizing pain during this time" (*Id.).* Defendants failed to ensure that Sedore's assigned segregation cage was large enough to accommodate his wheelchair. Squeezing into the tight space and being confined in his wheelchair unable to move.

There was no documented history of self-harm or self-injurious behavior of Mr. Sedore, the fabricated report of self-harm or self-injurious behavior and to cause Mr. Sedore to miss one of the limited timeslots out to the prison's law library, this

2

has the appearance of retaliation. MDOC's mental health providers Dr. Jones spoke with Mr. Sedore and after evaluating that there was no risk of self-harm ordered Mr. Sedore released from the segregation cage. (*Id.*) The following day, Sedore spoke to Dr. Jones about the incident. Dr. Jones told Sedore that placing him in segregation because of a scabbed over scrape on his heel was "ridiculous." Dr. Jones also told Sedore that his treatment appeared retaliatory.

Sedore attempted to resolve the issue with the staff member, he also filed Step I-III grievances and exhausted his administrative remedies. Sedore filed a complaint under 42 U.S.C. § 1983, alleging that Defendants Actions violated his First and Eighth Amendment U.S. Constitution rights, violations of Title II of the Americans with Disabilities Act, Violation of the Rehabilitation Act. (*Verified Complaint*, ECF No. 1, PageID.1)

Defendants have moved for Summary Judgement on the Basis of Exhaustion, ECF 22, PageID.111 which the court granted in part and denied in part ECF 34, PageID.264. Defendants Floreck, Landfair, and MDOC filed Motion for Summary Judgement, ECF 74, PageID.724 The court granted in part the motion for summary judgment. ECF 101, PageID.1202. Subsequently, the court appointed counsel to Represent Sedore. (Order of Assignment of Counsel, ECF 124, PageID.1480).

The Case is set for Trial on March 18, 2025 at 9:00 AM.

3

## Standard of Review

Rule 401and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. See Fed. R. Evid. 402. Evidence is relevant if it has a tendency to make the existence of a material fact more or less probable than it would be without the evidence. See Fed. R. Evid. 401. The key question in determining problems pertaining to relevancy is whether "an item of evidence, when tested by the processes of legal reasoning, possesses the sufficient probative value to justify receiving it in evidence" and the evidence relates to a material fact of the case. Fed. R. Evid. 401 advisory committee's note. If evidence is deemed relevant, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.; United States v. Asher, 910 F.3d 854, 860 (6th Cir. 2018); Sutkiewicz v. Monroe County Sheriff, 110 F.3d 352, 357 (6th Cir. 2007). Undue prejudice is defined as "the undue tendency to suggest a decision based on improper considerations; it does not mean the damage to a defendant's case that results from legitimate probative force of the evidence." Sutkiewicz, 110 F.3d at 360 (quoting Doe v. Claiborne County, 103 F.3d 495, 515 (6th Cir. 1996)).A district court generally has broad discretion in balancing the probative value against prejudicial impact of evidence to exclude evidence already

4

found to be relevant. Sprint/United Management Co. v. Mendelsohn, 552 U.S. 379, 384 (2008); Sutkiewicz, 110 F.3d at 360 (quoting United States v. Feinman, 930 F.2d 495, 499 (6th Cir. 1991)).

## Argument

**1. Any Reference, Testimony, or Evidence Regarding Dismissed Parties or Claims is Not Relevant and Should be Excluded.**

Plaintiff maintains that testimony and evidence of claims and defendants that were dismissed with prejudice, are not relevant to the instant case and would only serve in confusing the jury and wasting time.

Plaintiff anticipates that Defendants will attempt to shift responsibility to the dismissed defendant at trial as part of their defense. Plaintiff takes no issue with Defendant's trial strategy. However, Defendants should be prevented from referring to the "empty chair" at trial. That is, Defendant may argue that any one of the individual dismissed MDOC medical professionals, were once parties in this action but are no longer parties. If Defendants is permitted to argue that those dismissed defendants are no longer in the case, the jury may infer that either: 1) Plaintiff settled "out-of-court" with them and was already compensated; or 2) Plaintiff's claims against the dismissed defendants were meritless warranting dismissal by the Court.

5

Both scenarios are inaccurate and create a risk of unfair prejudice to the Plaintiff. The same is true if Defendants is permitted to argue that Plaintiff pursued certain claims against the defendants that were dismissed by the Court.

Evidence relating to previously dismissed claims and parties has minimal probative value and, if introduced, would create a significant risk of prejudice to Plaintiff and create undue delay in a trial should otherwise take only 2 full days to complete. Even a limiting instruction cannot guarantee jurors would not be confused to allocate blame or fault to a dismissed party not properly on the verdict form.

In Moore v. Bannon, 2012 U.S. Dist. LEXIS 81740 (W.D. Mich. Jun. 13, 2012), the plaintiff sought to exclude evidence of dismissed parties and claims, arguing that they were not relevant and would only serve to confuse the jury. Moore, 2012 U.S. Dist. LEXIS 81740, at *20 . In this police misconduct action, the defendant countered that the evidence was relevant in assessing the plaintiff's credibility, in particular, his bias against police officers since he followed a "kitchen-sink style" approach to litigation, i.e., he sued everybody for everything. Id.

