# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SEDORE, #210661,<br><br>    Plaintiff,<br><br>v.<br><br>Landfair, et al.,<br><br>    Defendant. | Case No. 2:22-CV-10060<br><br>Honorable Gershwin A. Drain<br>United States District Judge |

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

# PLAINTIFF SCOTT SEDORE'S
# MOTION FOR IN LIMINE TO ALLOW SEDORE'S APPERANCE IN CIVILIAN CLOTHIGN AND WITHOUT VISIBLE RESTRAINTS

Plaintiff, Scott Sedore, moves this Honorable Court for entry of an Order

1. Allowing him to appear at trial in civilian clothing (rather than prison garb)

2. Allowing him to appear without visible shackles.

This relief is necessary to avoid prejudicing the jury. In support of this motion, Sedore relies on the attached brief.

Sedore sought Defendants concurrence in this motion on March 4, 2025 by video conference. See L.R. 7.1. There was no objection to allowing Plaintiff to wear civilian clothing. However, Defendants stated they could not provide concurrence on restraints as that is a matter for the court and court security.

|  |  |
|---|---|
| Dated: March 4, 2025 | LIGHTHOUSE LITIGATION, PLLC |
|  | By:/S/Joshua S. Goodrich |
|  | Joshua S. Goodrich, J.D., LL.M. (P83197) |
|  | Attorneys for Plaintiff |
|  | 5208 W. Saginaw Hwy. |
|  | Lansing, MI 48917 |
|  | (269) 312-7435 |
|  | jsgoodrich@lighthouse-litigation.com |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SEDORE, #210661,<br><br>    Plaintiff,<br><br>v.<br><br>Landfair, et al.,<br><br>    Defendant. | Case No. 2:22-CV-10060<br><br>Honorable Gershwin A. Drain<br>United States District Judge |

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

**BRIEF IN SUPPORT OF PLAINTIFF SCOTT SEDORE'S MOTION FOR IN LIMINE TO ALLOW SEDORE'S APPERANCE IN CIVILIAN CLOTHIGN AND WITHOUT VISIBLE RESTRAINTS**

i

## Table of Contents

Contents
**Table of Authorities** .................................................................................................................. iii
**Statement of Issues Presented** ................................................................................................... iv
**Introduction** ................................................................................................................................. 1
**Relevant Facts** ............................................................................................................................. 2
**Standard of Review** .................................................................................................................... 4
**Argument** .................................................................................................................................... 4
**Conclusion** ................................................................................................................................... 8

## Table of Authorities

**Cases**

CBS Inc. v. Young, 522 F.2d 234, 241 (6th Cir. 1975)..............................................5
Dietz v Bouldin, 579 U.S. 40 (2016) ........................................................................4
Ealy v. Berghuis, 2019 WL 3067975, *7 (E.D. Mich. 2019)....................................4
Estelle v. Williams, 425 U.S. 501 (1976) .................................................................4
Hill v. Spiegel, Inc., 708 F.3d 233 (6th Cir. 1983).....................................................4
Link v. Wabash R. Co, 370 U.S. 626 630-631(1962) ...............................................4
Maus v Baker, 747 F.3d 926 (7th Cir. 2014)............................................... 2, 5, 6, 7
Ruimveld v. Brikett, 404 F.3d 1006, 1017 (6th Cir. 2005) .......................................6

**Statutes**

42 U.S.C. § 1983................................................................................................ 3, 4, 5

**Constitutional Provisions**

Eighth .......................................................................................................................3
First Amendment...................................................................................................2, 3

## **Statement of Issues Presented**

The plaintiff is a prisoner with the Michigan Department of Corrections who asserts that the defendant violated his constitutional rights. The jury may adopt a distorted view of the facts if they are constantly reminded that the plaintiff is incarcerated, and the defendant is a guard. Should the Court order that the plaintiff can appear in civilian clothing and with no visible shackles?

Plaintiff answers:                                                           Yes.

Defendant MDOC has indicated that he views this issue as a security matter for the Court's discretion.

This Court should answer:                                            Yes.

## Introduction

Plaintiff, Scott Sedore, an inmate with the Michigan Department of Corrections, sent a kite for medical treatment where he was worried about a medically prescribed drug he was taking causing his lower platelet count and might have caused excessive bleeding on small cuts and scrapes. Instead of getting the answer to his question Defendant Dr. Hallett placed grievance information in his medical file which was read by other medical staff. Defendant Landfair used that information as a pretext to place Mr. Sedore in "segregation" claiming that he was engaged in self-harm. Dr. Jones evaluated Mr. Sedore after he was placed in segregation and found that he had no risk of self-harm. The segregation cell/cage was only big enough to fit Mr. Sedore's wheelchair and had his feet pushed up against the cell door, with the wheels pressed up against the bench in the back of the segregation cage. The claim that Mr. Sedore made a statement of self-harm in his kite was false. But Defendant Landfair and Defendant Floreck was nevertheless able to keep Sedore in a segregation cage unable to move for several hours or take care of human bodily functions. In addition, this action caused Mr. Sedore to miss the law library callout which was very limited because of COVID-19. Sedore pleaded and begged Defendants Landfair and Floreck not place him in the segregation cage.

