# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SCOTT SEDORE, #210661,

    Plaintiff,

v.

Landfair, et al.,

    Defendant.

Case No. 2:22-CV-10060

Honorable Gershwin A. Drain
United States District Judge

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

## PLAINTIFF SCOTT SEDORE'S
## MOTION FOR WRITS OF HABES CORPUS AD TESTIFICADNDUM

    Plaintiff, Scott Sedore, moves this Honorable Court for an Order for a Writ of

*Habeas Corpus Ad Testificandum*, under to provide for his presence as the Plaintiff

and key witness in this case. Specifically, he asks the Court to require the G. Robert Cotton Correctional Facility and the Michigan Department of Corrections to produce Scott Sedore (MDOC Inmate #210661) at this court on March 18, 2025 and for each subsequent day of trial.

As required under Local Rule 7.1, Plaintiff sought opposing counsel's concurrence in this motion on March 4, 2025 by phone. We did not obtain concurrence.

Dated: March 4, 2025                     LIGHTHOUSE LITIGATION, PLLC

By:/S/Joshua S. Goodrich
Joshua S. Goodrich, J.D., LL.M. (P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy.
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

| | |
|---|---|
| SCOTT SEDORE, #210661,<br><br>    Plaintiff,<br><br>v.<br><br>Landfair, et al.,<br><br>    Defendant. | Case No. 2:22-CV-10060<br><br>Honorable Gershwin A. Drain<br>United States District Judge |

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

**<u>BRIEF IN SUPPORT OF PLAINTIFF SCOTT SEDORE'S
MOTION FOR WRITS OF HABEAS CORPUS AD TESTIFICANDUM</u>**

## Introduction

Plaintiff, Scott Sedore, an inmate with the Michigan Department of Corrections, sent a kite for medical treatment where he was worried about a medically prescribed drug he was taking causing his lower platelet count and might have caused excessive bleeding on small cuts and scrapes. Instead of getting the answer to his question Defendant Dr. Hallett placed grievance information in his medical file which was read by other medical staff. Defendant Landfair used that information as a pretext to place Mr. Sedore in "segregation" claiming that he was engaged in self-harm. Dr. Jones evaluated Mr. Sedore after he was placed in segregation and found that he had no risk of self-harm. The segregation cell/cage was only big enough to fit Mr. Sedore's wheelchair and had his feet pushed up against the cell door, with the wheels pressed up against the bench in the back of the segregation cage. The claim that Mr. Sedore made a statement of self-harm in his kite was false. But Defendant Landfair and Defendant Floreck was nevertheless able to keep Sedore in a segregation cage unable to move for several hours or take care of human bodily functions. In addition, this action caused Mr. Sedore to miss the law library callout which was very limited because of COVID-19. Sedore pleaded and begged Defendants Landfair and Floreck not place him in the segregation cage.

With this action, Sedore seeks to hold the Defendants liable for violating his rights to engage in First Amended Protected activity without retaliation. For this trial

to be fair, the jury must be able to see Sedore in person. That's the only way for the jury to fully assess his credibility against the Defendants. Moreover, the alternative—having Sedore testify by video from prison—will invite unconscious bias, since the jury would be constantly reminded that Sedore is incarcerated.

### Relevant Facts

Scott Sedore is a prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (*Verified Complaint,* ECF No. 1. PageID.2). On June 16, 2021 Sedore was placed in a segregation cage by Defendant Landfair and Defendant Floreck on claim of self-injurious behavior. (*Id.* at PageID.26). Mr. Sedore was left in the segregation cage for several hours where he "suffered in agonizing pain during this time" (*Id.)*. Defendants failed to ensure that Sedore's assigned segregation cage was large enough to accommodate his wheelchair. Squeezing into the tight space and being confined in his wheelchair unable to move.

There was no documented history of self-harm or self-injurious behavior of Mr. Sedore, the fabricated report of self-harm or self-injurious behavior to cause Mr. Sedore to miss one of the limited time-slots to the prisons law library, this has the appearance of retaliation. MDOC's mental health providers Dr. Jones spoke with Mr. Sedore and after evaluating that there was no risk of self-harm ordered Mr. Sedore released from the segregation cage. (*Id.*) The following day, Sedore spoke to Dr. Jones about the incident. Dr. Jones told Sedore that placing him in segregation

because of a scabbed over scrape on his heel was "ridiculous." Dr. Jones also told Sedore that his treatment appeared retaliatory.

Sedore attempted to resolve the issue with the staff member, he also filed Step I-III grievances and exhausted his administrative remedies. Sedore filed a complaint under 42 U.S.C. § 1983, alleging that Defendants Actions violated his First and 8th Amended rights, violations of Title II of the Americans with Disabilities Act, Violation of the Rehabilitation Act. (*Verified Complaint*, ECF No. 1, PageID.1)

Defendants have moved for Summary Judgement on the Basis of Exhaustion, ECF 22, PageID.111 which the court granted in part and denied in part ECF 34, PageID.264. Defendants Floreck, Landfair, and MDOC filed Motion for Summary Judgement, ECF 74, PageID.724 The court granted in part the motion for summary judgment. ECF 101, PageID.1202. Subsequently, the court appointed counsel to Represent Sedore. (Order of Assignment of Counsel, ECF 124, PageID.1480).

The Case is set for Trial on March 18, 2025 at 9:00 AM.

## **Relevant Facts**

This Court has authority to issue a writ of habeas corpus ad testificandum under 28 U.S.C. § 2241. This section provides in pertinent part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit court judge shall be entered in the records of

6

> the district court of the district wherein
> the restrained complained of is had.
>
> \* \* \* \*
>
> (c) The writ of habeas corpus shall not
> extend to a prisoner unless—
>
> \* \* \* \*
>
> (5) It is necessary to bring him into court
> to testify or for trial.

Other sections of the United States Code confirm the Court's authority to order a state prisoner's appearance at trial. See 28 U.S.C. § 1651 (stating that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

To grant a writ of habeas corpus ad testificandum, a court should direct a writ to the person having custody of the inmate at issue. See 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained . . . [T]he person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.").

Sedore's appearance is necessary for the trial set to commence on March 18, 2025. Sedore's presence will be required from the very beginning to the end of the trial proceedings, as he is the plaintiff and intends to actively participate and to assist his attorney in the prosecution of the case including giving sworn testimony. At the

7

conclusion of the trial, Sedore can be remanded back into the custody of the G. Robert Cotton Corrections Facility.

The Proposed Writ of *Habeas Corpus Ad Testificandum* is attached as Exhibit A.

## Conclusion

Sedore respectfully requests that this Court enter an order for a Writ of *Habeas Corpus Ad Testificandum* for the G. Robert Cotton Correctional Facility and Michigan Department of Correction to transport Scott Sedore, MDOC inmate #0210661, to his trial on March 18, 2025, and all subsequent days as required.

Dated: March 4, 2025   LIGHTHOUSE LITIGATION, PLLC

By:/S/Joshua S. Goodrich
Joshua S. Goodrich, J.D., LL.M.
(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy.
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 4, 2025, I filed this instant motion, electronically filed the above and foregoing Plaintiff, Sedore's Motion in Limine to Allow Sedore's Appearance in Civilian Clothing and Without Visible Restraints and Brief in Support with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

By:/s/Joshua S. Goodrich
Joshua S. Goodrich, J.D., LL.M. (P83197)