# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SEDORE, #210661,<br><br>  Plaintiff,<br><br>v.<br><br>Landfair, et al.,<br><br>  Defendant. | Case No. 2:22-CV-10060<br><br>Honorable Gershwin A. Drain<br>United States District Judge |

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

# PLAINTIFF SCOTT SEDORE'S
# FOR LIMITED DISCOVERY
# AND INSPECTION OF PRISON FACILITY

`	NOW COMES Plaintiff, by and through his court-appointed counsel, and respectfully moves this Honorable Court for an order permitting limited discovery to inspect, measure, and photograph the segregation cage located at G. Robert Cotton Correctional Facility (JCF) segregation cage at issue in this case prior to trial. In support of this Motion the attached brief is filed.

Dated: March 12, 2025,	LIGHTHOUSE LITIGATION, PLLC

By:/s/Joshua S. Goodrich
Joshua S. Goodrich, J.D., LL.M. (P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy.
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SCOTT SEDORE, #210661,

    Plaintiff,

v.

Landfair, et al.,

    Defendant.

Case No. 2:22-CV-10060

Honorable Gershwin A. Drain
United States District Judge

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

## PLAINTIFF SCOTT SEDORE'S
## FOR LIMITED DISCOVERY
## AND INSPECTION OF PRISON FACILITY

i

# Table of Contents

Contents
**Table of Authorities** ......................................................................................................................iii
**Statement of Issues Presented** ......................................................................................................iv
**Introduction** .................................................................................................................................. 1
**Standard of Review** ...................................................................................................................... 1
**Argument** ...................................................................................................................................... 4
**Conclusion** .................................................................................................................................... 7

# Table of Authorities

**Cases**

Bentkowski v. Scene Magazine, 637 F.3d 689, 696 (6th Cir. 2011)..........................4
Doughty v. Maxwell, 376 U.S. 202 (1964) ...................................................................2
Dowling v. Cleveland Clinic Found., 593 F.3d 472, 478 (6th Cir. 2010).................4
Eskridge v. Washington State Bd. of Prison Terms & Paroles, 357 U.S. 214 (1958) ...................................................................................................................................2
Gideon v. Wainwright, 372 U.S. 335 (1963).............................................................2
Griffin v. Illinois, 351 U.S. 12 (1956........................................................................2
Marie v. Am. Red Cross, 771 F.3d 344, 366 (6th Cir. 2014) ...................................3
Tehan v. U.S. ex rel. Shott, 382 U.S. 406, 416 (1966)................................................1
Wolotsky v. Huhn, 960 F.2d 1331, 1338 (6th Cir. 1992)..........................................3

**Rules**

Fed. R. Civ. P 16(b)(4)..................................................................................................2
Fed. R. Civ. P. 16(e).....................................................................................................2
Fed. R. Civ. P. 26(a)(1)(B)(iv).....................................................................................2

## **Statement of Issues Presented**

Should the court allow Plaintiff's Counsel to inspect, measure, and photograph the segregation cage at issue in this case?

Plaintiff answers:                                                                 Yes.

## Introduction

The purpose of this brief is to support Plaintiff's motion requesting this Honorable Court to allow limited discovery for an inspection of the segregation unit and cages at G. Robert Cotton Correctional Facility (JCF), Jackson, Michigan prior to trial. Specifically, Plaintiff seeks:

1. Permission for Plaintiff's counsel to inspect the segregation unit and cages;
2. The opportunity to take measurements of the segregation cages;
3. The opportunity to take photographs of the segregation cages.

These photographs and measures are necessary to ensure a fair trial by allowing Plaintiff to present the jury with an accurate representation of the conditions in which he was held. The photograph will be used to make demonstrable exhibits for the jury.

## Standard of Review

The Supreme Court has repeatedly emphasized that the fundamental purpose of a trial is the search for the truth. In Tehan v. U.S. ex rel. Shott, 382 U.S. 406, 416 (1966), the Court held that "the basic purpose of a trial is the determination of truth." Similarly, the Court has recognized that procedural barriers should not prevent litigants, particularly indigent ones, from obtaining and presenting critical evidence.

See Gideon v. Wainwright, 372 U.S. 335 (1963); Doughty v. Maxwell, 376 U.S. 202 (1964); Griffin v. Illinois, 351 U.S. 12 (1956); Eskridge v. Washington State Bd. of Prison Terms & Paroles, 357 U.S. 214 (1958).

