# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

SCOTT SEDORE, #210661

    Plaintiff,

v.

LANDFAIR, *et al.*

    Defendants,

Case No.: 2:22-cv-10060
District Judge Gershwin A. Drain

| | |
|---|---|
| LIGHTHOUSE LITIGATION, PLLC<br>Joshua S. Goodrich, J.D., LL.M. (P83197)<br>Attorneys for Plaintiff<br>5208 W. Saginaw Hwy.<br>Lansing, MI 48917<br>(269) 312-7435<br>jsgoodrich@lighthouse-litigation.com | HACKNEY ODLUM & DARDAS<br>Thomas G. Hackney (P81283)<br>Connor A. McLaughlin (P83229)<br>*Attorneys for Victoria Hallet, DO*<br>10850 E. Traverse Hwy, Ste 4440<br>Traverse City, MI 49684<br>(231) 642-5026<br>thackney@hodlawyers.com<br>cmclaughlin@hodlawyers.com |
| MI DEPT. OF ATTORNEY GENERAL<br>OG Reasons (P80463)<br>*Attorneys for the MDOC Defendants*<br>PO Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>reasonso@michigan.gov | |

# **DEFENDANT VICTORIA HALLET, DO'S**
# **WITNESS SYNOPSIS LIST**
# **and**
# **STATEMENT OF DEFENSES**

I. <u>Witness Synopsis</u>

Defendant Victoria Hallet, DO intends to call the following witnesses if not otherwise called by another party:

**Plaintiff Scott Sedore**

It is anticipated that Mr. Sedore will testify as to his interactions with and statements to Defendant Victoria Hallet, DO on June 15 and 16, 2021. This testimony will include his allegations that Dr. Hallet retaliated against him for things he said in his interactions with Dr. Hallet or in various MDOC and court documents. It is anticipated that the examination of Plaintiff by Defendant Hallet will take approximately two hours. It is likely that Plaintiff will testify in his own case in chief and Defendant Hallet will cross examine him.

**Defendant Victoria Hallet, DO**

Dr. Hallet will testify as to her telephone medical call with Plaintiff on June 15, 2021 and her documentation of that call in Plaintiff's medical records. She will testify as to what Plaintiff discussed and who prompted the discussion, if any, regarding Plaintiff's lawsuits. She will testify as to the medical decision-making and policies that influenced her care and treatment of Plaintiff on June 15, 2021 and her interactions with other providers. She will testify as to MDOC policies regarding self-harm and proper treatment. She will testify that she did not retaliate

against Plaintiff for any MDOC grievances or lawsuits he has filed and included information regarding his lawsuits in his medical record as it was a primary topic of discussion during the June 15 phone call. Defendant Hallet's counsel's direct examination of her will likely take approximately two hours with another one hour of cross examination by other parties.

**Defendant Alinda Florek, RN**

As to Defendant Hallet's examination of Alinda Florek, RN, Nurse Florek will testify as to her interactions with the Plaintiff on June 15 and 16, 2021, her medical decision-making regarding Plaintiff, and her consultation and/or discussions with Defendant Hallet regarding Plaintiff at that time. She will testify as to MDOC policies regarding self-harm and proper treatment. She will testify that she and Dr. Hallet did not make any medical decision based on Plaintiff's MDOC grievances or lawsuits filed. Defendant Florek will likely be called as a witness by other parties. Defendant Hallet's examination of her will likely take 45-75 minutes.

**Alison W. Jones**

It is anticipated will testify as to her mental health assessment of Plaintiff on June 16, 2021. She will also testify as to how she was assigned to that assessment and what if anything she was told by Dr. Hallet or Nurse Florek regarding the purpose

or need. She will testify as to how she performs the assessment for patients and what the criteria are for continued observation or release back to a patient's normal housing. Defendant Hallet's direct examination, if not otherwise called by another party, will take approximately one hour.

**Defendant Sirenna Landfair, RN**

Defendant Landfair will likely testify in Plaintiff's case in chief or in her own case and Defendant Hallet will cross examine her regarding MDOC policies and her knowledge of any input or actions by Defendant Hallet regarding Plaintiff on June 15 and 16, 2021.

   II.   Statement of Defenses

Defendant Hallet denies that she retaliated against Plaintiff for exercising his First Amendment rights. Defendant Hallet was not involved with the decision to place Plaintiff in segregation nor to monitor the Plaintiff for self-harm. Defendant Hallet had a telephone visit with Plaintiff on June 15, 2021. Defendant Hallet noted Plaintiff's low platelet count from May 19, 2021 and ordered a new lab draw with urgent priority. Defendant Hallet did not observe or document any risk or ideation of self-harm by Plaintiff. Defendant Hallet noted that Plaintiff raised that he is suing "a plethora of individuals." Defendant Hallet did not respond to Plaintiff's June

14/15, 2021 kite and did not examine or monitor the patient while he was in segregated housing on or about June 16, 2021. As Defendant Hallet was not involved in the alleged adverse action, she cannot be held liable for violating Plaintiff's First Amendment rights.

                                        Proposed by:
                                        **HACKNEY ODLUM & DARDAS**

Dated:  March 13, 2025          By:_____
                                        Thomas G. Hackney (P81283)
                                        Connor A. McLaughlin (P83229)
                                        Attorneys for Victoria Hallet, DO
                                        10850 E. Traverse Hwy. Ste. 4440
                                        Traverse City, MI 49684
                                        (231) 642-5026
                                        thackney@hodlawyers.com
                                        cmclaughlin@hodlawyers.com