# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SCOTT SEDORE, #210661,

    Plaintiff,

v.

Landfair, et al.,

    Defendant.

Case No. 2:22-CV-10060

Honorable Gershwin A. Drain
United States District Judge

---

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

## PLAINTIFF'S SCOTT SEDORE
## WITNESS SYNOPSIS LIST AND STATEMENT OF THE CASE

## I.   Witness Synopsis

Plaintiff Scott Sedore, DOES INTEND to call the following witness.

### 1. Scott Sedore (Plaintiff)

Plaintiff Scott Sedore is expected to testify regarding his experiences on June 15 and 16, 2021, including his interactions with Defendants, his medical condition, the alleged retaliation, and the impact of his placement in segregation. He will describe the circumstances leading up to his segregation, the pain and suffering he endured due to inadequate accommodations, and the impact the actions of Defendants had on his ability to pursue legal grievances. He will also testify regarding his previous grievances and lawsuits, his knowledge of MDOC policies, and how the events at issue fit into the broader pattern of retaliation and inadequate medical care he has faced while incarcerated.

### 2. Alinda Florek, RN (Defendant)

Plaintiff's counsel was appointed after the close of discovery and has not had the opportunity to depose Defendant Florek. As a result, counsel is unable to state definitively what her testimony will be. However, Plaintiff's counsel intends to solicit information regarding:

- Any written records she produced concerning Plaintiff.
- Her actions and decision-making on June 15 and 16, 2021.
- Her interactions with Plaintiff on those dates.
- Any prior interactions she has had with Plaintiff.
- MDOC policies and procedures regarding medical assessments and

self-harm prevention.

### 3. Sirenna Landfair, RN (Defendant)

Plaintiff's counsel was appointed after the close of discovery and has not had the opportunity to depose Defendant Landfair. As a result, counsel is unable to state definitively what her testimony will be. However, Plaintiff's counsel intends to solicit information regarding:

- Any documentation or records related to Plaintiff's medical or disciplinary history.
- Her decision-making process on June 15 and 16, 2021, particularly regarding Plaintiff's placement in segregation.
- Her communications with other MDOC or Corizon staff regarding Plaintiff.
- Any prior history of interactions with Plaintiff, including any knowledge of his grievances or legal actions.
- MDOC's policies related to medical segregation and wheelchair-accessible housing.

### 4. Dr. Alison Jones (Mental Health Professional)

Plaintiff's counsel was appointed after the close of discovery and has not had the opportunity to depose Dr. Jones. As a result, counsel is unable to state definitively what her testimony will be. However, Plaintiff's counsel intends to solicit information regarding:

- Any mental health assessments she conducted of Plaintiff on June 16, 2021.
- Any other mental health assessment she conducted on the Plaintiff prior to that date to demonstrate a lack of history of no self-injuries behavior.
- The basis for her decision to approve or deny continued segregation.
- Any communications she had with Defendants Florek, Landfair, or Hallet regarding Plaintiff's mental health status.
- Her observations of Plaintiff's condition at the time of the assessment.

- MDOC policies related to mental health evaluations and self-harm determinations.

### 5. Brian Stricklin (MDOC Nursing Supervisor)

Plaintiff's counsel was appointed after the close of discovery and has not had the opportunity to depose Defendant Stricklin. As a result, counsel is unable to state definitively what his testimony will be. However, Plaintiff's counsel intends to solicit information regarding:

- Any documentation or records concerning Plaintiff's medical or segregation status.
- His role in the decision-making process regarding Plaintiff's treatment and segregation.
- His communications with Defendants about Plaintiff's medical and mental health status.
- His knowledge of MDOC policies and procedures regarding medical care, self-harm, and ADA compliance.

