UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE #210661,

    Plaintiff,

v

SIRENNA LANDFAIR, *et al.*,

    Defendants.

NO. 2:22-cv-10060

HON. GERSHWIN A. DRAIN

___

Joshua S. Goodrich (P83197)
Lighthouse Litigation PLLC
Attorney for Plaintiff
5208 W. Saginaw Hwy.
Lansing, MI  48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

Connor A. McLaughlin (P83229)
Thomas G. Hackney (P81283)
Hackney Odlum & Dardas
Attorneys for Def. Hallett
10850 E. Traverse Hwy., Ste. 4440
Traverse City, MI  49686
(231) 642-5026
cmclaughlin@hodlawyers.com
thackney@hodlawyers.com

O.G. Reasons (P80463)
Assistant Attorneys General
Mich. Dept. of Attorney General
Attorneys for Defs. Florek,
  Landfair & MDOC
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

___/

**MDOC DEFENDANTS' PROPOSED VERDICT FORM**

    MDOC Defendants, through counsel, submit the following proposed verdict form:

We the jury unanimously answer the following questions submitted to us:

---

### Part A.  Claims against Defendant Sirenna Landfair, RN: Retaliation for Exercise of First Amendment Rights

1. Did Plaintiff Scott Sedore prove by a preponderance of the evidence that Defendant Sirenna Landfair retaliated against Plaintiff Sedore for exercising his First Amendment right?

    ____ YES ____ NO

If your answer to this question is "Yes", please answer the next question.  If your answer to this question is "No", please go directly to Part B.

2. Did Defendant Landfair prove, by the preponderance of the evidence, that she would have taken the same actions with respect to the Plaintiff even in the absence of protected conduct?

    ____ YES ____ NO

If your answer to this question is "Yes", please answer the next question.  If your answer to this question is "No", please go directly to Part B.

3. Did Plaintiff Sedore prove by a preponderance of the evidence, that he was harmed as a result of Defendant Landfair's actions?

    ____ YES ____ NO

Please go to Part B.

### Part B.  Claims against Defendant Alinda Florek, RN: Section 1983 Claim – Retaliation for Exercise of First Amendment Rights

1. Did Plaintiff Scott Sedore prove by a preponderance of the evidence that Defendant Alinda Florek retaliated against Plaintiff Sedore for exercising his First Amendment right?

    ____ YES ____ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", please go directly to Part C.

2. Did Defendant Florek prove, by the preponderance of the evidence, that she would have taken the same actions with respect to the Plaintiff Sedore even in the absence of protected conduct?

    ____ YES ____ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", please go directly to Part C.

3. Did Plaintiff Sedore prove by a preponderance of the evidence, that he was harmed as a result of Defendant Florek's actions?

    ____ YES ____ NO

Please go to Part C.

**Part C.   Claims against Defendant Victoria Hallet, DO : Section 1983 Claim – Retaliation for Exercise of First Amendment Rights**

1. Did Plaintiff Scott Sedore prove by a preponderance of the evidence that Defendant Victoria Hallet, DO retaliated against Plaintiff Sedore for exercising his First Amendment right?

    ____ YES ____ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", please go directly to Part D.

2. Did Defendant Hallet prove, by the preponderance of the evidence, that she would have taken the same actions with respect to the Plaintiff even in the absence of protected conduct?

    ____ YES ____ NO

If your answer to this question is "Yes", please answer the next question.  If your answer to this question is "No", please go directly to Part D.

3. Did Plaintiff Sedore prove by a preponderance of the evidence, that he was harmed as a result of Defendant Hallet's actions?

    ____ YES ____ NO

Please go to Part D.

**Part D.    Compensatory Damages**

   If you answered "Yes" to Question A(3), Question B(3), or Question C(3), then answer the following question. If not, then go to Part F.

1. What is the total amount of damages that plaintiff Sedore has proved with respect to his Retaliation for Exercise of First Amendment Rights claims?
   $_____

Please go to Part E.

**Part E.    Punitive Damages**

If your answer to Question A(3) was "Yes," please answer this question; if not, go to Part E Question 3.

1. <u>Re: Defendant Landfair</u> : Did plaintiff Sedore prove, by a preponderance of the evidence, that the conduct of defendant Landfair both harmed Plaintiff and was recklessly and callously indifferent to plaintiff's First Amendment rights?
    ____ YES ____ NO

If the answer to this question is "Yes", then please answer the next question. If your answer is "No," please go to Part E Question 3.

