UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SEDORE, #210661, | Case No. 2:22-CV-10060 |
| Plaintiff, | |
| v. | Honorable Gershwin A. Drain<br>United States District Judge |
| Landfair, et al., | |
| Defendant. | |

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

## PLAINTIFF'S SCOTT SEDORE PROPOSED VERDICT FORM

Plaintiff Scott Sedore, by and through counsel, submits the following proposed verdict form:

1

# JURY VERDICT FORM

We the jury unanimously answer the following questions submitted to us:

---

**Part A.**      **Claims against Defendant Sirenna Landfair, RN: Section 1983 Claim – Retaliation for Exercise of First Amendment Rights**

As previously explained, the plaintiff has the burden of proving that the acts of the Defendant Landfair deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the First Amendment to the Constitution when Defendants retaliated against him for exercising his First Amendment rights by placing him in medical segregation under false pretenses, which resulted in the deprivation of his scheduled law library visit during the COVID-19 restrictions.

    Under the First Amendment, an inmate has the right to access the courts and petition the government for redress of grievances. This includes the right to file prison grievances, pursue civil rights litigation against prison officials to advocate for his right to proper treatment and medical service.. To establish the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.     the plaintiff was engaged in conduct protected under the First Amendment;

2.     the defendant took adverse action against the plaintiff;

3.     the defendant took adverse action against the plaintiff because of the plaintiff's protected conduct;

4.     the adverse action taken by the defendant chilled the plaintiff's exercise of his First Amendment rights; and

5.     the action taken by the defendant did not reasonably advance a legitimate correctional goal.

    For this type of claim, adverse action is action that would chill or silence a person of ordinary firmness from engaging in that activity.

To prevail, the plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct. A substantial or motivating factor is a significant factor. [The chronology of events may be considered as circumstantial evidence of a causal connection between the adverse action and the plaintiff's protected conduct.]

1. Defendants retaliated against him for exercising his First Amendment rights by placing him in medical segregation under false pretenses, which resulted in the deprivation of his scheduled law library visit during the COVID-19 restrictions.

    - ____ YES                    ____ NO

2. Did Plaintiff **Scott Sedore** prove by a preponderance of the evidence that Defendant **Sirenna Landfair, RN** take adverse against Plaintiff Sedore for exercising his First Amendment right?

    - ____ YES                    ____ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", please go directly to Part B.

3. Did Defendant **Landfair** prove, by the preponderance of the evidence, that **s**he would have taken the same actions against the Plaintiff even if the Plaintiff had not engaged in protected conduct?

    - ____ YES                    ____ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", please go directly to Part B.

4. Did Plaintiff **Sedore** that Defendant's Landfair's actions chilled or deterred Plaintiff's ability to exercise his First Amendment rights?

   o        \_\_\_\_ YES                              \_\_\_\_ NO

Please go to Part B.

**Part B.**    **Claims against Defendant Alinda Florek, RN: Section 1983 Claim – Retaliation for Exercise of First Amendment Rights**

5. Did Plaintiff **Scott Sedore** prove by a preponderance of the evidence that Defendant **Alinda Florek, RN** take adverse against Plaintiff Sedore for exercising his First Amendment right?

   o        \_\_\_\_ YES                              \_\_\_\_ NO

   If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", please go directly to Part C.

6. Did Defendant **Florek** prove, by the preponderance of the evidence, that she would have taken the same actions against the Plaintiff even if the Plaintiff had not engaged in protected conduct?

   o        \_\_\_\_ YES                              \_\_\_\_ NO

   If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", please go directly to Part B.

7. Did Plaintiff **Sedore** that Defendant's **Landfair's** actions chilled or deterred Plaintiff's ability to exercise his First Amendment rights?

   o        \_\_\_\_ YES                              \_\_\_\_ NO

4

Please go to Part C.

**Part C.    Claims against Defendant Victoria Hallet, DO : Section 1983 Claim – Retaliation for Exercise of First Amendment Rights**

8. Did Plaintiff **Scott Sedore** prove by a preponderance of the evidence that Defendant **Victoria Hallet, DO** take adverse against Plaintiff Sedore for exercising his First Amendment right?

    - ____ YES        ____ NO

    If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", please go directly to Part D.

9. Did Defendant **Hallet** prove, by the preponderance of the evidence, that she would have taken the same actions against the Plaintiff even if the Plaintiff had not engaged in protected conduct?

    - ____ YES        ____ NO

    If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", please go directly to Part D.

10. Did Plaintiff **Sedore** that Defendant's **Hallets's** actions chilled or deterred Plaintiff's ability to exercise his First Amendment rights?

    - ____ YES        ____ NO

    Please go to Part D.

**Part D.     Compensatory Damages**

If you answered "Yes" to Question A(3), Question B(3), or Question C(3), then answer the following question. If not, then go to Part F.

1. What is the total amount of damages that plaintiff Sedore has proved with respect to his Section 1983 Claim – Retaliation for Exercise of First Amendment Rights?

    $_____

Please go to Part E.

**Part E.     Punitive                                                                                       Damages**

If your answer to Question A(3) was "Yes," please answer this question; if not, go to Part E Question 3.

