# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SCOTT SEDORE, #210661,

      Plaintiff,

v.

Landfair, et al.,

      Defendant.

Case No. 2:22-CV-10060

Honorable Gershwin A. Drain
United States District Judge

---

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com


MI DEPT. OF ATTORNEY
GENERAL
OG Reasons (P80463)
Attorneys for the MDOC
Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

## PLAINTIFF'S SCOTT SEDORE PROPOSED JURY INSTRUCTIONS

Plaintiff Scott Sedore, by and through counsel, and pursuant to Fed. R. Civ. P. 51 requests the Court to instruct the jury in accordance with the following proposed jury instructions:

## Table of Contents

Introduction ............................................................................................................. 5

Jurors' Duties ......................................................................................................... 6

**More Than One Defendant** ................................................................................ 7

Evidence Defined .................................................................................................. 8

Consideration of Evidence .................................................................................... 10

Direct and Circumstantial Evidence ..................................................................... 11

Credibility of Witnesses ....................................................................................... 12

Number of Witnesses and Evidence Presented ..................................................... 15

All Available Evidence Need Not Be Produced ..................................................... 16

Single Witness ....................................................................................................... 17

Not Required to Accept Uncontradicted Testimony .............................................. 18

Lawyers' Objections .............................................................................................. 19

Introduction ........................................................................................................... 20

Preponderance of the Evidence ............................................................................. 21

Burden of Proof ..................................................................................................... 22

Generally – §1983 Action ...................................................................................... 23

Specific Elements of Claim ................................................................................... 24

Consider Damages Only If Necessary ................................................................... 30

Damages - Reasonable - Not Speculative .............................................................. 31

Actual Damages – Compensatory / Presumed Damages ....................................... 32

Nominal Damages .................................................................................................. 33

Punitive Damages .................................................................................................. 34

Introduction ....................................................................................................... 35

Stipulations of Fact ........................................................................................... 36

Impeachment - Inconsistent Statement or Prior Conviction.................................... 38

Introduction ....................................................................................................... 39

Research and Investigation ................................................................................. 40

Duty to Deliberate.............................................................................................. 42

Notes.................................................................................................................. 44

Verdict Form...................................................................................................... 45

Court Has No Opinion........................................................................................ 46

## Introduction

Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements of the claims made by the plaintiff.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then the lawyers will make their closing arguments.

After closing arguments, I will then explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## Jurors' Duties

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you have seen and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if plaintiff has proved his claim by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## More Than One Defendant

Although there is more than one defendant in this action, it does not follow from that fact alone that if one is liable, all are liable. Each defendant's defense is entitled to a fair consideration by you and is not to be prejudiced by the fact, if it should become a fact, that you find against another defendant. Unless otherwise stated, all instructions apply to each defendant.

## Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court.   Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the parties agreed to; and any facts that I have judicially noticed.

Nothing else is evidence.   The lawyers' statements and arguments are not evidence.   Their questions and objections are not evidence.   My legal rulings are not evidence.   And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that were asked.   I also ruled that you could not see some of the exhibits that the parties wanted you to see.   And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record or I allowed some evidence to be considered by you for a limited purpose.   You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted.   Do not speculate about what a witness might have said or what an exhibit might have shown. Things that are not evidence are not to influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

# Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that it is raining outside, and you believed the witness, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Credibility of Witnesses

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You might be guided by the appearance and conduct of the witness, or by the manner in which the witness testified, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, demeanor, and manner while on the stand. Consider each witness's ability to observe the facts as to which he or she has testified and whether he or she impresses you as having accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you the jury to discredit such testimony. Two or more persons witnesses an incident or a transaction may see or hear it differently, and innocent misrecollection is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter

of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight as you determine it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

## All Persons Equal Before the Law

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.

## Number of Witnesses and Evidence Presented

The number of witnesses who testified makes no difference.

Do not make any decision based only on the number of witnesses who testified or quantity of evidence presented. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy. Concentrate on that, not the numbers.

