UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE #210661,

    Plaintiff,

v

SIRENNA LANDFAIR, *et al.*,

    Defendants.

NO. 2:22-cv-10060

HON. GERSHWIN A. DRAIN

_____
Joshua S. Goodrich (P83197)
Lighthouse Litigation PLLC
Attorney for Plaintiff
5208 W. Saginaw Hwy.
Lansing, MI  48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

Connor A. McLaughlin (P83229)
Thomas G. Hackney (P81283)
Hackney Odlum & Dardas
Attorneys for Def. Hallett
10850 E. Traverse Hwy., Ste. 4440
Traverse City, MI  49686
(231) 642-5026
cmclaughlin@hodlawyers.com
thackney@hodlawyers.com

O.G. Reasons (P80463)
Assistant Attorney General
Mich. Dept. of Attorney General
Attorney for Defs. Florek,
  Landfair & MDOC
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

_____/

## NON-PARTY KIM CARGOR'S MOTION TO QUASH SUBPOENA

## EXPEDITED CONSIDERATION REQUESTED

Non-party, Kim Cargor, moves pursuant to Fed. R. Civ. P. (45)(d)(3), to quash a subpoena presented to her the evening of Saturday, March 15, 2025, commanding her appearance at the upcoming trial in this matter on March 19, 2025. Concurrence in this motion was sought by telephone to Plaintiff's counsel on March 16, 2025, but concurrence in withdrawing the subpoena was not obtained.

                        Respectfully submitted,

                        */s/O.G. Reasons*
                        O.G. Reasons (P80463)
                        Assistant Attorney General
                        Attorney for Defs. Florek, Landfair,
                           & MDOC
                        Michigan Dept. of Attorney General
                        Corrections Division
                        P.O. Box 30217
                        Lansing, MI 48909
                        (517) 335-3055
                        reasons@michigan.gov

Dated: March 17, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE #210661,

        NO. 2:22-cv-10060

    Plaintiff,

v                                      HON. GERSHWIN A. DRAIN

SIRENNA LANDFAIR, *et al.*,

    Defendants.

_____

| | |
|---|---|
| Joshua S. Goodrich (P83197) | O.G. Reasons (P80463) |
| Lighthouse Litigation PLLC | Assistant Attorney General |
| Attorney for Plaintiff | Mich. Dept. of Attorney General |
| 5208 W. Saginaw Hwy. | Attorney for Defs. Florek, |
| Lansing, MI 48917 |   Landfair & MDOC |
| (269) 312-7435 | Corrections Division |
| jsgoodrich@lighthouse-litigation.com | P.O. Box 30217 |
| | Lansing, MI 48909 |
| Connor A. McLaughlin (P83229) | (517) 335-3055 |
| Thomas G. Hackney (P81283) | reasonso@michigan.gov |
| Hackney Odlum & Dardas | |
| Attorneys for Def. Hallett | |
| 10850 E. Traverse Hwy., Ste. 4440 | |
| Traverse City, MI 49686 | |
| (231) 642-5026 | |
| cmclaughlin@hodlawyers.com | |
| thackney@hodlawyers.com | |

_____/

# BRIEF IN SUPPORT OF NON-PARTY KIM CARGOR'S MOTION TO QUASH SUBPOENA

## CONCISE STATEMENT OF ISSUES PRESENTED

1. On a timely motion, a court must quash or modify a subpoena that subjects a person to undue burden. Plaintiff's non-party subpoena subjects Kim Cargor to undue burden, as it commands her to appear at trial on unreasonably short notice, and the appearance would conflict with scheduled medical appointments. Should this Court quash the subpoena?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 45(d)(3)

## STATEMENT OF FACTS

On October 17, 2024, the court set this matter for a March 18, 2025, trial. (ECF No. 123.) On March 11, 2025, the court required the parties to file a witness synopsis list of all witnesses that will be called at trial by March 13, 2025. (ECF No. 135.) Plaintiff filed his witness list on March 13, 2025, and did not include Kim Cargor as a witness.

