UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE #210661,

    Plaintiff,

v

SIRENNA LANDFAIR, *et al.*,

    Defendants.

NO. 2:22-cv-10060

HON. GERSHWIN A. DRAIN

___

| | |
|---|---|
| Joshua S. Goodrich (P83197)<br>Lighthouse Litigation PLLC<br>Attorney for Plaintiff<br>5208 W. Saginaw Hwy.<br>Lansing, MI 48917<br>(269) 312-7435<br>jsgoodrich@lighthouse-litigation.com<br><br>Connor A. McLaughlin (P83229)<br>Thomas G. Hackney (P81283)<br>Hackney Odlum & Dardas<br>Attorneys for Def. Hallett<br>10850 E. Traverse Hwy., Ste. 4440<br>Traverse City, MI 49686<br>(231) 642-5026<br>cmclaughlin@hodlawyers.com<br>thackney@hodlawyers.com | O.G. Reasons (P80463)<br>Assistant Attorneys General<br>Mich. Dept. of Attorney General<br>Attorneys for Defs. Florek, Landfair &<br>  MDOC<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>reasonso@michigan.gov |

___

**FINAL PRETRIAL ORDER**

A final pretrial conference was held on the 12th day of March 2025. Appearing for

the parties as counsel were:

- Joshua Goodrich for Plaintiff Sedore
- O.G. Reasons for Defendants Florek, Landfair and MDOC
- Tom Hackney for Defendant Hallet

**(1) Jurisdiction**

Subject-matter jurisdiction over this action is proper in this court under 28 U.S.C. § 1331. This matter involves a federal question of law under the First Amendment to the U.S. Constitution.

**(2) Plaintiff's Statement of Claims**

Plaintiff Scott Sedore, an incarcerated individual, asserts claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act (ADA), and Section 504 of the Rehabilitation Act. The claims primarily focus on allegations of First Amendment retaliation and disability discrimination.

**First Amendment Retaliation Claim**s

Sedore alleges that MDOC officials and Dr. Hallet retaliated against him for filing grievances and preparing a lawsuit against prison healthcare staff, including Defendants Sirenna Landfair and Alinda Florek. Specifically, he claims:

- He had a history of filing grievances about his medical care, which Defendants were aware of.
- On June 16, 2021, he was placed in segregation under the pretext that he had engaged in self-harm.

- Defendants' true motivation for placing him in segregation was to punish him for his legal actions, as he was on his way to the law library to prepare a lawsuit naming Defendants.
- Being placed in segregation delayed his lawsuit filing by one week.
- He was kept in a segregation cell that was too small for his wheelchair, causing him debilitating pain.

Dr. Hallet placed the following statement "He also let it be known that he is suing a plethora of individuals" this statement is in direct violation of MDOC policy. MDOC Prisoner/Parolee Grievances 03.02.130 (3/18/2019) This statement placed all individuals on actual notice that review the medical records of his protected activity.

Per policy "Staff shall avoid any action that give the appearance of reprisal for using the grievance process. "Grievance shall not be placed in […] or placed in the prisoner health record." A mental health professional (Dr. Jones) reviewed his situation and determined that his placement in segregation was unwarranted and potentially retaliatory.

**Americans with Disabilities Act (ADA) & Rehabilitation Act Claims**

Sedore claims that MDOC and its officials violated the ADA and Rehabilitation Act by failing to provide reasonable accommodations for his disability:

3

- Sedore is a wheelchair user, and the segregation cell he was placed in was too small to accommodate his wheelchair.

- He argues that this constituted disability discrimination because he was denied access to a facility or service in a manner that failed to reasonably accommodate his needs.

- He asserts that the denial of proper accommodations in segregation resulted in pain and suffering, thus violating his rights under both statutes.

**Relief Sought**

Sedore seeks: Monetary damages for the alleged constitutional violations and statutory discrimination.

Injunctive relief to prevent future retaliatory actions or discrimination against him.

**(3)** **Defendant Hallet's Statement of Claims/Defenses**

Defendant Hallet denies that she retaliated against Plaintiff for exercising his First Amendment rights. Defendant Hallet was not involved with the decision to place Plaintiff in segregation nor to monitor the Plaintiff for self-harm. Defendant Hallet had a telephone visit with Plaintiff on June 15, 2021. Defendant Hallet noted Plaintiff's low platelet count from May 19, 2021, and ordered a new lab draw with urgent priority. Defendant Hallet did not observe or document any risk or ideation

of self-harm by Plaintiff. Defendant Hallet noted that Plaintiff raised that he is suing "a plethora of individuals." Defendant Hallet did not respond to Plaintiff's June 14/15, 2021, kite and did not examine or monitor the patient while he was in segregated housing on or about June 16, 2021. As Defendant Hallet was not involved in the alleged adverse action, she cannot be held liable for violating Plaintiff's First Amendment rights.

