# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SCOTT SEDORE, #210661,

        Plaintiff,

v.

Landfair, et al.,

        Defendant.

Case No. 2:22-CV-10060

Honorable Gershwin A. Drain
United States District Judge

---

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM &
DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com


MI DEPT. OF ATTORNEY
GENERAL
OG Reasons (P80463)
Attorneys for the MDOC
Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

## <u>PLAINTIFF'S RESPONSE TO NON-PARTY KIM CARGOR'S MOTION TO QUASH SUBPOENA</u>

Plaintiff, by and through his attorney, Joshua S. Goodrich, J.D., LL.M. of Lighthouse Litigation PLLC, submits this response in opposition to Non-Party Kim Cargor's Motion to Quash Subpoena and states as follows:

## I. INTRODUCTION

Defendants and MDOC have not acted in good faith to ensure the efficient and fair administration of this trial. Despite Ms. Cargor's listing on Plaintiff's pretrial "may call" witness list, Defendants now seek to prevent her testimony based on claims of undue burden. However, this motion should be denied because:

- The subpoena was served within a reasonable timeframe under both Michigan Court **Rules and the Federal Rules of Civil Procedure (FRCP)**;
- The witness was on the pretrial order's witness list;
- Her testimony is relevant to MDOC's compliance with the ADA and prison policies;
- Plaintiff's counsel has made reasonable accommodations by offering to allow Ms. Cargor to testify remotely via Zoom if scheduling concerns exist and stated he would seek leave of the court to allow this; and

Additional evidence, including the affidavits of Brenda Simpson and Joshua Goodrich, further demonstrates that MDOC officials, including Defendant Sirenna Lanfair, have engaged in obstructive behavior, including denying access to Plaintiff's client, Michael Sedor, at G. Robert Cotton Correctional Facility.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 45(d)(3), a court may quash a subpoena if it (1) fails to allow a reasonable time to comply, (2) requires compliance beyond geographical limits, (3) requires disclosure of privileged or protected information, or (4) subjects a person to undue burden. Michigan Court Rules similarly guide the enforcement of subpoenas to balance fairness and procedural efficiency.

## III. ARGUMENT

### A. The Subpoena Was Served Within a Reasonable Timeframe

Contrary to Defendant's claim of unreasonably short notice Fed. R. Civ. P. 45 do not set a specific minimum timeframe for service of trial subpoenas. Courts routinely allow subpoenas served within a few days of trial, particularly when the witness was previously disclosed as a potential trial witness. Here, the subpoena was served on March 15, 2025, a full 72 hours before trial, which has been deemed reasonable in other federal cases.

While not binding on the court, the Michigan Court rules allow subpoena up to two days before appearance. Michigan Court Rule 2.506(C).

> "C) Notice to Witness of Required Attendance.
> (1) The signer of a subpoena must issue it for service on the witness sufficiently in advance of the trial or hearing to give the witness reasonable notice of the date and time the witness is to appear. Unless the court orders otherwise, the subpoena must be served at least **2 days before the appearance** or 14 days before the appearance when documents are requested." (Emphasis added) Rule 2.506 - Subpoena; Order to Attend, Mich. Ct. R. 2.506

The State Bar or Michigan and the Michigan Supreme Court developed rules governing the practice in Michigan Courts have found that it is reasonable for a non-party to have just 48 hours' notice to appear in a state court trial. The Local Rules for Civil Procedure have no rule on Subpoena time, unlike some other districts, and the Fed.R. Civ. P 45 is also silent on time. However, the State of Michigan Supreme Court has stated a time period it finds reasonable. The Attorney General Office and Michigan Department of Correction attempting to quash a Subpoena that was served with reasonable time as provided by the Michigan Supreme Court rules. But the Attorney General now says, that is not enough time, ignoring the clear direction of the Michigan Supreme Court saying it is. Here we have the left hand of the government not knowing what the right hand is doing.

