# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE, #210661,

    Plaintiff,

v.

Landfair, et al.,

    Defendant.

Case No. 2:22-CV-10060

Honorable Gershwin A. Drain
United States District Judge

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

## **DECLARATION OF BRENDA L. SIMPSON**

I, Brenda L. Simpson, pursuant to 28 U.S.C. 1746, declare under the penalty of perjury under the United States of America the following is true and correct and

1

is based on my own personal knowledge:

1. I am over the age of eighteen (18), competent to testify, and make this declaration based on my personal knowledge.

2. I am a contract paralegal with Lighthouse Litigation PLLC and assist Attorney Joshua S. Goodrich, J.D., LL.M., in various legal matters, including his representation of Scott Sedore (MDOC No. 210661).

3. On the evening of Friday, March 14, 2025, at approximately 6:00 PM – 8:00 PM, I accompanied Attorney Goodrich to the G. Robert Cotton Correctional Facility as I attempted service of legal documents on Warden Cargo, Brian Stricklin, and other MDOC employees.

4. During that time, we spoke with Ms. Kimberly Napier, the Warden's Administrative Assistant and Litigation Coordinator.

5. I personally heard Ms. Napier confirm to Attorney Goodrich that his visit with Mr. Sedore was scheduled for Sunday, March 16, 2025, at 2:30 PM.

6. Ms. Napier also explicitly stated that if Attorney Goodrich needed additional time with Mr. Sedore, he could have more time because there were no other visits scheduled after his, that he didn't have to worry about the end time.

7. Ms. Napier later reiterated this statement to a Correctional Officer working at the front desk, confirming that Attorney Goodrich could extend his visit beyond the scheduled time if necessary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated March 16, 2025

*Brenda L. Simpson*
Brenda L. Simpson

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SEDORE, #210661,<br><br>    Plaintiff,<br><br>v.<br><br>Landfair, et al.,<br><br>    Defendant. | Case No. 2:22-CV-10060<br><br>Honorable Gershwin A. Drain<br>United States District Judge |

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

## DECLARATION OF JOSHUA S. GOODRICH, J.D, LL.M.

I, Joshua S. Goodrich, J.D., LL.M., pursuant to 28 U.S.C. 1746, declare under

the penalty of perjury under the United States of America the following is true and

1

correct and is based on my own personal knowledge:

   a. I am an attorney licensed to practice law in the State of Michigan and admitted to practice before this Court.

2. I submit this affidavit in support of a motion regarding the denial of access to my client, Scott Sedore (MDOC No. 210661).

3. I visited Mr. Sedore on January 10 and March 1, 2025, the visits never ended, even when they ran over the two-hour mark.

4. On March 14, 2025, at 12:25 PM, I sent an email to Ms. Kimberly Napier, the Warden's Administrative Assistant and Litigation Coordinator, requesting a visit with my client, Scott Sedore, for Sunday, March 16, 2025, in preparation for his settlement conference and upcoming trial. A copy of this email is attached as Exhibit A.

5. Ms. Napier responded at 12:31 PM, stating that Sunday morning visits were unavailable, but that afternoon visits were available from 2:30 PM to 4:30 PM. A copy of her response is attached as Exhibit B.

6. At 12:33 PM, I replied to Ms. Napier confirming my request for a Sunday visit from 2:30 PM to 4:30 PM. A copy of this email is attached as Exhibit C.

7. At approximately 1:36 PM, Ms. Napier confirmed my scheduled visit for Sunday, March 16, 2025.

8. Later that evening, on March 14, 2025, at approximately 6:30 PM - 7:30 PM,

2

my paralegal, Brenda Simpson, and I attempted service of legal documents on Warden Cargo, Brian Stricklin, and other MDOC employees.

9. During this attempt, I personally spoke with Ms. Napier, who again confirmed my scheduled visit with Mr. Sedore for March 16, 2025, at 2:30 PM. She further stated that if I needed additional time beyond the scheduled visit, I could take the time necessary, as there were no other visits scheduled afterward. This was witnessed by my paralegal Ms. Brenda L. Simpson.

10. On March 16, 2025, at 2:30 PM, I arrived at the G. Robert Cotton Correctional Facility for my scheduled visit. I was screened at the facility entrance, and my visit was confirmed by the front desk staff.

11. I checked in at the front desk, where the Correctional Officer on duty acknowledged my visit. While reviewing the system, they also noted an error—my birth year had been incorrectly entered as 1991 instead of 1981.

12. I was called into the man trap security screen station.

13. After passing security screening, I was directed to the visiting room, but my client, Scott Sedore, was not present.

14. I approached the Correctional Officer at the desk and inquired about Mr. Sedore's location. I provided my client's name and MDOC number and was informed that Mr. Sedore was not on the list for visits.

15. Upon further inquiry, I identified the officer as CO Landfair. I asked him if

3

his mother was a nurse (RN) who worked at the facility, to which he responded "maybe."

16. CO Landfair stated that he would call someone to resolve the issue. I asked where I should wait, and he directed me to the attorney-client meeting room.

17. While waiting, I drafted a handwritten preservation letter addressed to the Warden concerning this incident.

18. Eventually, I was allowed to meet with my client, Scott Sedore.

19. At approximately 5:00 PM, CO Landfair knocked on the door and informed me that it was 5:00 PM.

20. I responded, "So?" to which CO Landfair stated, "Your visit is over." I asked, "Are you kicking me out?" and he responded, "Yes."

21. I then handed CO Landfair the preservation letter that I had prepared.

22. Upon exiting the visiting area and proceeding through the screening area, I asked the officers present whether their body cameras were recording. They confirmed that their cameras were activated.

23. I objected to being forced to leave after I had been granted approval for a longer visit time with Ms. Napier, before completing my preparation for Mr. Sedore's settlement conference and trial, which were scheduled to take place within the next 24 to 48 hours, respectively. I also stated that Ms. Napier had previously informed me that I could take additional time if needed.

4

24. I affirm that the above statements are true and correct to the best of my knowledge and belief.

Respectfully submitted, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated March 16, 2025

*Joshua S. Goodrich*
_____
Joshua S. Goodrich, J.D., LL.M. (P83197)

5