UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT SEDORE,

          Plaintiff,

v.

          Case No.: 2:22-cv-10060
          Hon. Gershwin A. Drain

SIRENNA LANDFAIR, *et al.*,

          Defendants.
_____/

## ORDER GRANTING NON-PARTY KIM CARGOR'S MOTION TO QUASH SUBPOENA [#158]

### I.    INTRODUCTION

On March 15, 2025, Plaintiff's counsel served a non-party subpoena on Kim Cargor, the Warden of G. Robert Cotton Correctional Facility (JCF), commanding her appearance at trial on March 19, 2025. On March 17, 2025, Ms. Cargor filed a Motion to Quash Subpoena. On March 17, 2025, Plaintiff Scott Sedore filed his Response opposing Ms. Cargor's Motion to Quash. Trial in this matter commenced on March 18, 2025. For the reasons that follow, the Court grants Non-Party Kim Cargor's Motion to Quash Subpoena.

1

## II. LAW & ANALYSIS

Trial courts must quash or modify a subpoena upon timely motion when the subpoena (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond the geographical limits specified in Rule 45(c), (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies, (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3).

As an initial matter, the Court notes that Plaintiff listed Ms. Cargor as a "may call" witness on the parties' Joint Final Pretrial Order. Thus, standing alone, the fact that Plaintiff failed to list Ms. Cargor on his witness synopsis list does not preclude him from introducing her testimony at trial.

Ms. Cargor first asserts that Plaintiff's subpoena is untimely. In *Hillman Power Co., LLC v. On-Site Equip Maint., Inc.*, 672 F.Supp. 3d 379 (E.D. Mich. 2023), the plaintiff sought to quash Rule 45 subpoenas–served three days before trial–seeking the production of documents. *Id.* at 385-86. The *Hillman Power* court quashed the subpoenas, among other reasons, for untimeliness because the subpoenas "were issued

three days before trial, which is not a reasonable time to comply with them." *Id.* at 386.

Plaintiff responds that service of a subpoena for appearance at trial 3 days before the start of the trial is reasonable. In support, Plaintiff relies on the non-binding Michigan Court rules, which allow a subpoena to be served 2 days prior to the appearance date. *See* Mich. Ct. R. 2.506(C). Plaintiff argues that *Hillman Power* is distinguishable from the present case because the *Hillman Power* defendant sought document production, rather than a witness's appearance at trial. Here, Plaintiff does not seek production of documents, but only Ms. Cargor's appearance at trial.

Ms. Cargor further argues that the subpoena imposes an undue burden on her because she is currently on FMLA leave and has numerous medical appointments scheduled during the week of trial. Plaintiff responds that Ms. Cargor can testify via Zoom if she is unable to travel to Detroit in light of her scheduled medical appointments. "The Sixth Circuit has held that [u]ndue burden is to be assessed in a case-specific manner." *Gillispie v. City of Mia. Twp.*, No. 3:13-cv-416, 2022 U.S. Dist. LEXIS 203000 (S.D. Ohio Nov. 7, 2022) (internal

3

quotation marks omitted) (quoting *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018)). Relevance, the status of the person who has been subpoenaed (e.g., non-party), and that person's claimed lack of personal knowledge are factors to consider. *Id.*

Finally, Ms. Cargor argues that her anticipated testimony is not relevant to the Plaintiff's claims. Ms. Cargor did not work at JCF in June of 2021 when the incident giving rise to this action occurred. Moreover, Ms. Cargor asserts Plaintiff seeks to elicit testimony concerning a lawsuit filed by Ms. Cargor against the MDOC, which has no relevance to this case.

Plaintiff responds that Ms. Cargor's testimony is relevant because she can testify about MDOC policies, particularly ADA compliance, which is central to Plaintiff's claims. Plaintiff claims Ms. Cargor's testimony will help establish how MDOC handles accommodations and policies that impact Plaintiff's rights under the ADA. Plaintiff further asserts that Ms. Cargor sued the MDOC previously and in a court hearing she stated her belief that "the discrimination stems from systemic cronyism within the department." Plaintiff asserts that this systemic cronyism gives wardens little reason to decide a grievance in

favor of inmates when they will be stopped from promotions at the MDOC.

In this case, Ms. Cargor has no personal knowledge of the events giving rise to this action. Moreover, much of her anticipated testimony is not relevant to Plaintiff's claims, particularly testimony concerning an unrelated lawsuit filed against the MDOC. Plaintiff asserts that Ms. Cargor will testify about MDOC policy, particularly ADA compliance. However, Plaintiff has also listed Mindy Hill and Robin Gilbert as witnesses whose anticipated testimony includes ADA accommodations at JCF and MDOC ADA accommodations generally. *See* ECF No. 145, PageID.629. As such, Ms. Cargor's testimony is cumulative of other witness testimony.

Given the cumulative nature of the only relevant testimony Ms. Cargor is personally knowledgeable to give, as well as the short time frame she was provided to comply with the subpoena (3 days before trial/1 business day before trial), and her non-party status all support Ms. Cargor's position that the subpoena subjects her to an undue burden. *See Gillispie,* 2022 U.S. Dist. LEXIS 203000, at *7 (quashing non-party subpoena to appear for trial because it was served 2 business

days prior to the start of trial and sought testimony that was irrelevant to the remaining claims, among other reasons).

## III.  CONCLUSION

Accordingly, for the reasons stated above, Non-Party Kim Cargor's Motion to Quash Subpoena [#158] is GRANTED.

SO ORDERED.

Dated:  March 19, 2025                                         /s/Gershwin A. Drain
                                                                                GERSHWIN A. DRAIN
                                                                                United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 19, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager