# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SEDORE, #210661,<br><br>    Plaintiff,<br><br>v.<br><br>Landfair, et al.,<br><br>    Defendant. | Case No. 2:22-CV-10060<br><br>Honorable Gershwin A. Drain<br>United States District Judge |

| | |
|---|---|
| LIGHTHOUSE LITIGATION, PLLC<br>Joshua S. Goodrich, J.D., LL.M.(P83197)<br>Attorneys for Plaintiff<br>5208 W. Saginaw Hwy, 81142<br>Lansing, MI 48917<br>(269) 312-7435<br>jsgoodrich@lighthouse-litigation.com | HACKNEY ODLUM & DARDAS<br>Thomas G. Hackney (P81283)<br>Connor A. McLaughlin (P83229)<br>*Attorneys for Victoria Hallet, DO*<br>10850 E. Traverse Hwy, Ste 4440<br>Traverse City, MI 49684<br>(231) 642-5026<br>thackney@hodlawyers.com<br>cmclaughlin@hodlawyers.com<br><br>MI DEPT. OF ATTORNEY GENERAL<br>OG Reasons (P80463)<br>Attorneys for the MDOC Defendants<br>PO Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>reasonso@michigan.gov |

1

## PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF TRIAL TIME LIMITS

## EXPEDITED CONSIDERATION REQUESTED

Plaintiff, moves this court to adjust the trial time limits in effect on the ongoing trial. Concurrence in the motion was sought via email Defendant Hallet objected to any change in the time allotted. Counsel for Defendant did not respond to email or phone call placed to him and the writing of this motion.

Respectfully Submitted,

Dated: March 19, 2025,  By:/s/Joshua S. Goodrich
Joshua S. Goodrich, J.D., LL.M. (P83197)
LIGHTHOUSE LITIGATION, PLLC
Attorneys for Plaintiff
5208 W. Saginaw Hwy.
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SEDORE, #210661,<br><br>    Plaintiff,<br><br>v.<br><br>Landfair, et al.,<br><br>    Defendant. | Case No. 2:22-CV-10060<br><br>Honorable Gershwin A. Drain<br>United States District Judge |

LIGHTHOUSE LITIGATION, PLLC
Joshua S. Goodrich, J.D., LL.M.(P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy, 81142
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

HACKNEY ODLUM & DARDAS
Thomas G. Hackney (P81283)
Connor A. McLaughlin (P83229)
*Attorneys for Victoria Hallet, DO*
10850 E. Traverse Hwy, Ste 4440
Traverse City, MI 49684
(231) 642-5026
thackney@hodlawyers.com
cmclaughlin@hodlawyers.com

MI DEPT. OF ATTORNEY GENERAL
OG Reasons (P80463)
Attorneys for the MDOC Defendants
PO Box 30217
Lansing, MI 48909
(517) 335-3055
reasonso@michigan.gov

3

# BRIEF IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF TRIAL TIME LIMITS

# EXPEDITED CONSIDERATION REQUESTED

## CONCISE STATEMENT OF ISSUES PRESENTED

1. The issue presented is whether the Court's trial time allocation, which grants Plaintiff only 5 hours to present his cases while allowing Defendants 10 hours collectively, constitutes a fundamentally unfair and prejudicial limitation that hinders Plaintiff's ability to meet his burden of proof. Given that Plaintiff received less than 24 hours' notice of these restrictions and must now cut essential witnesses and evidence, the court must determine whether to adjust the time limits to ensure fairness by reallocating time for the Defendants or grand plaintiff additional hours.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

## STATEMENT OF FACTS

Plaintiff, Scott Sedore, filed this action against multiple Defendants, including MDOC officials and Dr. Victoria Hallett, asserting claims related to their alleged conduct. As trial commenced in the U.S. District Court for the Eastern District of Michigan, the Court imposed strict time limitations, allocating Plaintiff only 5 hours to present his case while granting Defendants a combined 10 hours, divided equally between the MDOC Defendants and Dr. Hallett. This allocation effectively provided Defendants twice the amount of trial time available to Plaintiff, despite Plaintiff carrying the burden of proof. Plaintiff was notified of these limitations via email on March 17, 2025, at 10:15 AM, just 22 hours and 15 minutes before trial. Plaintiff's counsel promptly responded within 43 minutes.

## ARGUMENT

**I. INTRODUCTION**

The Court imposed trial time limits that provide Plaintiff only five (5) hours to present his case while granting Defendants a total of ten (10) hours to cross-examine Plaintiff's witnesses, present their own witnesses, and argue their defenses. The breakdown is as follows:

- Plaintiff: 5 hours

- Defendants (MDOC, Florek, Landfair): 5 hours

- Defendant Dr. Hallett: 5 hours

This lopsided time allocation is fundamentally unfair and prejudicial to Plaintiff, who carries the burden of proof in this case. It effectively allows Defendants twice the time to challenge Plaintiff's case while significantly limiting Plaintiff's ability to present essential evidence, enter exhibits into the record, and conduct necessary witness examinations.

This time disparity is inconsistent with well-established principles of due process and fairness in civil trials. Plaintiff respectfully feels the court should have granted Plaintiff equal trial time to all Defendants of ten (10) hours to match the defendants. However, as a jury has been empaneled and we have time limits to finish by Friday, March 21, 2025.

The plaintiff requests that the following be done.

- Remove 1.25 hours from both Defendant's time,
    - Reducing each Defendant's time to 3.75 hours
    - Providing the Defendants a total time of 7.5
- Shift the 2.5 hours to the Plaintiff
    - Providing the Plaintiff 7.5 hours

This solution allows the Plaintiff to have equal time as the Defendant. If the Court declines to grant additional time; Plaintiff will be forced to cut essential witnesses from his case-in-chief, impairing his ability to fully present evidence and prove his claims.