In analyzing rulings from other courts, the Moore Court stated that it was "common practice" to shield the jury from claims and issues dismissed on summary judgment. Id. at *21 (citations omitted). The court explained:

> Stated otherwise, motions in limine should be granted under these circumstances because such evidence has little to do with establishing credibility, and is of little probative value, but

6

> instead "carries significant risk of undue delay and waste of time . . ." that would fall under exclusion evidence in Rule 403.

Id. at *21-22 (quoting L'Etoile v. New England Finish Systems, Inc., 575 F. Supp. 2d, 340 (D.N.H. 2008)). The Moore Court concluded:

> That some claims and a defendant were dismissed pursuant to a motion for summary judgment is a normal occurrence that can be shielded from the jury. Plaintiff's filing of multiple or alternative claims that were dismissed as a matter of law does not speak to his credibility, but instead is a manifestation of proper pleading procedures discussed by Rule 8(d)(2). Regardless of whether the evidence is relevant, the evidence is excludable under Rule 403.

Id. (Citations omitted).

Like Moore, Plaintiff filed his complaint in good faith, in accordance with Fed. R. Civ. P. 8(d)(2), alleging multiple claims. After Plaintiff's best efforts putting forth vigorous discovery and motion practice, parties were dismissed as a matter of law by the Court. There is no probative value in admitting evidence of these dismissed claims and parties. The evidence will only serve to confuse the jury, unnecessarily prolong the trial, and cause the certain risk of severe prejudice to the Plaintiff. Accordingly, evidence relating to previously dismissed parties and claims should be excluded at trial.

**2. Any Reference, Testimony or Evidence of Mr. Sedore's Prior Arrest**

7

## and Conviction is Not Relevant and Should be Excluded.

This case is about events that took place while Defendant was in prison custody in 2021 – a decade after his conviction that led to his imprisonment. Evidence of Mr. Sedore's convictions have zero probative value as to the claims he asserts regarding his imprisonment. Defendant may attempt to introduce evidence of Mr. Sedore's arrest and convictions, including the conviction that lead to his imprisonment, Felony Operating While Intoxicated Causing Death, Felony Operating While Intoxicated Causing Serious Injury.

Mr. Sedore is in prison. This fact is not in controversy. He had a been attempting exercise his protected rights under the First Amendment to the U.S. Constitution to advocate for his own medical treatment. But Mr. Sedore's arrests and convictions only serve to inflame the jury and could lead it to decide the case on impermissible grounds. Record regarding his arrest/conviction. These records have no probative value. That is, this arrest and conviction from over ten years ago, will make no fact in controversy any more or any less probable.

Federal Rule of Evidence 404(b) prohibits the admission of evidence of a crime or wrong to prove "a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b)(1). However, because these convictions are more than ten years old, they can only be admitted if their "probative value, supported by specific facts and

8

circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

The exception to the exclusion of prior crimes or bad acts does not apply here. Pursuant to Rule 404(b), "a court may admit evidence of a defendant's 'other' or 'similar' bad acts or crimes only if the evidence is probative of a relevant fact, and not to show the defendant's 'character' or 'propensity' to commit bad acts." United States v. Mack, 258 F.3d 548, 552-53 (6th Cir. 2001) (quoting United States v. Clemis, 11 F.3d 597, 600 (6th Cir. 1993)). Relevant facts include "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "To admit evidence under Rule 404(b), the trial court must follow three steps: (1) make a preliminary determination that enough evidence exists that the prior act actually occurred; (2) determine whether the other acts evidence is being offered for a proper purpose under Rule 404(b); and (3) determine whether the other acts evidence is more prejudicial than probative under Federal Rule of Evidence 403." United States v. Thompson, 690 F. App'x 302, 307 (6th Cir. 2017). Rule 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. United States v. Ramer, 883 F.3rd 659, 669 (6th Cir. 2018).

In Bourgeois v. Strawn, 452 F. Supp. 2d 696 (E.D. Mich. 2006), the plaintiff

9

sought to exclude evidence of 8 prior felony convictions and 6 misdemeanors in a police misconduct action based upon excessive use of force. The crimes included larcenies, breaking and entering, driving while intoxicated, and possession of marijuana. Id. at 713. In ruling on the plaintiff's motion in limine:

> The Court finds no basis for the admission of such evidence other than for impeachment. The defendant has not suggested that the evidence is relevant for any other purpose. Certainly the evidence would tend to prove that the plaintiff had a general bad character, but that is not a proper purpose for the evidence. See Fed. R. Evid. 404(a). Rule 609 allows prior convictions to be used to impeach a testifying witness, including a trial witness in a civil case. However, that rule limits the convictions to felonies and misdemeanors that include an element of dishonesty or false statement. See Fed. R. Evid. 609(a)(2). None of the crimes fall into the latter category. Therefore, the misdemeanor convictions are not admissible for any proper purpose, and the felonies are admissible if the Court determines that their probative value substantially outweighs their unfairly prejudicial effect. See Fed. R. Evid. 609(a)(1); 403.