With this action, Sedore seeks to hold the Defendants liable for violating his

rights to engage in First Amendment Protected activity without retaliation. For this trial to be fair, the jury must be able to see Sedore in person. That's the only way for the jury to fully assess his credibility against the Defendants. Moreover, the alternative—having Sedore testify by video from prison—will invite unconscious bias, since the jury would be constantly reminded that Sedore is incarcerated.

    Sedore ask the Court to order that 1. Sedore can appear at trial in civilian clothing rather than prison garb, and 2. Any shackles on Sedore should not be visible to the jury. See Maus v Baker, 747 F.3d 926 (7th Cir. 2014).

### Relevant Facts

Scott Sedore is a prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (*Verified Complaint,* ECF No. 1. PageID.2). On June 16, 2021, Sedore was placed in a segregation cage by Defendant Landfair and Defendant Floreck on claim of self-injurious behavior. (*Id.* at PageID.26). Mr. Sedore was left in the segregation cage for several hours where he "suffered in agonizing pain during this time" (*Id.*). Defendants failed to ensure that Sedore's assigned segregation cage was large enough to accommodate his wheelchair. Squeezing into the tight space and being confined in his wheelchair unable to move.

    There was no documented history of self-harm or self-injurious behavior of Mr. Sedore, the fabricated report of self-harm or self-injurious behavior to cause Mr.

2

Sedore to miss one of the limited time-slots to the prisons law library this has the appearance of retaliation.   MDOC's mental health providers Dr. Jones spoke with Mr. Sedore and after evaluating that there was no risk of self-harm ordered Mr. Sedore released from the segregation cage. (*Id.*)  The following day, Sedore spoke to Dr. Jones about the incident. Dr. Jones told Sedore that placing him in segregation because of a scabbed over scrape on his heel was "ridiculous." Dr. Jones also told Sedore that his treatment appeared retaliatory.

Sedore attempted to resolve the issue with the staff member, he also filed Step I-III grievances and exhausted his administrative remedies.  Sedore filed a complaint under 42 U.S.C. § 1983, alleging that Defendants Actions violated his First and Eighth Amendment U.S. Constitution rights, violations of Title II of the Americans with Disabilities Act, Violation of the Rehabilitation Act. (*Verified Complaint*, ECF No. 1, PageID.1)

Defendants have moved for Summary Judgement on the Basis of Exhaustion, ECF 22, PageID.111 which the court granted in part and denied in part ECF 34, PageID.264. Defendants Floreck, Landfair, and MDOC filed  Motion for Summary Judgement, ECF 74, PageID.724 The court granted in part the motion for summary judgment. ECF 101, PageID.1202. Subsequently, the court appointed counsel to Represent Sedore.  (Order of Assignment of Counsel, ECF 124, PageID.1480).

The Case is set for Trial on March 18, 2025 at 9:00 AM.

3

## Standard of Review

This Court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Dietz v Bouldin, 579 U.S. 40, 45 (2016) (quoting Link v. Wabash R. Co, 370 U.S. 626 630-631(1962).

## Argument

1. **Forcing prisoners to appear in prison garb during jury trials interferes with the right to a fair trial.**

In Estelle v. Williams, 425 U.S. 501 (1976), the Supreme Court held that a prisoner cannot be compelled in a criminal action to appear before a jury in prison garb—although a prisoner can waive that right by failing to invoke it, like the defendant in Estelle. In a criminal proceeding, therefore, a defendant has a right to appear in civilian clothing, although the court has no obligation to furnish that clothing. See Ealy v. Berghuis, 2019 WL 3067975, *7 (E.D. Mich. 2019) (stating this rule and citing cases).

This case is a civil action under 42 U.S.C. § 1983 rather than a criminal proceeding, so Estelle does not apply here with full force. But the right to a fair trial applies to both civil and criminal proceedings. Hill v. Spiegel, Inc., 708 F.3d 233 (6th Cir. 1983) (holding that improper testimony deprived plaintiff of a fair trial in

4

an action under the Age Discrimination in Employment Act); CBS Inc. v. Young, 522 F.2d 234, 241 (6th Cir. 1975) ("It is true that the right to a fair trial, both in civil and criminal cases, is one of our most cherished values …"). The Seventh Circuit Court of Appeals opinion in Maus v Baker, 747 F.3d 926 (7th Cir. 2014) persuasively demonstrates how the Court should analyze this right to a fair trial in a prisoner's civil-rights action.