Although these cases arose in the criminal context, their principles apply with equal force to civil litigation where Constitutional rights are at issue. Denying the trier of fact access to evidence central to the case risks impeding the truth-seeking function of the trial process.

Under Fed. R. Civ. P 16(b)(4), a scheduling order may be modified for good cause, and courts consider factors such as the importance of the evidence, diligence of the requesting party, and any potential prejudice to the opposing party. Here, Plaintiff has been limited in his ability to get photographs or measurements of the segregation cages. Tools available in normal civil cases are exempted for in-custody plaintiffs like initial disclosure under Fed. R. Civ. P. 26(a)(1)(B)(iv). Given that this evidence is critical to resolving a key factual issue in the case and its production would not cause undue delay or prejudice to Defendant, reopening discovery for this limited purpose is both justified and necessary.

Reopening discovery is also warranted to prevent manifest injustice under Fed. R. Civ. P. 16(e), which allows for modifications to a final pretrial order when necessary to ensure fairness. The requested discovery is narrowly tailored and will not disrupt the trial schedule or impose an undue burden on Defendant. In contrast,

denying this request would unfairly prejudice Plaintiff by preventing the introduction of evidence that directly impacts the merits of the case. Courts have routinely allowed limited discovery under these circumstances, particularly when new evidence arises or when fairness considerations outweigh any minimal inconvenience to the opposing party.

If the jury is not able to know how big the cage is or see images of it, this could lead to an outcome that is clearly unjust. Accordingly, Plaintiff respectfully requests that the Court grant this motion and permit limited discovery as outlined herein.

Additionally, the Sixth Circuit has established that district courts have broad discretion to manage discovery and control their dockets. <u>Marie v. Am. Red Cross</u>, 771 F.3d 344, 366 (6th Cir. 2014) (citing <u>Wolotsky v. Huhn</u>, 960 F.2d 1331, 1338 (6th Cir. 1992)). Courts evaluating a request to modify a scheduling order should consider the following factors:

1. When the moving party learned of the issue that is the subject of discovery;
2. How the discovery would affect the ruling below;
3. The length of the discovery period;
4. Whether the moving party was dilatory;
5. Whether the adverse party was responsive to prior discovery requests.

3

Bentkowski v. Scene Magazine, 637 F.3d 689, 696 (6th Cir. 2011) (quoting Dowling v. Cleveland Clinic Found., 593 F.3d 472, 478 (6th Cir. 2010)). The overarching inquiry in applying these factors is whether the moving party was diligent in pursuing discovery. Id.

## Argument

**A. The Requested Inspection is Necessary and Justified**

The Inspection, measurements, and photographs of the segregation cage are directly relevant to Plaintiff's claims of failure to accommodate. The size and condition of the cage are critical factors in determining whether the conditions violated the ADA and the conditions caused physical or psychological harm. Applying the Sixth Circuit's factors:

1. **Timing of Discovery Issue** – Prior appointed counsel did not request discovery for inspection, measuring, and photography of the segregation cage. Pro Se Plaintiff was unable to request an inspection of the segregation unit due to institutional barriers, including restrictions on inmates taking or having photographs of prison facilities for security reasons.

2. **Impact on the Ruling Below** – The requested discovery is crucial to proving Plaintiff's claims under the ADA and First Amendment. The jury must be able to see the physical conditions of the segregation unit to fully understand the

extent of Plaintiff's confinement.

3. **Length of the Discovery Period** – While the discovery period lasted several months, Plaintiff was without legal representation during that time and was severely restricted in his ability to request and obtain evidence under prison policies.

4. **Diligence of Plaintiff** – Plaintiff was not dilatory. He filed grievances and this very lawsuit regarding his conditions of confinement and raised these issues at every opportunity. The plaintiff's first appointed counsel failed to request these simple items.

5. **Defendants' Response to Discovery Requests** – MDOC has had exclusive care, custody, and control over the segregation unit and could have voluntarily produced images or measurements. Instead, they have refused, yet listed the segregation unit as an exhibit in their own pre-trial disclosures.

**B. The Requested Discovery Will Not Delay Trial**

Defendants opposed this request at the final pre-trial conference despite the fact that granting it would not delay the trial. The inspection will take only a limited amount of time, and the evidence obtained will be used exclusively for trial preparation. There is no undue burden on the MDOC in permitting a brief, controlled inspection by Plaintiff's counsel.