### 6. Dr. Victoria Hallet, DO (Defendant – Corizon Healthcare Provider)

Plaintiff's counsel was appointed after the close of discovery and has not had the opportunity to depose Defendant Hallet. As a result, counsel is unable to state definitively what her testimony will be. However, Plaintiff's counsel intends to solicit information regarding:

- Any medical records or notes she produced regarding Plaintiff's treatment.
- Her interactions with Plaintiff on June 15 and 16, 2021, including any medical decisions made.
- Her communications with Defendants Florek, Landfair, or other staff about Plaintiff's condition.
- Whether her medical judgment influenced or contributed to the decision to place Plaintiff in segregation.
- MDOC and Corizon policies related to self-harm evaluations, medical

segregation, and the handling of inmate grievances.

## II. Statement of the Case

This case arises from events occurring on June 15 and 16, 2021, at the G. Robert Cotton Correctional Facility (JCF) in Michigan. Plaintiff Scott Sedore, an incarcerated individual with a documented disability requiring the use of a wheelchair, alleges that he was subjected to retaliation and discrimination by the named Defendants in violation of his First Amendment rights, the Americans with Disabilities Act (ADA), and the Rehabilitation Act.

**Background**

Plaintiff has a history of filing grievances and lawsuits against MDOC medical staff, including Defendants. On June 15, 2021, Plaintiff had a medical consultation with Dr. Victoria Hallet regarding his low platelet count and medication issues. Plaintiff asserts that during this consultation, he raised concerns about his treatment and that his history of legal actions against MDOC personnel was a topic of discussion.

On June 16, 2021, Plaintiff was summoned to healthcare by Defendants Alinda Florek and Sirenna Landfair, where he was questioned about a prior minor injury to his heel. Plaintiff contends that Defendants falsely accused him of self-harm, leading to his placement in segregation. Plaintiff further asserts that:

- Defendants knew he had a scheduled law library appointment to prepare legal filings.
- His placement in segregation was retaliatory and intended to interfere with his legal proceedings.
- The segregation cell was too small to accommodate his wheelchair, causing severe pain and suffering.
- Mental health professional Dr. Alison Jones later reviewed his case and determined his segregation was unwarranted, leading to his release.

**Legal Claims**

Plaintiff brings three primary legal claims:

1. First Amendment Retaliation – Defendants retaliated against Plaintiff for filing grievances and lawsuits by placing him in segregation under false pretenses.

2. ADA Violations – Plaintiff, a qualified individual with a disability, was denied reasonable accommodations when he was placed in a segregation cell too small for his wheelchair.

3. Rehabilitation Act Violations – Plaintiff, a qualified individual with a disability, was denied reasonable accommodations when he was placed in a segregation cell too small for his wheelchair, and MDOC receives federal funds.

**Relief Sought**

Plaintiff seeks:

1. Compensatory damages for physical and emotional harm.

2. Punitive damages against individual Defendants for willful misconduct.

3. Declaratory and injunctive relief to ensure MDOC implements policy changes preventing further ADA violations and retaliatory segregation.

Plaintiff contends that the Defendants' actions were not based on legitimate medical concerns but rather an attempt to punish him for engaging in protected legal activity and to suppress his grievances against MDOC medical staff. The facts of this case will demonstrate that Defendants acted with deliberate indifference and retaliatory intent, violating Plaintiff's constitutional and statutory rights.

Dated: March 13, 2025,					LIGHTHOUSE LITIGATION, PLLC

							By:/S/Joshua S. Goodrich
							Joshua S. Goodrich, J.D., LL.M.
							(P83197)
							Attorneys for Plaintiff
							5208 W. Saginaw Hwy.
							Lansing, MI 48917
							(269) 312-7435
							jsgoodrich@lighthouse-litigation.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 4, 2025, I filed this instant motion, electronically filed the above and foregoing NOTICE REGARDING PLAINTIFF'S INABILITY TO MEET MARCH 13, 2025 DEADLINE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

                                                            By:/s/Joshua S. Goodrich
                                                            Joshua S. Goodrich, J.D., LL.M. (P83197)