   2. What amount of punitive damages do you award against defendant Landfair?

   $_____

If your answer to Question B(3) was "Yes," please answer this question; if not, go to Part E Question 5.

   3. <u>Re: Defendant Florek</u> : Did plaintiff Sedore prove, by a preponderance of the evidence, that the conduct of defendant Florek both harmed Plaintiff and was recklessly and callously indifferent to plaintiff's First Amendment rights?
      ____ YES ____ NO

If the answer to this question is "Yes", then please answer the next question. If your answer is "No," please go to Part E Question 3.

   4. What amount of punitive damages do you award against defendant Florek?

   $_____

If your answer to Question C(3) was "Yes," please answer this question; if not, go to Part F.

   5. <u>Re: Defendant Hallet</u> : Did plaintiff Sedore prove, by a preponderance of the evidence, that the conduct of defendant Hallet both harmed Plaintiff and was recklessly and callously indifferent to plaintiff's First Amendment rights?
      ____ YES ____ NO

If the answer to this question is "Yes", then please answer the next question. If your answer is "No," please go to Part F.

   6. What amount of punitive damages do you award against defendant Hallet?

$_____

---

## Part F. Americans with Disabilities Act Claim Against Michigan Department of Corrections

1. Did Plaintiff Sedore prove by a preponderance of the evidence that he is an individual with a disability?

    ____ YES ____ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", please go directly to Part G.

2. Did Plaintiff prove that he was qualified to participate in or receive the benefits of the service, program, or activity in dispute?

    ____ YES ____ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", please go directly to Part G.

3. Did Plaintiff prove that he was excluded from participation in, or denied the benefits of the service, program, or activity, or otherwise subjected to discrimination related to the service, program, or activity?

    ____ YES ____ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", please go directly to Part G.

4. Did Plaintiff prove that this exclusion or denial occurred by reason of his disability?

    ____ YES ____ NO

If your answer to this question is "Yes", please go to the next question on compensatory damages. If your answer to this question is "No", please go directly to Part G.

Compensatory Damages

    5. What is the total amount of damages that Plaintiff has proved with respect to his Americans with Disabilities Act Claim?

       $_____

## Part G. Rehabilitation Act Claim Against Michigan Department of Corrections

    1. Did Plaintiff prove by a preponderance of the evidence that he is an individual with a disability?

       \_\_\_\_ YES \_\_\_\_ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", you are done and can sign the verdict form.

    2. Did Plaintiff prove that he was qualified to participate in or receive the benefits of the service, program, or activity in dispute?

       \_\_\_\_ YES \_\_\_\_ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", you are done and can sign the verdict form.

    3. Did Plaintiff prove that he was excluded from participation in, or denied the benefits of the service, program, or activity, or otherwise subjected to discrimination related to the service, program, or activity?

       \_\_\_\_ YES \_\_\_\_ NO

If your answer to this question is "Yes", please answer the next question.  If your answer to this question is "No", you are done and can sign the verdict form.

    4. Did Plaintiff prove that this exclusion or denial occurred solely because of his disability?

        \_\_\_\_ YES \_\_\_\_ NO

If your answer to this question is "Yes", please answer the next question.  If your answer to this question is "No", you are done and can sign the verdict form.

    5. Did Plaintiff prove that the MDOC receives federal funding?

        \_\_\_\_ YES \_\_\_\_ NO

If your answer to this question is "Yes", please go to the next question on compensatory damages.  If your answer to this question is "No", you are done and can sign the verdict form.

Compensatory Damages

    6. What is the total amount of damages that Plaintiff has proved with respect to his Rehabilitation Act Claim?

        $_____

        Respectfully submitted,

        */s/ O.G. Reasons*
        O.G. Reasons (P80463)
        Assistant Attorney General
        Mich. Dept. of Attorney General
        Attorney for MDOC Defendants
        Corrections Division
        P.O. Box 30217

                                                            Lansing, MI 48909
                                                            (517) 335-3055
Dated: March 13, 2025                        reasonso@michigan.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on March 13, 2025, I electronically filed the foregoing document using the ECF System, which will provide electronic copies to parties of record.

                                               */s/ O.G. Reason*
                                               O.G. Reasons (P80463)
                                             Assistant Attorney General
                                             Attorney for MDOC Defendants