1. **Re: Defendant Landfair** : Did plaintiff **Sedore** prove, by a preponderance of the evidence, that the conduct of defendant **Landfair** actions chilled or deterred Plaintiff's ability to exercise his First Amendment rights?

2. **Defendant Landfair** and was recklessly and callously indifferent to plaintiff's First Amendment rights?

    o        \_\_\_\_ YES                              \_\_\_\_ NO

If the answer to this question is "Yes", then please answer the next question. If your answer is "No," please go to Part E Question 3.

3. What amount of punitive damages do you award against defendant Landfair?

    $_____

If your answer to Question B(3) was "Yes," please answer this question; if not, go to Part E Question 5.

6

4. **Re: Defendant Florek** : Did plaintiff **Sedore** prove, by a preponderance of the evidence, that the conduct of defendant **Florek** actions chilled or deterred Plaintiff's ability to exercise his First Amendment rights?

    **Defendant Florek** was recklessly and callously indifferent to plaintiff's First Amendment rights?

    - ____ YES ____ NO

If the answer to this question is "Yes", then please answer the next question. If your answer is "No," please go to Part E Question 3.

5. What amount of punitive damages do you award against Defendant Florek?

    $_____

If your answer to Question C(3) was "Yes," please answer this question; if not, go to Part F.

1. **Re: Defendant Hallet** : Did plaintiff **Sedore** prove, by a preponderance of the evidence, that the conduct of defendant **Hallet** actions chilled or deterred Plaintiff's ability to exercise his First Amendment rights?

2. **Defendant Hallet** was recklessly and callously indifferent to plaintiff's First Amendment rights?

    - ____ YES                    ____ NO

3. If the answer to this question is "Yes", then please answer the next question. If your answer is "No," please go to Part F.
4. What amount of punitive damages do you award against defendant **Hallet**?

    $_____

**Part F. Title II of the Americans with Disabilities Act (ADA) Claim against Michigan Department of Corrections (MDOC)**

Did Plaintiff Sedore prove by a preponderance of the evidence that he is an individual with a disability?

- ____ YES              ____ NO

If your answer to this question is "Yes", please answer the next question.
If your answer to this question is "No", please go directly to Part G.
2. Did Plaintiff prove that he was qualified to participate in or receive the benefits of the service, program, or activity in dispute?

____ YES ____ NO
If your answer to this question is "Yes", please answer the next question.
If your answer to this question is "No", please go directly to Part G.
3. Did Plaintiff prove that he was excluded from participation in, or denied the benefits of the service, program, or activity, or otherwise subjected to discrimination related to the service, program, or activity?

____ YES ____ NO
If your answer to this question is "Yes", please answer the next question.
If your answer to this question is "No", please go directly to Part G.
4. Did Plaintiff prove that this exclusion or denial occurred by reason of his disability?

____ YES ____ NO

If your answer to this question is "Yes", please go to the next question on compensatory damages. If your answer to this question is "No", please go directly to Part G.

Compensatory Damages

5. What is the total amount of damages that Plaintiff has proved with respect to his Americans with Disabilities Act Claim?

$_____

**Part G. Rehabilitation Act Claim Against Michigan Department of Corrections (MDOC)**

1. Did Plaintiff prove by a preponderance of the evidence that he is an individual with a disability?

    - ____ YES          ____ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", you are done and can sign the verdict form.

2. Did Plaintiff prove that he was qualified to participate in or receive the benefits of the service, program, or activity in dispute?

    - ____ YES          ____ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", you are done and can sign the verdict form.

3. Did Plaintiff prove that he was excluded from participation in, or denied the benefits of the service, program, or activity, or otherwise subjected to discrimination related to the service, program, or activity?

- ____ YES                    ____ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", you are done and can sign the verdict form.

4. Did Plaintiff prove that this exclusion or denial occurred solely because of his disability?

- ____ YES                    ____ NO

If your answer to this question is "Yes", please answer the next question. If your answer to this question is "No", you are done and can sign the verdict form.

5. Did Plaintiff prove that the MDOC receives federal funding?

- ____ YES                    ____ NO

If your answer to this question is "Yes", please go to the next question on compensatory damages. If your answer to this question is "No", you are done and can sign the verdict form.

**Compensatory Damages**

6. What is the total amount of damages that Plaintiff has proved with respect to his Rehabilitation Act Claim?

$_____

Dated: March 13, 2025,                     LIGHTHOUSE LITIGATION, PLLC

                                           By:/S/Joshua S. Goodrich
                                           Joshua S. Goodrich, J.D., LL.M.
                                           (P83197)
                                           Attorneys for Plaintiff
                                           5208 W. Saginaw Hwy.
                                           Lansing, MI 48917
                                           (269) 312-7435
                                           jsgoodrich@lighthouse-litigation.com

# ERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 13, 2025, I filed this instant motion, electronically filed the above and foregoing PLAINTIFF'S SCOTT SEDORE PROPOSED VERDICT FORM with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

      By:/s/Joshua S. Goodrich
      Joshua S. Goodrich, J.D., LL.M. (P83197)