## All Available Evidence Need Not Be Produced

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.   Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## Single Witness

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

## Not Required to Accept Uncontradicted Testimony

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

## Lawyers' Objections

The lawyers for both sides objected to some of the things that were said or done during the trial.   Do not hold that against either side.   The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.   Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided.   My rulings were based on the rules of evidence, not on any opinion I might have about the case.   Remember that your decision must be based only on the evidence that you saw and heard here in court.

# Introduction

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  In a moment, I will explain the elements of the plaintiff's claim against the defendant.

But before I do that, I want to emphasize that this trial is only on the particular claims alleged in plaintiff's complaint filed in this case.  Your job is limited to deciding whether the plaintiff has proved the claims alleged in this case.

# Preponderance of the Evidence

The plaintiff must prove each essential element of their claim by a preponderance of the evidence. This does not mean absolute certainty, nor does it require proof beyond a reasonable doubt, which is a much higher standard used only in criminal cases.

A preponderance of the evidence means that the evidence makes a fact more likely true than not true. In other words, if you find that the plaintiff's evidence is even slightly more persuasive than the defendant's, then the plaintiff has met this burden.

You should consider all the evidence presented, weighing its credibility and persuasiveness. The law recognizes that proof to an absolute certainty is rarely possible, and the plaintiff need not eliminate all doubt—only show that their version of events is more likely than not.

If, after considering all the evidence, you find that the scales tip—even slightly—in favor of the plaintiff, then the plaintiff has met their burden of proof, and you should find in their favor on that issue.

# Burden of Proof

The plaintiff must prove each essential element of their claim by a preponderance of the evidence. This does not mean absolute certainty, nor does it require proof beyond a reasonable doubt, which is a much higher standard used only in criminal cases.

A preponderance of the evidence means that the evidence makes a fact more likely true than not true. In other words, if you find that the plaintiff's evidence is even slightly more persuasive than the defendant's, then the plaintiff has met this burden. The law does not require overwhelming proof—only that the plaintiff's evidence outweighs the defendant's, even if only by the weight of a feather.

You should consider all the evidence presented, weighing its credibility and persuasiveness. The law recognizes that proof to an absolute certainty is rarely possible, and the plaintiff need not eliminate all doubt—only show that their version of events is more likely than not.

If, after considering all the evidence, the scales tip even slightly in favor of the plaintiff—even by the smallest margin, like the weight of a feather—then the plaintiff has met their burden of proof, and you should find in their favor on that issue.

## Generally – §1983 Action

42 U.S. Code Section 1983, the federal statute under which Plaintiff sues, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the U.S. Constitution or laws of the United States.

**Specific Elements of Claim**

**<u>First Amendment – Retaliation</u>**

In order to establish his claim for violation of the First Amendment, Plaintiff must prove his claim that a Defendant(s) retaliated against him by a preponderance of the evidence, by satisfying each and every one of the following three elements:

(1)     That Plaintiff engaged in constitutionally protected conduct;

(2)     That Defendant(s) took an adverse action against Plaintiff; and

(3)     That Defendant's adverse action was motivated by Plaintiff's protected conduct.

I will explain each of these elements in more detail.

**Protected Conduct**

Plaintiff has a First Amendment right to file grievances and lawsuits against prison officials.  However, that right is protected only to the extent such grievance/lawsuit is not frivolous.

**Adverse Action**

An adverse action is an act that is capable of deterring a person of ordinary firmness from pursuing his First Amendment rights.

**Motivation**

Plaintiff has the burden of establishing by a preponderance of the evidence that there is a causal connection between the protected conduct and the adverse

action. In other words, the adverse action by would not have occurred absent a retaliatory motive from Defendant(s) based on Plaintiff's protected conduct.

**Defendant's Rebuttal**

If you find that Plaintiff has proven all three of these elements, Defendant(s) then has the burden of establishing, by a preponderance of the evidence, that she would have taken the same action even if Plaintiff had not engaged in the protected activity.

**Summary**

If you find the Plaintiff has proven each of the three elements by a preponderance of the evidence, and that Defendant(s) cannot show that she would have taken the same action in the absence of the protected activity, your verdict will be for the Plaintiff, and then you should consider the question of damages.