On the evening of Saturday, March 15, 2025, Plaintiff's counsel went to Ms. Cargor's residence and presented her a subpoena commanding her appearance at trial on Wednesday, March 19, 2025. (Ex. A, Cargor Declaration.) Ms. Cargor is currently on FMLA leave, has multiple prescheduled medical obligations the week of March 17-21, including Wednesday, March 19, and therefore, cannot appear at trial. (*Id.*)

## ARGUMENT

**I. The Court should quash the subpoena based on its unreasonably late service.**

The subpoena should be quashed under Rule 45(d)(3). Trial courts *must* quash or modify a subpoena that (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond the geographical limits specified in Rule 45(c), (3) requires disclosure of privileged or

6

other protected information if no exception or waiver applies, or (4) subjects a person to undue burden. Fed. R. Civ. P. 45. There is no specific number-of-days deadline listed under Rule 45 regarding how many days prior to trial that a subpoena must be served, however, serving a subpoena on a Saturday night before an upcoming trial the next week certainly must be unreasonable. While no case precedent with the specific facts at issue here could be found, there is much case precedent stating, that in general, serving a Rule 45 subpoena this late in time is unreasonable.

    Time periods under one week have consistently been found to be unreasonable for both subpoenas for documents and subpoenas for individuals to appear for deposition testimony. "[S]ubpoenas … issued three days before trial" did not provide "a reasonable time to comply with them." *Hillman Power Co., LLC v. On-Site Equip Maint., Inc.*, 672 F Supp 3d 379, 386 (E.D. Mich. 2023) (citing *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552–53 (6th Cir. 2015) (affirming district court's quashing of discovery subpoenas issued one week before trial); *see also Memorial Hospice, Inc. v. Norris,* No. 2:08–CV–084–B–A, 2008 WL 4844758, at * 1 (N.D. Miss. Nov. 5, 2008) (eight days' notice of

7

deposition not reasonable); *United States v. Phillip Morris Inc.,* 312 F.Supp.2d 27 (D.D.C.2004) (three business days' notice not reasonable); *In Re: Stratosphere Corporation Securities Litigation,* 183 F.R.D. 684, 687 (D. Nev. 1999) (six days' notice not reasonable); *United States v. Woods,* 931 F. Supp. 433, 442 n. 3 (E.D. Va.1996) (subpoenas served seven days before a hearing did not provide reasonable time to comply).

Not only does the subpoena at issue not provide a reasonable time to comply, it also imposes an undue burden on Ms. Cargor. Ms. Cargor is on FLMA leave and has numerous medical appointments next week, including on Wednesday March 19. (Ex. A, Cargor Declaration.) Commanding Ms. Cargor to cancel medical appointments to attend trial on such short notice imposes an undue burden on her. Accordingly, the subpoena should be quashed.

**II. The testimony Plaintiff's seeks to elicit from Ms. Cargor is not relevant to the incident at issue.**

Ms. Cargor was not employed at JCF in June 2021, which is when the incident at issue occurred, and therefore, Ms. Cargor has no personal involvement in the incident. (Ex. A, Cargor Declaration.) After receiving information that a subpoena was served on Ms. Cargor, the undersigned called and spoke over the telephone with Plaintiff's

8

counsel, as Ms. Cargor was not included as a witness on Plaintiff's witness list filed March 13, 2025. (*See* ECF No. 135.) Upon information and belief, the testimony that Plaintiff's seeks to elicit from Ms. Cargor is not about the relevant incident, but about the allegations in an unrelated lawsuit Ms. Cargor filed against the MDOC. That lawsuit has no relevance to this case. For this reason as well, the subpoena should be quashed.

## CONCLUSION AND RELIEF REQUESTED

For the reasons discussed above, non-party Kim Cargor respectfully requests this Honorable Court enter an order quashing Plaintiff's subpoena commanding her to appear at trial in this matter

Respectfully submitted,

*/s/ O.G. Reasons*
O.G. Reasons (P80463)
Assistant Attorney General
Mich. Dept. of Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

Dated: March 17, 2025

## CERTIFICATE OF SERVICE

  I hereby certify that on March 17, 2025, I electronically filed the foregoing document using the ECF System, which will provide electronic copies to parties of record.

           */s/ O.G. Reason*
           O.G. Reasons (P80463)
           Assistant Attorney General
           Attorney for MDOC Defendants