### Defendant Landfair, Florek, and MDOC's Statement of Claims

Defendants Landfair and Florek deny retaliating against Sedore. Sedore sent a medical request to healthcare staff stating that he had recently "cut himself and bled for 4-5 hours" without telling any MDOC staff. As required, MDOC policy related to self-injurious behavior was followed and Sedore was placed in a holding cage, and a referral was made for a qualified mental health professional to conduct a psychological evaluation related to any risk to Plaintiff. The referral had nothing to do with grievances or lawsuits from Sedore.

The MDOC did not violate the Americans with Disabilities Act or Rehabilitation Act. Sedore was placed in a holding cell for only a short period of less than two hours. The holding cell was large enough for Sedore's wheelchair.

**(4) Stipulation of Facts**

- In June 2021, Plaintiff Scott Sedore was an inmate at G. Robert Cotton Correctional Facility (JCF).
- In June 2021, Defendant Victoria Hallet, DO was a medical doctor employed by Corizon Health, Inc. to provide prison healthcare services to inmates at JCF.
- In June 2021, Defendant Sirenna Landfair, RN was a nurse employed by the Michigan Department of Corrections to provide prison health services to inmates a JCF.
- In June 2021, Defendant Alinda Florek, RN was a nurse employed by the Michigan Department of corrections to provide prison health services to inmates a JCF.

**(5) Issues of Fact to be Litigated**

- Did Landfair retaliate against Sedore by doing a mental health referral because of his grievances.
- Did Florek retaliate against Sedore by doing a mental health referral because of his grievances.
- Did Hallet retaliate against Sedore because of his grievances.
- Did the MDOC violate the ADA when Sedore was placed in the holding cell.
- Did the MDOC violate the Rehabilitation Act when Sedore was placed in the holding cell.

**(6) Issues of Law to be Litigated**

- Any outstanding pretrial matters concerning issues of law, including jury instruction and verdict forms.
- Any outstanding motions in limine.
- Any evidentiary objections made at trial.
- Any post-trial motions concerning judgement notwithstanding the verdict, judgement as a matter of law, and other post-trial motions, should they arise.
- Can Plaintiff be awarded punitive damages for his injuries.
- Can Plaintiff be awarded compensatory damages for his injuries.
- Can Plaintiff prove that Defendants retaliated against him under the first Amendment of the Constitution
- Can Plaintiff prove that Defendant MDOC violated the ADA or Rehabilitation act.

## (7) Evidence Problems Likely to Arise at Trial

Plaintiff does not currently have photos, dimensions, or manufacture of the holding segregation cage.

## (8) Witnesses

Plaintiff's Witness List

| Name | Will Call/ May Call |
|---|---|
| Scott Sedore | Will Call |
| Alinda Florek, RN | Will Call |
| Sirenna Landfair, RN, JCF HUM in 2021 | Will Call |
| Dr. Alison W. Jones, PHD | Will Call |
| Brian Stricklin, RN | Will Call |
| Victoria Hallet, DO | Will Call |
| Grievance Coordinator Unknown Cobb | May Call |
| Carolyn Nelson (Department Analyst) | May Call |
| Russell Mangon (Step III) MDOC Legal Affairs | May Call |
| Cathy Pulford (HIM) | May Call |
| Tricia Klsor(SP) | May Call |
| Wanda Hill, NP | May Call |
| Kim Cargor Warden | May Call |

Defendant Hallet's Witness List:

| Name | Will Call/ May Call |
|---|---|
| Scott Sedore | Will Call |
| Victoria Hallet | Will Call |
| Alinda Florek | Will Call |
| Sirenna Landfair | May Call |
| Alison W. Jones, Provider who assessed Plaintiff on June 16, 2021 | May Call |
| Wanda Hill, NP, Provider who assessed Plaintiff on May 24, 2021 | May Call |

MDOC Defendants' Witness List:

| Name | Will Call/ May Call |
|---|---|
| Alinda Florek | Will Call |
| Sirenna Landfair | Will Call |

| Scott Sedore | Will Call |
| --- | --- |
| Victoria Hallet | May Call |
| Brian Stricklin | May Call |
| Alison Jones | May Call |
| Mindy Hill | May Call |
| Robin Gilbert | May Call |
| Trever LeBarre | May Call |
| Nicholas Male | May Call |
| Kevin Francies | May Call |
| Shane Rennells | May Call |