### B. The Witness Was Properly Listed on Plaintiff's Pretrial Order

MDOC and its counsel were on notice that Ms. Cargor might be called to testify. She was included in Plaintiff's "may call" witness list, which was submitted in accordance with the Court's March 11, 2025, order. If Defendants had concerns regarding her availability due to FMLA leave, they had ample time to raise those concerns before trial, rather than attempting to obstruct trial proceedings at the last minute.

Moreover, MDOC's refusal to cooperate in ensuring an orderly trial

underscores a lack of good faith participation. Had MDOC wished to disclose Ms. Cargor's unavailability earlier, it could have done so in response to the pretrial witness disclosures. MDOC could have proffered another witness, and a discussion could occur. Instead, it seeks to exclude her testimony entirely—an effort that should not be condoned.  They filed this motion to quash just 24 hours before the start of trial.

**C. The Witness's Testimony is Relevant to the Trial**

Ms. Cargor's testimony pertains to MDOC policies, particularly ADA compliance, which is central to Plaintiff's claims. Her prior employment at MDOC and knowledge of relevant policies make her a necessary witness, regardless of whether she was at JCF during the incident. Her testimony will help establish how MDOC handles accommodations and policies that impact Plaintiff's rights under the ADA.  She can also testify to grievance are processed.

She is also on record of suing MDOC in public and in court filing of stating that "Cargor believes the discrimination stems from systemic cronyism within the department."  Her own personal experience with MDOC as she stated "systemic cronyism"[1] is also relevant.   Something that Plaintiff may need to call her to speak to if he can not get the answers out of other witness. If MDOC treats wardens so bad

---

[1] Department of Corrections deputy warden alleges age discrimination and cronyism, Fox47 News April , 2022 https://www.fox47news.com/neighborhoods/jackson-hillsdale/department-of-corrections-deputy-warden-alleges-age-discrimination-and-cronyism

via "systemic cronyism" wardens have very little reason to decide grievance in favor of inmates when they will be stopped from promotions in MDOC. This can cause the staff to ignore prisoner rights issue and deny them for the purpose of not rocking the boat. If the current warden has went on record and stated there is "systemic cronyism" in MDOC she issued litigation because of it, this is revealing to how grievance are processed against staff, when they violate an American citizens constitutional rights.

Moreover, the fact that Defendants are attempting to bar this testimony at the last moment suggests they are seeking to suppress evidence unfavorable to MDOC rather than ensuring trial efficiency.

## D. Plaintiff Has Offered Reasonable Accommodations for Ms. Cargor's Testimony

Plaintiff's counsel has offered Ms. Cargor the opportunity to testify remotely via Zoom if there are any concerns about her ability to appear in person. This accommodation negates any claim of undue burden, particularly given that remote testimony is widely accepted in federal court proceedings.

Additionally, when Ms. Cargor was served with the subpoena, she was operating a motor vehicle with no apparent difficulty, undermining any claim that she lacks the capacity to testify. If MDOC genuinely seeks reasonable accommodations for Ms. Cargor's participation, Plaintiff's counsel remains willing

to coordinate scheduling around her availability. MDOC has failed to propose any alternatives or work in good faith to facilitate testimony, reinforcing the perception that this motion is simply an attempt to obstruct trial proceedings.

**E. The case cited by MDOC to quash has to do with a untimely discovery subpoena, not appearance at trial.**

When we look at the case cited by MDOC in support of its motion, we must look to see if we are comparing apples to apples.  In this case we are comparing apples to durian.  In the case of ." Hillman Power Co., LLC v. On-Site Equip Maint., Inc., 672 F Supp 3d 379, 386 (E.D. Mich. 2023).  Counsel in that case issued a discovery subpoena three years after the discovery deadline had passed.  In fact the court stated:

> "Calling Defendant's years-late subpoenas untimely would be an understatement. "A subpoena that seeks documents under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order." Martin v. Oakland Cnty., No. 2:06-CV-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008) (collecting 10 cases). "[A] subpoena cannot be issued once discovery has closed." Id. at *2. Here, Defendant served the subpoenas on May 1, 2023—a whopping 1,078 days after discovery closed and a mere 3 days before trial." Hillman Power Co., LLC v. On-Site Equip. Maint., Inc., 672 F. Supp. 3d 379, 386 (E.D. Mich. 2023)

The subpoena issued to Warden Cargor is not requiring her to do anything other than appear and give testimony.  This was not a discovery subpoena this was not a deposition subpoena.   This was an order to appear at trial of a case she has

first hand knowledge of at the prison.