## II. LEGAL STANDARD

The Supreme Court and federal courts have long held that trial courts must ensure procedural fairness and avoid arbitrary restrictions that impede a party's ability to present their case. However, there is no question that [a] "district court has broad discretion to place limits on the presentation of evidence to prevent delay, waste of time, and needless presentation of cumulative evidence." Sutkiewicz v. Monroe Cnty. Sheriff, 110 F.3d 352, 361 (6th Cir. 1997)

**Due Process Requires a Fair Opportunity to Present Evidence**

In looking at if the parties had a fair opportunity to present their case, we must look at when they were told about the time limits. Here, the parties were sent an email about the time limits on Monday, March 17, 2025, at 10:15 AM. The plaintiff's counsel saw the email and responded at 10:58 the same day. The court only provided 22 hours and 15 minutes notice on the time limit. Plaintiff's counsel only had 21 hours and 32 minutes of notice.

This court stated in its Order Granting Non-Party Kim Cargor's Motion to Quash Subpoena [#158] "the short time frame she was provided to comply with the subpoena [] subjects her to an undue burden." (3 days before trial/1 business day before trial),"(Order, ECF No. ECF 162, PageID 1887). Yet the court asks the parties to limits the time to present and prove their case with just 22 hours and 15 minutes notice.

"[I] n light of decision to be made, to capacities and circumstances of those

8

who are to be heard, to insure that they are given meaningful opportunity to present their case. Mathews v. Eldridge, U.S.Va.1976, 96 S.Ct. 893, 424 U.S. 319, 47 L.Ed.2d 18."The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U. S. 545, 380 U. S. 552 (1965). See Grannis v. Ordean, 234 U. S. 385, 234 U. S. 394 (1914).Mathews v. Eldridge, 424 U.S. 319, 333 (1976)

### Equal Trial Time is Not Always Fair – Plaintiffs Require More Time

A study conducted by the National Center for State Courts (NCSC) found that **plaintiffs typically require twice the time as defendants to present their case**. See Nora Freeman Engstrom, The Trouble with Trial Time Limits, 106 Geo. L.J. 933, 973 (2018)

The study analyzed 1,500 civil and criminal trials and found that plaintiffs historically take far longer to present evidence than defendants. In motor vehicle torts, for example:

- Plaintiffs' evidence took 10 hours, 54 minutes.
- Defendants' evidence took only 5 hours, 36 minutes.

The study concluded that equal time limits actually create an imbalance because defendants primarily engage in cross-examination and rebuttal, whereas plaintiffs must present foundational evidence to meet their burden of proof.

"As Judge Richard Posner noted while affirming the judgment in McKnight

9

v. General Motors: "[T]o impose arbitrary limitations, enforce them inflexibly, and by these means turn a federal trial into a relay race is to sacrifice too much of one good—accuracy of factual determination—to obtain another—minimization of the time and expense of litigation." Id.

**Time Limits That Disproportionately Harm One Party are Reversible Error**

In Ross v. Parrot's Landing, Inc., No. 21-1774, 2022 WL 7367263, at 1 (6th Cir. Oct. 13, 2022), the Sixth Circuit recognized that trial courts must avoid arbitrary time restrictions that prevent parties from fully developing their case.

In sum, Plaintiff requires more trial time not as a strategic advantage, but as a necessity due to his burden of proof. Providing Defendants double the time undermines the fairness of the trial.

### III. UNFAIR PREJUDICE TO PLAINTIFF

The current trial time allocation severely prejudices Plaintiff, as evidenced by the following:

- Plaintiff has only 2 hours left but still has three critical witnesses to call.
- Plaintiff is unable to introduce key exhibits without sufficient direct examination of witnesses who authenticated them.
- Plaintiff must now cut two key witnesses, Defendants Landfair, and Florek, from the direct examination—which deprives the jury of crucial testimony about their conduct.

- Plaintiff planned to spend the following time on each of the witnesses
    - Florek (30-40 minutes) (10 minutes on redirect)
    - Landfair (30-40 minutes) (10 minutes on redirect)

10

- Plaintiff (50 minutes) (20 minutes on redirect)
- Closing (20 minutes)
- Cross-examination of witness unknown.

Plaintiff estimates presentation of the case would take 230 minutes to finish fully presenting his case, not including cross-examation of witness called by the defendants. This is about 110 minutes over the current time

Meanwhile, Defendants have twice the time to attack Plaintiff's case, cross-examine witnesses, and argue their defenses. This imbalance completely shifts the trial dynamics in Defendants' favor and denies Plaintiff a fair trial.

## IV. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court immediately reconsider its ruling on trial time limits and:

The plaintiff requests that the court reallocate time as follows:

- Remove 1.25 hours from both Defendant's time,
    - Reducing each Defendant's time to 3.75 hours
- Providing the Defendants a total time of 7.5
    - Shift the 2.5 hours to the Plaintiff
- Providing the Plaintiff 7.5 hours

Alternatively, if the court is unwilling to adjust time by removing time for the defendant, the court should grant the plaintiff an additional two and half hours.

Dated: March 19, 2025,         LIGHTHOUSE LITIGATION, PLLC

By:/s/Joshua S. Goodrich
Joshua S. Goodrich, J.D., LL.M. (P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy.
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1, 2025, I filed this instant motion, electronically filed the above and foregoing PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF TRIAL TIME LIMITS EXPEDITED CONSIDERATION REQUESTED with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

By:/s/Joshua S. Goodrich
Joshua S. Goodrich, J.D., LL.M. (P83197)
Attorneys for Plaintiff
5208 W. Saginaw Hwy.
Lansing, MI 48917
(269) 312-7435
jsgoodrich@lighthouse-litigation.com