Id. (Emphasis added).

Because Mr. Sedore's conviction is a conviction that is older than 10 years, it should not be used for any purpose during trial. Nonetheless, Defendant has the burden of proof to demonstrate a proper purpose for its admission. Then, Defendant must further demonstrate that the probative value of this evidence, i.e., having a tendency to make a fact in controversy more probable or less probable, is substantially outweighed by its unfair prejudicial effect. Defendants cannot satisfy their burden.

10

The Sixth Circuit affirmed that prior convictions older than ten years require a heightened standard for admissibility, with the burden on the proponent to show that the evidence is significantly probative, United States v. Peatross, 377 F. App'x 477, 480 (6th Cir. 2010). The Sixth Circuit stated conviction over 10 years old should "very rarely and only in exceptional circumstances."[internal cite removed]" (Id.)

The Court went on provide direction to district courts on how to handle case where prior convictions are over ten years old.

> "Before admitting evidence of convictions more than ten years old, a court should conduct a hearing on the matter. [internal cite removed] When making its decision, the court should consider (1) the impeachment value of the prior crime, (2) the point in time of the conviction and the witness's subsequent history, (3) the similarity between the earlier crime and the charged offense, (4) the importance of the defendants' testimony, and (5) the centrality of the credibility issue. "

Id. Here there is no question that most of all the convictions are almost 30 years old, this is 3 times over the 10 year mark under 609.

Mr. Sedore's Convictions see Exhibit 1, Michigan IChat

| Date of | Crime | MCL Code | F/M |
|---------|-------|----------|-----|

11

| Conviction | | Section | |
|---|---|---|---|
| 11/05/1987 | Attempt Felony Embezzlement-Agent or Trust over $100 | 750.174(b) | Felony |
| 11/30/1987 | Operating Lic. Suspended-Revoked | 257.9043 | Misdemeanor |
| 07/25/1990 | Larceny In a Building | 750.360 | Felony |
| 05/05/1993 | Retail Fraud-First Degree | 750.356(C) | Felony |
| 02/17/1994 | Retail Fraud-First Degree | 750.356(C) | Felony |
| 03/16/1989 | Controlled Substance-Possess | 333.74032(a)(5) | Felony |
| 03/29/1996 | Operating While Intoxicated | 257.6251(A) | Misdemeanor |
| 02/26/1996 | Operating While Intoxicated | 257.6251(A) | Misdemeanor |
| 03/05/1996 | Retail Fraud-First Degree | 750.356(C) | Felony |
| 02/23/1996 | Retail Fraud – Second Degree | 750.356(D) | Misdemeanor |
| 11/06/1997 | Operating While Intoxicated | 257.6251(A) | Misdemeanor |
| 04/14/2011 | Operating While Intoxicated Causing Serious Injury | 257.6255A | Felony |
| 04/14/2011 | Operating While Intoxicated Causing Death | 257.6254 | Felony |

Here, Mr. Sedore's arrests or convictions—and certainly the Felony Operating While Intoxicated Causing Death, Felony Operating While Intoxicated Causing Serious Injury[1] conviction—are "similar" enough to the facts at issue in this case or close enough in time to have any probative value to the issues at stake in this litigation. Mr. Sedore's convictions have unfair and undue negative implications on his character–implications that he cannot defend and implications that have the potential to enrage a jury.

If we look at Mr. Sedore's Criminal History are all over 10 years old.  The

---

[1] This offense does not involve "some element of active misrepresentation" so as to render it admissible under the crimes of dishonesty exception of Rule 609(a).

12

crimes that have "some element of active misrepresentation" are almost 30 years old, with his last conviction being in 1997.

Defendants cannot meet his burden of demonstrating a proper purpose for the admission of Mr. Sedore's arrests and convictions that is substantially outweighed by the risk of unfair prejudice, and therefore, the evidence should be excluded.

## Conclusion

Plaintiff, respectfully request this Honorable Court to enter an Order in Limine precluding the Defendants, and his counsel, from referencing any presenting any evidence or testimony regarding:

1. Any dismissed parties and claims; and
2. Mr. Sedore's prior arrest and convictions.

Dated: March 4, 2025　　　　　　　　　LIGHTHOUSE LITIGATION, PLLC

　　　　　　　　　　　　　　　　　　By:/S/Joshua S. Goodrich
　　　　　　　　　　　　　　　　　　Joshua S. Goodrich, J.D., LL.M. (P83197)
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　5208 W. Saginaw Hwy.
　　　　　　　　　　　　　　　　　　Lansing, MI 48917
　　　　　　　　　　　　　　　　　　(269) 312-7435
　　　　　　　　　　　　　　　　　　jsgoodrich@lighthouse-litigation.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 4, 2025, I filed this instant motion, electronically filed the

13

14

above and foregoing Plaintiff, Sedore's Motion in Limine to Allow Sedore's Appearance in Civilian Clothing and Without Visible Restraints and Brief in Support with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

By:/s/Joshua S. Goodrich
Joshua S. Goodrich, J.D., LL.M. (P83197)