2. Maus persuasively establishes that, in a civil action between a plaintiff/prisoner and a defendant/prison guard, both sides should appear in regular clothing rather than uniforms.

The Seventh Circuit Court of Appeals' opinion in Maus v Baker, 747 F.3d 926 (7th Cir. 2014), holds that the right to a fair trial requires allowing a prisoner to appear in civil clothing—without visible shackles—while precluding prison official from appearing in uniform. Maus, like this case, was a prisoner/plaintiff's action under 42 U.S.C. § 1983 against prison officials. Id. at 926. The trial court compelled the prisoner to appear in his prison uniform and with visible shackles while allowing the prison officials to appear in official uniforms. Id. at 927. The Seventh Circuit, in an opinion by Judge Posner, held that these procedures violated the prisoner's rights and required a new trial.

The Court explained that "[t]he sight of a shackled litigant is apt to make jurors think they're dealing with a mad dog; and just the contrast between a litigant's wearing prison garb and his opponents' wearing law enforcement uniforms is likely

5

to influence the jury against the prisoner, and has long been recognized as being highly prejudicial." Maus, 747 F.3d at 926. That prejudice arises in civil as well as criminal proceedings. Id.

The Maus court recognized the important safety interests that apply when handling those convicted of violent crimes. But the court correctly observed that courts can handle that those safety concerns with shackles hidden from the jury: "Ordinarily courtroom security can be assured by shackling the prisoner just at the ankles (skipping the handcuffs); and when that is done a curtain attached to the table at which he sits will hide the shackles from the jury's sight." Maus, 747 F.3d at 927.

Maus recognized that courts sometimes use jury instructions to cure any prejudice. Maus, 747 F.3d at 928. But the court also recognized that "[c]urative instructions have (as judges too rarely acknowledge) only limited efficacy." Id. But no instruction can cure the prejudice arising from shackling a party: "A truthful explanation for the shackles will be highly prejudicial— but without an explanation the jurors are left to wild conjecture." Id. In other words, any explanation will only heighten the prejudice arising from shackles. The best course of action, as Maus suggests, is to ensure that the jury cannot see any shackles or security measures. See Ruimveld v. Brikett, 404 F.3d 1006, 1017 (6th Cir. 2005) (stating in a criminal case that shackling "can create a substantially injurious inference of guilt in the absence of any circumstances that render shackles necessary")

### 3. The Court should follow Maus and hold that (a) Sedore can appear in civilian clothes and (b) Sedore cannot be visibly shackled before the jury.

Maus persuasively establishes that it would be unfair for Sedore to appear in prisoner garb, especially with visible restraints. Consciously or unconsciously, that clothing might make jurors believe that Sedore is dangerous. For Sedore to have a fair trial, the jury must view the evidence without that distorting lens.

Yes, the jury will still know that Sedore is a prisoner, given the facts of this case. But Maus correctly observes that "being told that a plaintiff is a prisoner and the defendants guards, and seeing them in uniforms—one type of uniform branding the plaintiff as a prison inmate, the other denoting the defendants' status as law enforcers—are likely to create impressions differing in their strength." Maus, 747 F.3d at 928 (emphasis in original).

The point here is not to prevent the jury from knowing that Sedore is imprisoned. Instead, the point is to avoid the kind of unconscious prejudice—the constant reminder of status—that Maus cited as a reason to allow prisoners to appear in civilian clothes. The parties will meet on even ground only if they both appear in clothing that does not suggest their status in the hierarchy of prison life.

There are no facts that would suggest a need for heightened caution with Sedore. He is designated as Security Level II, where I is the highest/least risky and V is the lowest/most risky. In addition Sedore has been granted Parole and will be

7

released from custody in/or about 30 days after his trial. Accordingly, Sedore respectfully asks this Court to enter an order (1) allowing him to appear in civilian clothing and (2) directing that any restraints must not be visible to the jury.

## Conclusion

For the foregoing reasons, Sedore asks the Court to order that (A) Sedore can appear at trial in civilian clothing rather than prison garb and (B) any shackles on Sedore should not be visible to the jury.

Dated: March 4, 2025

LIGHTHOUSE LITIGATION, PLLC

By:/S/Joshua S. Goodrich
Joshua S. Goodrich, J.D., LL.M. (P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy.
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

8

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 4, 2025, I filed this instant motion, electronically filed the above and foregoing Plaintiff, Sedore's Motion in Limine to Allow Sedore's Appearance in Civilian Clothing and Without Visible Restraints and Brief in Support with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

                                            By:/s/Joshua S. Goodrich
                                            Joshua S. Goodrich, J.D., LL.M. (P83197)