**C. There is No Prejudice to MDOC**

MDOC has been aware of this issue since Plaintiff first filed a grievance about his conditions of confinement. They have had exclusive control over the facility and could have produced the requested evidence at any time. To deny Plaintiff an opportunity to present this evidence would unduly prejudice his case.

Further, the requested photographs and measurements are highly relevant. They will allow the jury to visualize the actual conditions in which Plaintiff was confined, thereby aiding in their determination of whether those conditions violated Plaintiff's rights under the Americans with Disabilities Act and the First Amendment.

**D. Defendants Have Listed the Segregation Unit as an Exhibit**

Defendants themselves have listed (h. Photos of Relevant Holding Cage & i. Dimension of Holding cage) as exhibit (h. & i). This underscores its relevance to the case and further supports the argument that the Plaintiff should have equal access to inspect and document the same location. Preventing Plaintiff from doing so while allowing Defendants to rely on their own representations of the conditions would create an unfair imbalance in the presentation of evidence.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant his motion and enter an order permitting:

1. Plaintiff's counsel to inspect the segregation unit/cages;

2. The use of digital recording equipment to take photographs and video in the prison.

3. Be permitted to take measurements of the relevant units/cages and

4. Be permitted to take photos and video of Plaintiff in his wheelchair in the cage.

5. Any other relief that this Court deems just and proper.

Dated: March 12, 2025,     LIGHTHOUSE LITIGATION, PLLC

                By:/s/Joshua S. Goodrich
                Joshua S. Goodrich, J.D., LL.M. (P83197)
                Attorneys for Plaintiff
                5208 W. Saginaw Hwy.
                Lansing, MI 48917
                (269) 312-7435
                jsgoodrich@lighthouse-litigation.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 12, 2025, I filed this instant motion, electronically filed the above and foregoing Plaintiff, Sedore's Motion for Limited Discovery and Inspection of Prison Facility with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

By:/s/Joshua S. Goodrich
Joshua S. Goodrich, J.D., LL.M. (P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy.
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SCOTT SEDORE, #210661,

    Plaintiff,

v.

Landfair, et al.,

    Defendant.

Case No. 2:22-CV-10060

Honorable Gershwin A. Drain
United States District Judge

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

## **DECLARATION OF JOSHUA S. GOODRICH, J.D, LL.M. IN SUPPORT OF THE PLAINTIFF'S MOTION TO ALLOW LIMITED DISCOVERY**

    I, Joshua S. Goodrich, J.D., LL.M., pursuant to 28 U.S.C. 1746, declare under the penalty of perjury under the United States of America the following is true and

1

correct and is based on my own personal knowledge:

On January 3, 2023, Magistrate Judge Altman conditionally granted Plaintiff's Third Motion for the Appointment of Counsel. (ECF 39).

Prior Counsel Veliz was appointed on January 25, 2023 (ECF 50).

On March 7, 2023, Sedore filed a motion requesting that the Court dismiss Veliz primarily because of his difficulty communicating with Veliz about the case. (ECF No. 56, PageID.353-354).

Prior Counsel Veliz did not object to Plaintiff's request for dismissal (ECF 62).

Magistrate Judge Altman granted in part and denied in part Plaintiff's motion for dismissal of a court-appointed attorney. (ECF 63).

Prior to the appointment of Mr. Veliz as counsel, the case was handled pro se by the Plaintiff.

I was appointed pro bono counsel on October 23, 2024. (ECF 124).

Both the Plaintiff's former counsel and pro se plaintiff never requested to inspect, photograph, or secure the measurement of the segregation cage at issue in the case.

As a result of the failure to request to inspect, measure, and photo, Plaintiff cannot present facts essential to the merits of the case at trial.

If the court allows the limited reopening of discovery, the Plaintiff's counsel

will file the proposed subpoena to allow the inspection, measurement, and photos of the segregation cage.

This will be done before the trial and will not impact the trial at all.

Upon completion of the inspection, measurement, and photos, Plaintiff will be able to present facts essential to further support the merits of Plaintiff's case at trial before the jury.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated March 12, 2025

*Joshua S. Goodrich*

_____
Joshua S. Goodrich, J.D., LL.M. (P83197)