If you find either that Plaintiff has failed to prove any of the three elements, or that Defendant(s) has shown that she would have taken the same action in the absence of the protected activity, your verdict will be for Defendant(s).

A separate analysis of these elements must be made as to Defendant Landfair, Defendant Florek, and Defendant Hallet.

## AMERICANS WITH DISABILITIES ACT CLAIM

To prevail on his ADA claim, Plaintiff must prove the following by a preponderance of the evidence:

1. Plaintiff has a disability.

2. Plaintiff was otherwise qualified to take part in a service, program, or activity in dispute.

3. Plaintiff was excluded from participation in a program or activity, denied benefits to which he was entitled, or otherwise subjected to discrimination.

4. This exclusion occurred because of his disability.

# REHABILITATION ACT CLAIM

To prevail on his Rehabilitation Act claim, Plaintiff must prove the following by a preponderance of the evidence:

1. Plaintiff has a disability.

2. Plaintiff was otherwise qualified to take part in a service, program, or activity in dispute.

3. Plaintiff was excluded from participation in a program or activity, denied benefits to which he was entitled, or otherwise subjected to discrimination.

4. This exclusion occurred solely because of his disability.

5. The MDOC receives federal funding.

## Proximate Cause

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

## Proximate Cause and Proximately Contributed

As previously instructed, "proximate cause or proximately contributed" means, first, that there must have been a connection between the defendant's actions and the plaintiff's injury and, second, that the occurrence which is claimed to have produced the injury was a natural and probable result of the defendant's conduct.

## Consider Damages Only If Necessary

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

## Damages - Reasonable - Not Speculative

Damages must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's acts or omissions.  Except for punitive damages, which is described below, damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

## Actual Damages – Compensatory / Presumed Damages

If you find in favor of Plaintiff, then you must award Plaintiff such sum as you find from the preponderance of the evidence will fairly and justly compensate him for any damages you find he sustained as a direct result of the violation of his First Amendment rights. There are two types of damages that fall within this category of actual damages: compensatory damages and presumed damages.

Compensatory damages must be based on the actual monetary loss suffered by Plaintiff. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

The law also provides for presumed damages when a First Amendment violation occurs. Presumed damages may be awarded when a plaintiff suffers an actual injury, but it is difficult to quantify precisely the damages caused by that injury. However, a presumed damages award must focus on the real damages sustained and not on either the abstract value of the constitutional right at issue or the importance of that right in our system of government.

## Nominal Damages

If you find in favor of the Plaintiff but determine that the Plaintiff has not proven actual monetary harm, you must still return a verdict in the Plaintiff's favor. In such a case, you should award nominal damages in the amount of one dollar ($1).

Nominal damages are awarded when a plaintiff's rights have been violated, but the extent of the harm does not result in measurable financial loss. This award recognizes that the Plaintiff's legal rights were infringed and affirms the principle that such violations should not go unaddressed, even if no significant economic harm resulted.

# Punitive Damages

In addition to the damages mentioned in the other instructions, the law permits you to award an injured person punitive damages under certain circumstances in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of plaintiff and against defendant, and if you find the conduct of that defendant was recklessly and callously indifferent to plaintiff's First Amendment rights, then in addition to any other damages to which you find the plaintiff is entitled, you may, but are not required to, award plaintiff an additional amount as punitive damages if you find it is appropriate to punish defendant or deter defendant and others from like conduct in the future. Whether to award plaintiff punitive damages and the amount of those damages are within your sound discretion.

Punitive Damages may only be awarded on the First Amendment claim. Punitive damages are not available under the ADA or Rehabilitation Act.

## Introduction

That concludes the part of my instructions explaining the elements of the claim made by plaintiff and how to calculate damages if you find that damages should be awarded.   Next I will explain some rules that you must use in considering some of the testimony and evidence.