**(9) Exhibits**

Plaintiff's Exhibits:

| Exhibit Number | Description | Objection |
| --- | --- | --- |
| 1 | MDOC Health Care Request to Dr. Victora Hallett dated 6/15/21 (PageId 34) | Hearsay, Foundation, Authentication |
| 2 | MDOC Lab Report for Scott Sedore Dated 5/19/2021 (PageId 35-26) | Hearsay, Foundation, Authentication, Relevance |
| 3 | MDOC Clinical Encounter dated 6/15/201 at 11:19 authored by Hallet, Victora DO (PageID 495-498) | Hearsay, Foundation, Authentication |
| 4 | MDOC Prisoner/Parolee Grievance Form Step 1 JCF2106 1026 28I (PageId 37-39) | Hearsay, Foundation, Authentication, Relevance |
| 5 | MDOC Grievance Rejection Letter dated 6/21/21 (PageID 40) | Hearsay, Foundation, Authentication, Relevance |
| 6 | MDOC Step II Grievance Response Letter dated 7/19/2021 (PageID 41) | Hearsay, Foundation, Authentication, Relevance |
| 7 | MDOC Prisoner/Parolee Grievance Appeal Form JCF2106 1026 28I (PageID 42) | Hearsay, Foundation, Authentication, Relevance |
| 8 | MDOC Kite Response dated 6/16/2021 Unknown author, (PageID 46) | Hearsay, Foundation, Authentication |
| 9 | MDOC Disbursement Authorization/Catalog Order form | Hearsay, Foundation, Authentication, Relevance |

|    |                                                                                                                                         |                                                       |
|----|-----------------------------------------------------------------------------------------------------------------------------------------|-------------------------------------------------------|
|    | dated 7/21/21 (PageID 43).                                                                                                              |                                                       |
| 10 | Drug Information Sheet for Lyrica (Pregaballin Capsules) (PageID 44-45)                                                                 | Hearsay, Foundation, Authentication                   |
| 11 | MDOC ROBERTA-R Referral authored by Jones, Alison W. on 6/17/2021 at 14:01. (PageID 47-49)                                              | Hearsay, Foundation, Authentication                   |
| 12 | MDOC Prisoner/Parolee Grievances Policy Number 03.02.130 Effective Date 03/18/2019 (PageID 130-137)                                     | Hearsay, Foundation, Authentication                   |
| 13 | MDOC Step III Grievance Report and Affidavit for Step III Grievances (PageID 139-195)                                                   | Hearsay, Foundation, Authentication, Relevance        |
| 14 | MDOC Step III Grievance Response Form dated 2/1/22 (PageID 195)                                                                         | Hearsay, Foundation, Authentication, Relevance        |
| 15 | MDOC Prisoner/Parolee Grievance Appeal Form Received OLA 10/1/2021 (PageID 196)                                                         | Hearsay, Foundation, Authentication, Relevance        |
| 16 | Affidavit of Defendant Sirena Landfair RN dated May 2, 2023 (PageID 413-416) (PageID 1023-1026)                                         | Hearsay and Relevance                                 |
| 17 | Amended Affidavit of Defendant Sirena Landfair RN dated August 2, 2023 (PageID 760-763)(PageID 1062-1066)                               | Hearsay and Relevance                                 |
| 18 | Affidavit of Defendants Alinda Floreck RN dated May 2, 2023 (PageID 418-421)                                                            | Hearsay and Relevance                                 |
| 19 | MDOC Clinical Encounter – Administrative Note by Florek, Alinda RN dated 6/16/21 15:04 (PageID 491-494)                                 | Hearsay, Foundation, Authentication                   |
| 20 | MDOC Clinic Encounter – Administrative Note authored by Hallet, Victora DO on 6/10/21 at 12:29 (PageID 495)                             | Hearsay, Foundation, Authentication                   |