It seems very obstructions for the MDOC to file a motion to quash a duly authorized lawful subpoena for a person that has been on the Plaintiffs witness list since the court asked for one. MDOC appears to be wasting judicial resources in an effort to bog down appointed counsel before trial.

The case they cited was for a discovery subpoena issues years after discovery closed 3 days before trial. A search to see if the case has been cited for the same proposition of law show only 2 cases neither of them refer to the subpoena issue in the case.

MDOC uses the  Memorial Hospice, Inc. v. Norris, No. 2:08–CV–084–B–A, 2008 WL 4844758, at * 1 (N.D. Miss. Nov. 5, 2008) which again is another deposition case not to appear a trial.  This trial date has been set since October 2024, when Plaintiffs current counsel was appointed.  The Warden of the facility has had notice that this case has been docked for trial for some time.  In addition MDOC counsel was made aware of her on the witness list as a "may call" witness and provided no objection until 23 hours before the start of trial, and an hour before a settlement conference.

The U.S. v Philip Morris Inc. case again is another deposition case, where the attorney did not comply with the courts local rule and the required notice.

" Fed.R.Civ.P 45(b)(1) requires prior notice before issuing and signing document production subpoenas. No such prior notice was provided. The

> violation of Rule 45 by Koslowe, et al., is clear. LCvR 30.1 requires five business days' notice for a deposition. As earlier noted, only three business days' notice, or less, was given in this case. The violation of Local Rule 30.1 by Koslowe, et al., is clear. United States v. Philip Morris Inc., 312 F. Supp. 2d 27, 37 (D.D.C. 2004)

So again apples and durins, this is because local rules were not followed, nor the Federal Rules of Civ. Procedure.

## F. Additional Evidence Demonstrates a Pattern of Obstruction by MDOC Officials

Plaintiff has obtained sworn affidavits from Brenda Simpson and undersigned counsel detailing additional efforts by MDOC officials, including Defendant Sirenna Lanfair son, to obstruct legal proceedings. Specifically, the affidavits confirm that:

Defendant Lanfair son attempted to deny undersigned counsel Joshua Goodrich access to client Mr. Sedor at G. Robert Cotton Correctional Facility, interfering with attorney-client communications;

MDOC's conduct suggests an ongoing pattern of obstructing testimony and limiting access to key witnesses;

This pattern of behavior further supports Plaintiff's position that MDOC is not acting in good faith in seeking to quash Ms. Cargor's subpoena but is instead attempting to suppress relevant testimony because they know she would testify to abuses in the MDOC system.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny the motion to quash and order that Warden Cargor's testimony proceed as subpoenaed, either in person or via Zoom at a mutually agreeable time. Additionally, Plaintiff urges the Court to take into consideration the affidavits of Brenda Simpson and undersigned counsel, which demonstrate a broader pattern of obstruction by MDOC officials, including Defendant Sirenna Lanfair via her son.

Respectfully submitted,

Dated: March 17, 2025                       LIGHTHOUSE LITIGATION, PLLC

                                            By:/s/Joshua S. Goodrich
                                            Joshua S. Goodrich, J.D., LL.M.
                                            (P83197)
                                            Attorneys for Plaintiff
                                            5208 W. Saginaw Hwy.
                                            Lansing, MI 48917
                                            (269) 312-7435
                                            jsgoodrich@lighthouse-litigation.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 4, 2025, I filed this instant motion, electronically filed the above and foregoing PLAINTIFF'S RESPONSE TO NON-PARTY KIM CARGOR'S MOTION TO QUASH SUBPOENA Brief in Support with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.


By:/s/Joshua S. Goodrich
Joshua S. Goodrich, J.D., LL.M. (P83197)