## Stipulations of Fact

The parties have agreed to certain facts that have been given to you. You should therefore treat these facts as having been proved

### Witness Who Has Been Interviewed by an Attorney

It has been brought out that an attorney has talked with witnesses. There is nothing wrong with an attorney talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

# Impeachment - Inconsistent Statement or Prior Conviction

A witness's credibility may be assessed based on various factors, including contradictory evidence, prior inconsistent statements or actions, or other circumstances that bear on the reliability of their testimony.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is one factor you may consider when evaluating that witness's credibility. However, **a prior conviction does not automatically discredit a witness or render their testimony untrustworthy**. It is simply one of many considerations in determining the weight and reliability of their statements.

It is solely within your discretion to decide how much, if any, significance to give this factor in light of all the evidence presented. You must evaluate the testimony of every witness fairly and impartially, considering the totality of the circumstances, rather than relying solely on any single factor.

## Introduction

Now let me conclude by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson.   This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.   If you have any question or message, you must write it down on a piece of paper, sign it, and then give it to the jury officer. The officer will give the message to me, and I will respond as soon as I can.   I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.   Any question or message normally should be sent to me through your foreperson.

You will be given the documents that were admitted into evidence.   If you want to see any of the exhibits that were admitted into evidence and which you do not have, you may send me a message, and those exhibits will be provided to you.

One more thing about messages.   Do not ever write down or tell anyone how you stand on your votes.   For example, do not write down or tell anyone that you are split, or whatever your vote happens to be.   That should stay secret until you are finished.

## Research and Investigation

Remember that you must make your decision based only on the evidence that you saw and heard here in court. The instructions I have given you throughout trial also apply to your deliberations. Do not try to gather any information about the case on your own. Do not bring any book, like a dictionary, or anything else with you to help you with your deliberations. Do not conduct any independent research, reading, or investigation about the case.

In addition to not discussing the case with anyone in person or on the telephone, you are not to use electronic communications about this case with anyone until you have reached your final conclusion in the case and you are told that you can discuss the case under the conditions that I will describe to you at that time. It would violate your oath, for example, to try to keep a family member, friend, or the media up-to-date about what is happening during the trial or while you are in the jury room. For example, do not use email, or a site such as Twitter to communicate about the case. Such communications, whether you intend so or not, would involve people who are not jurors in possibly influencing you in your decision at the conclusion of the trial. These people have not taken your oath to make a decision based solely on the evidence that you hear in court. Remember, that both parties are entitled to a fair trial by you and you must follow the instructions as to the law that

I am giving you now and that I gave you throughout the trial.   Make your decision

based only on the evidence that you saw and heard here in court.

## Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.   In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.   Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences.   Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

Also, be mindful that you each may process information differently or have different approaches to your deliberations.   For example, some of you may need to think quietly while others may want to openly discuss their thoughts.   It may take more time for some of you, than for others, to reach a decision.   Be patient and considerate of each other's needs as you deliberate.   Try your best to work out your differences.   Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.   In the end, your vote must be exactly that - your own vote.   It is important for you to reach agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself whether plaintiff's claims were proved by a preponderance of the evidence.

# Notes

During the trial, I permitted you to take notes and I have noticed that several of you have done so. As I said at the beginning of the trial, there is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus was not written down, may have taken on greater importance later in the trial in light of all the evidence presented. Therefore, you are again instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and may not be a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

**Verdict Form**

I have prepared a verdict form for your use. A verdict form is simply the written notice of your decision. Whatever decision you reach in this case must be the unanimous decision of all of you. When all of you agree upon a verdict, it will be received as your verdict.

After both verdict form is completed, your foreperson should give a written note to the bailiff. That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom. The parties will then be informed of your verdicts.

## Court Has No Opinion

Let me emphasize something that I said to you earlier.   Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves whether the plaintiff's claims were proved by a preponderance of the evidence.

Dated: March 13, 2025,                LIGHTHOUSE LITIGATION, PLLC


By:/S/Joshua S. Goodrich
Joshua S. Goodrich, J.D., LL.M. (P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy.
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2025, I filed this instant motion, electronically filed the above and foregoing PLAINTIFF'S SCOTT SEDORE PROPOSED JURY INSTRUCTIONS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.


By:/s/Joshua S. Goodrich

Joshua S. Goodrich, J.D., LL.M. (P83197)