9

| 21 | MDOC Device and Equipment for Scot Sedore (PageID 521-524) | Hearsay, Foundation, Authentication |
|---|---|---|
| 22 | MDOC Medication Administration Record Scott Sedore dated June 2021 (PageID 1011-12) | Hearsay, Foundation, Authentication, Relevance |
| 23 | MDOC Medication Administration Record Scott Sedore dated May 2021 (PageID 1019-1020) | Hearsay, Foundation, Authentication, Relevance |
| 24 | MDOC Clinic Encounter 6/16/21 at 13:09 by Florek, Alinda | Hearsay, Foundation, Authentication |
| 25 | MDOC Psychopharm Progress Note dated 5/24/21 by Hill, Wanda | Hearsay, Foundation, Authentication, Relevance |
| 26 | MDOC Mental Health Progress Note dated 3/15/21 at 14:35 by Jones, Allison W. | Hearsay, Foundation, Authentication, Relevance |
| 27 | MDOC Lab Report dated 12/20/21 by Provider Hallet, Victoria, Lab Test taken on 6/16/21. | Hearsay, Foundation, Authentication, Relevance |
| 28 | MDOC Clinical Encounter – Administrative Note by Florek, Alinda at 18:37 | Hearsay, Foundation, Authentication |
| 29 | MDOC Clinical Encounter - Administrative Note by Hallet Victora, DO 6/10/21 at 12:24 | Hearsay, Foundation, Authentication |
| 30 | MDOC Kite Response 6/16/21, Florek, Alinda 14:56 | Hearsay, Foundation, Authentication |
| 31 | MDOC Clinical Encounter – Administrative Note dated 6/16/21 at 14:58 | Hearsay, Foundation, Authentication |
| 32 | Photos of the Segregation Cell | Foundation, Authentication |
| 33 | Measurements of Cell | Foundation, Authentication |
| 34 | Photos of Plaintiff Wheelchair | Foundation, Authentication |
| 35 | Drive Medical Product Dimension of Plaintiff Wheelchair STD22ECDDA-SF | Hearsay, Foundation, Authentication |

| 36 | MDOC Policy on Suicidal and Self-Injurious Behavior PN 04.06.115 Effective date 9/01/2015 | Hearsay, Foundation, Authentication |

Defendant Hallet's Exhibits:

| Exhibit Letter | Description | Objection |
| --- | --- | --- |
| A. | Medical Record of June 15, 2021 Telephone Encounter with Defendant Hallet | Hearsay and Authentication |
| B. | Record of June 16, 2021 Kite Response; | Hearsay and Authentication |
| C. | Medical Record of June 16, 2021 Clinical Encounter with Defendant Florek; | Hearsay and Authentication |
| D. | Medical Record of Alison Jones' June 16, 2021 ROBERTA-R referral; | Hearsay and Authentication |
| E. | Medical Record of May 24, 2021 Psychopharm Progress Note; | Hearsay and Authentication |
| F. | June 23, 2021 Lab Report; | Hearsay and Authentication |
| G. | May 19, 2021 Lab Report; | Hearsay and Authentication |
| H. | Plaintiff's grievance JCF-2106-1026-28I, responses, and appeals; | Hearsay and Authentication |
| I. | Plaintiff's March 30, 2022 discovery responses; | Hearsay and Authentication |
| J. | Plaintiff's March 30, 2022 discovery responses; | Hearsay and Authentication |
| K. | Plaintiff's complete MDOC Grievance records | Relevance, Undue Prejudice/probative, Hearsay, Improper Character Evidence, Prior Bad Acts, Speculation/lack of |

|    |                                                                                    |                                                                                                                                                                                                                             |
|----|------------------------------------------------------------------------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |                                                                                    | personal knowledge, Authentication/lack of foundation                                                                                                                                                                       |
| L. | Plaintiff's compete medical records from July 1, 2019 to April 21, 2022            | Relevance, Undue Prejudice/probative, Hearsay, Improper Character Evidence, Prior Bad Acts, Speculation/lack of personal knowledge, Authentication/lack of foundation, Privacy and Confidentiality, Violation-Physician-Patient Privilege |
| M. | Plaintiff's complete MDOC institutional records from July 1, 2019 to March 22, 2022 | Relevance, Undue Prejudice/probative, Hearsay, Improper Character Evidence, Prior Bad Acts, Speculation/lack of personal knowledge, Authentication/lack of foundation                                                       |

MDOC Defendants' Exhibits:

| Exhibit Letter | Description | Objection |
|---|---|---|
| a. | Plaintiff's Complete Medical Record, June 2021 – December 2021 | Relevance, Undue Prejudice/probative, Hearsay, Improper Character Evidence, Prior Bad Acts, Speculation/lack of personal knowledge, Authentication/lack of foundation |
| b. | Plaintiff's Wheelchair Records | |
| c. | Plaintiff's Complete Grievance Record | Relevance, Undue Prejudice/probative, Hearsay, Improper Character Evidence, Prior Bad Acts, Speculation/lack of personal knowledge, Authentication/lack of foundation, Violation-Physician-Patient Privilege |
| d. | L-Unit Logbook | Relevance, Undue Prejudice/probative, Hearsay, Improper Character Evidence, Prior Bad Acts, Speculation/lack of personal knowledge, Authentication/lack of foundation |
| e. | PD 03.04.100 Health Services | |

| | | |
|---|---|---|
| f. | PD 04.06.180 Mental Health Services | Relevance, lack of personal knowledge |
| g. | PD 04.06.115 Suicidal and Self-Injurious Behavior | Relevance, lack of personal knowledge |
| h. | Photos of Relevant Holding Cage | |
| i. | Dimensions of Holding Cage | |

The parties with exchange and make exhibits consistent with the Courts Orders and chamber guidelines.

**(10) Damages**

**Plaintiff's asserted damages**
I. Compensatory Damages
    a. Plaintiff Scott Sedore seeks compensatory damages for the violation of his constitutional rights, the pain and suffering endured due to the Defendants' retaliatory actions, and the deprivation of his rights under the Americans with Disabilities Act (ADA) and the Rehabilitation Act.
II. Emotional and Psychological Distress
    a. Plaintiff suffered mental and emotional anguish due to being placed in segregation without cause, in direct retaliation for exercising his First Amendment rights.
    b. The unnecessary placement in segregation resulted in increased anxiety, distress, and emotional suffering, particularly as it caused a delay in his ability to file legal documents critical to his ongoing legal matters.
    c. The false accusations of self-harm and forced segregation caused Plaintiff humiliation and distress, reinforcing a punitive environment aimed at suppressing his grievances and legal actions.
III. Physical Pain and Suffering
    a. Plaintiff, a wheelchair user, was confined in a segregation cell that was too small to accommodate his disability, forcing him into unbearable and painful conditions for hours.
    b. Due to inadequate space, Plaintiff was unable to move freely, leading to severe discomfort, muscle strain, and exacerbation of his pre-existing medical conditions.

    c. The deliberate indifference to his physical limitations violated his rights under the ADA and Rehabilitation Act, causing unnecessary suffering due to the lack of reasonable accommodations.

IV. Denial of Access to Legal Proceedings
    a. As a direct result of Defendants' actions, Plaintiff was prevented from attending his scheduled law library appointment, delaying the filing of an important federal lawsuit by one week.
    b. This delay created legal disadvantages for Plaintiff and hindered his access to the courts, a fundamental constitutional right under the First Amendment.

V. Punitive Damages
    a. Plaintiff further seeks punitive damages against the individual Defendants, Sirenna Landfair and Alinda Florek, for their malicious and retaliatory conduct.
    b. Their actions were not merely negligent but intentional, undertaken with knowledge of Plaintiff's history of filing grievances and lawsuits.
    c. Defendants acted with deliberate indifference to Plaintiff's constitutional and statutory rights, punishing him for protected speech and legal activities.
    d. The reckless disregard for Plaintiff's suffering and rights warrants an award of punitive damages to deter future misconduct by correctional officials.

VI. Declaratory and Injunctive Relief
    a. A declaration that Defendants' actions violated Plaintiff's rights under the First Amendment, the ADA, and the Rehabilitation Act.
    b. An injunction requiring the Michigan Department of Corrections (MDOC) to implement policies ensuring proper accommodations for wheelchair-bound inmates, particularly when placed in segregation.

VII. Total Damages Sought
    a. Plaintiff requests the following:
        i. Compensatory Damages: $250,000 for physical pain, emotional distress, and constitutional violations.
        ii. Punitive Damages: $500,000 against individual Defendants for their retaliatory conduct.
        iii. Declaratory and Injunctive Relief: Policy changes to prevent similar violations against incarcerated individuals.
    b. Plaintiff reserves the right to adjust the requested damages based on further evidence, expert testimony, and legal proceedings.

**Defendant Hallet**

Defendant Hallet does not claim any damages in this matter.

There are no damages that can be calculated from objective data.

The amount of Plaintiff's damages are in dispute.

**MDOC Defendants**

The MDOC Defendants assert that they have caused no damages to Plaintiff, therefore, all asserted damages by Plaintiff are in dispute.

**(11) Trial**

    (A) Jury
    (B) Two Days

**(12) Settlement:** The parties, through counsel, conferred on February 27, 2025 and March 4, 2025, regarding settlement. This conference was held remotely by video. No agreement was reached. Settlement appears unlikely.

Approved and submitted by:

Date March 4, 2025    /s/ OG Reasons
                                    OG Reasons (P80463)
                                    Counsel for MDOC Defendants

                                    /s/Thomas Hackney
                                    Thomas Hackney (P81283)
                                    Counsel for Defendant Hallet

                                    /s/ Joshua S. Goodrich
                                    Joshua S. Goodrich, J.D., LL.M. (P83197)
                                    Counsel for Plaintiff

Date March 17, 2025    /s/Gershwin A. Drain
                                    Hon. Gershwin A. Drain
                                    United States District Judge